John M. Begakis, Esq. (SBN 278681)
john@altviewlawgroup.com
**ALTVIEW LAW GROUP, LLP**
12100 Wilshire Blvd., Suite 800
Los Angeles, California 90025
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Defendants* CINTAS ACUARIO, INC., a California corporation, and AYANA MUSICAL, INC., a California corporation

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNI RIVERA ENTERPRISES, LLC, a California limited liability company; and JAQUELIN CAMPOS, an individual, in her capacity as executrix of the ESTATE OF DOLORES J. RIVERA, the successor-in-interest to the rights of Dolores J. Rivera, professionally known as Jenni Rivera,<br><br>         Plaintiff,<br><br>    v.<br><br>CINTAS ACUARIO, INC., a California corporation; AYANA MUSICAL, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>         Defendant. | CASE NO: 2:23-cv-07847-SB-JC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JOHN BEGAKIS IN SUPPOR THEREOF**<br><br>**Hearing**<br>Date: December 1, 2023<br>Time: 8:30 a.m.<br>Courtroom: 6C<br><br>Action Filed: September 20, 2023<br>Trial Date: Not Set |

DEFENDANTS' MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 1, 2023[1] at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Stanley Blumenfeld, Jr., located in Courtroom 6C of the First Street Courthouse, located at 350 West 1st Street, Los Angeles, CA 90012, Defendants CINTAS ACUARIO, a California corporation ("Cintas") and AYANA MUSICAL, INC., a California corporation ("Ayana") (collectively, "Defendants"), will move for dismissal of the Complaint filed on September 20, 2023 by Plaintiffs JENNI RIVERA ENTERPRISES, LLC, a California limited liability company ("JRE"), and JAQUELIN CAMPOS, an individual ("Campos"), in her capacity as executrix of the ESTATE OF DOLORES J. RIVERA (the "Estate"), the successor-in-interest to the rights of Dolores J. Rivera, professionally known as Jenni Rivera (collectively, "Plaintiffs"), pursuant Federal Rule of Civil Procedure ("FRCP") 12(b)(6) (the "Motion")

The Motion is made on the following grounds:

1.  Each and every Cause of Action in Plaintiffs' Complaint is barred by the express language of the three Recording Agreements attached to Plaintiffs' own Complaint as Exhibits "A" through "C";

2.  Each and every Cause of Action in Plaintiffs' Complaint is barred by all applicable Statutes of Limitations;

3.  Plaintiffs' Sixth Cause of Action for Fraudulent Concealment fails because it has not been pled with requisite specificity;

4.  Plaintiffs' Seventh Cause of Action for Conversion fails because it is pre-empted by the Copyright Act; and

///

---

1 On November 14, 2023, Defendants' counsel begins a jury trial projected to last eight (8) days, in the matter entitled *Maricela Vallejo de Sanchez v. Pedro Rivera, et al* (and bearing Case No. 2:22-cv-06795), and the Court is closed on the next available hearing date of November 24, 2023. Accordingly, the earliest available hearing date for which Defendants' counsel can be available for oral argument is December 1, 2023.

1        5.      Plaintiffs' Eighth Cause of Action for "Improper Recipient" fails

2               because it is not a cognizable cause of action.

3        The Motion is made following the conference of counsel pursuant to Local

4  Rule 7-3. *See* Declaration of John Begakis ("Begakis Decl.") at ¶¶ 2-4; Exhibit "A"

5  thereto.

6        The Motion is based on this Notice of Motion, the Memorandum of Points

7  and Authorities and Declaration of John Begakis filed herewith, all pleadings, files

8  and records in these proceedings, all matters of which the Court may take judicial

9  notice, and any argument or evidence that may be presented to or considered by the

10  Court prior to its ruling hereon.

11  DATED:  October 19, 2023        **ALTVIEW LAW GROUP, LLP**

12

13                                  By: _____

14                                    JOHN M. BEGAKIS

                                  *Attorneys for Defendants*

15                                    CINTAS ACUARIO, INC., a California

                                  corporation; and AYANA MUSIC, INC., a

16                                    California corporation

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................. 1

II.   RELEVANT FACTS ............................................................................. 1

III.  LEGAL STANDARD ........................................................................... 3

IV.   ARGUMENT ........................................................................................ 4

      A.   Each And Every One Of Plaintiffs' Claims Are Barred Because
           They Are Contradicted By Exhibits "A"-"C" To The Complaint .......... 4

      B.   Each And Every One Of Plaintiffs' Claims Are Barred By All
           Applicable Statutes Of Limitation ....................................................... 5

           1.   Copyright Infringement ................................................................ 5

           2.   Violation of Section 43(a) of the Lanham Act, 15 U.S.C. §
                1114 ........................................................................................... 6

           3.   Breach of Contract ...................................................................... 6

           4.   Violation of California Business and Professions Code §
                17200 ......................................................................................... 7

           5.   Violation of California Civil Code § 3344 ................................... 7

           6.   Fraudulent Concealment .............................................................. 7

           7.   Conversion ................................................................................. 8

           8.   Improper Recipient ..................................................................... 8

      C.   Plaintiffs' Sixth Cause Of Action For Fraudulent Concealment
           Fails Because It Has Not Been Pled With The Requisite
           Specificity ........................................................................................... 9

      D.   Plaintiffs' Seventh Cause Of Action For Conversion Fails
           Because It Is Preempted By The Copyright Act ................................. 10

      E.   Plaintiffs' Eighth Cause Of Action For "Improper Recipient"
           Fails Because It is Not A Cognizable Cause Of Action ...................... 11

V.    LEAVE TO AMEND SHALL NOT BE GRANTED ..................................... 11

VI.   CONCLUSION ...................................................................................... 12

MOTION TO DISMISS

# TABLE OF AUTHORITIES

## CASES

*389 Orange Street Partners v. Arnold*, 179 F.3d 656 (9th Cir. 1999) ..................... 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................... 3

*Ashcroft*, 556 U.S. at 678 ...................................................................... 4

*Baker v. Beech Aircraft Corp.*, 39 Cal.App.3d 315 (1974)......................... 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................... 3

*Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042 (9th Cir. 2000) ................ 7

*Christoff v. Nestle USA, Inc.*, 47 Cal.4th 468 (2009)................................. 7

*Coto Settlement v. Eisenberg*, 593 F.3d 1031 (9th Cir. 2010) ..................... 4

*Dallas & Lashmi, Inc. v. 7-Eleven, Inc.*, 112 F.Supp.3d 1048 (C.D. Cal. 2015) ....................................................................... 11

*Deirmenjian v. Deutsche Bank, A.G.*, No. CV 06-00774 MMM CWX, 2006 WL 4749756 (C.D. Cal. Sept. 25, 2006) ....................................... 9

*ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023 (9th Cir. 2016) ..................... 9

*Estate of Fuller v. Maxfield & Oberton Holdings, LLC*, 906 F.Supp.2d 997 (N.D. Cal. 2012)........................................................................ 7

*In re ConAgra Foods Inc.*, 908 F.Supp.2d 1090 (C.D. Cal. 2012) ........................ 11

*In re Toyota Motor Corp.*, 754 F.Supp.2d 1145 (C.D. Cal. 2010) ........................ 5

*Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146 (9th Cir. 2010) ................................................................................. 10

*Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997) ...................................... 9

*Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir. 1998) ..................... 10

*Miller v. Glenn Miller Prods.*, 318 F.Supp.2d 923, (C.D. Cal. 2004) ................. 6, 7

*Murphy v. Am. Gen. Life Ins. Co.*, 74 F.Supp.3d 1267 (C.D. Cal. 2015) ................ 8

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ..................... 4

*Suckow Borax Mines Consolidated v. Borax Consolidated*, 185 F.2d 196 (9th Cir. 1951)........................................................................ 5

*Thompson v. Illinois Dep't of Pro. Regul.*, 300 F.3d 750 (7th Cir. 2002) ............... 4

*U.S. v. Corinthian Colleges* 655 F.3d 984 (9th Cir. 2011) ........................... 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ................................. 9

**<u>STATUTES</u>**

15 U.S.C. § 1114 ................................................................................................... 6

17 U.S.C. § 102 ................................................................................................... 10

17 U.S.C. § 103 ................................................................................................... 10

17 U.S.C. § 301 ................................................................................................... 10

17 U.S.C. § 507(b) ................................................................................................ 5

California Business and Professions Code § 17200 ................................................ 7

California Civil Code § 3344 ................................................................................... 7

CCP § 337 ............................................................................................................. 6

CCP § 338 ............................................................................................................. 8

CCP § 338(d) ........................................................................................................ 7

CCP § 343 ......................................................................................................... 6, 7

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants CINTAS ACUARIO, INC., a California corporation ("Cintas"), and AYANA MUSICL, INC., a California corporation ("Ayana") (collectively, "Defendants"), hereby move to dismiss the Complaint filed on September 20, 2023 by Plaintiffs JENNI RIVERA ENTERPRISES, LLC, a California limited liability company ("JRE"), and JAQUELIN CAMPOS, an individual ("Campos"), in her capacity as executrix of the ESTATE OF DOLORES J. RIVERA (the "Estate"), the successor-in-interest to the rights of Dolores J. Rivera, professionally known as Jenni Rivera (collectively, "Plaintiffs"), pursuant Federal Rule of Civil Procedure ("FRCP") 12(b)(6) (the "Motion").

## I. INTRODUCTION

Plaintiffs contend in the first paragraph of their Complaint that "this matter provides a perfect illustration of the significant and lasting impact that money, power and greed can have on a family." Compl. at ¶ 1. Yet, it is *Plaintiffs* who are bringing suit *against their own family* more than ten years after the tragic death of acclaimed singer/songwriter Dolores Janney Rivera Saavedra p/k/a Jenni Rivera. Notwithstanding such delay, in violation of all applicable statutes of limitations, Jenni Rivera's own contracts with Defendants, which Plaintiffs attach as Exhibits "A" through "C", *expressly foreclose* any ability for Plaintiffs to bring suit.

This Motion therefore necessarily results.

## II. RELEVANT FACTS

Defendant Cintas is a Latin music record label that has recorded and distributed the musical hits of many famous Latin music artists, including the popular singer and songwriter Jenni Rivera. *See* Compl. at ¶ 2. Defendant Ayana is also a Latin music record label. *Id*. Pedro Rivera, who is the father of the late Jenni Rivera, owns Cintas and Ayana. *Id*.

///

///

Plaintiff Campos is the granddaughter of Pedro Rivera, and the daughter of Jenni Rivera. *Id*. at ¶ 3. Campos is also the executrix of the Estate, which is the successor-in-interest to Jenni Rivera's rights following her untimely and tragic passing on December 9, 2012. *Id.* at ¶¶ 2-3. Plaintiff JRE is a corporate entity wholly owned and controlled by the Estate, to administer the rights of Jenni Rivera on the Estate's behalf. *Id.* at ¶ 9.

During her lifetime, Jenni Rivera executed recording agreements with Cintas on or about April 15, 1993 (the "1993 Agreement"), September 1, 1995 (the "1995 Agreement"), and April 21, 1996 (the "1996 Agreement"), respectively. *Id*. at ¶¶ 32, 48, 57; Exhibits "A"-"C" thereto. Under each Agreement, Cintas paid Jenni Rivera to exclusively record multiple albums, each containing multiple sound recordings, for Cintas (collectively, the "Works"). Exhibits "A"-"C" to Compl. Jenni Rivera also granted Cintas the "perpetual right" to exploit her name, image and likeness ("NIL") rights "for the purpose of advertising, promoting, selling, and otherwise merchandising records" as well as to promote Cintas' business generally. *See id*.

Under all three Agreements, Cintas agreed to maintain books of account "concerning the sale, distribution, and exploitation of records" and to remit quarterly royalty statements. *See id*. However, in Section 4(f) of the 1993 Agreement, the parties also agreed that "**[a]ny objection**…to any royalty statement **shall be deemed waived** unless it is transmitted" "within 8 weeks from the date of the statement." Ex. "A" to Compl. (emphasis added). Further, in Section 4(e) of the 1995 and 1996 Agreements, the parties agreed that "**[n]o action, suit, or proceeding**…in respect of any royalty statement…**may be**… **commenced**…**within one (1) year after** the date rendered." Ex. "B"-"C" to Compl. (emphasis added).

All three Agreements (i.e., Section 14 of the 1993 Agreement and Section 18 of the 1995 and 1996 Agreements) also required that notice of any alleged breach, together with the opportunity to cure, be provided to the allegedly breaching party. Ex. "A"-"C" to Compl. Further, Section 20 of the 1995 and 1996 Agreements set

forth that "**[n]o termination** of [the] agreement…**shall in any way limit** or curtail any of **[Cintas]'s rights**, title, interest, or privilege **to or in connection with any of the results and proceeds** of [Jenni]'s endeavors **under [the] agreement**." Exs. "B"-"C" to Compl. (emphasis added).

Despite these contractual limitations precluding suit on any claim to unpaid royalties, Plaintiffs have commenced this lawsuit more than ten years after Jenni Rivera's passing. The Complaint sets forth Causes of Action for (1) Copyright Infringement; (2) Violation of Section 43(a) of the Lanham Act; (3) Breach of Contract; (4) Violation of § 17200 of the California Business and Professions Code; (5) Violation of California Civil Code § 3344; (6) Fraudulent Concealment; (7) Conversion; and (8) Improper Recipient. But all of these claims are fundamentally premised on the argument that any rights in the Works and/or NIL rights that Defendants possessed by way of the Agreements were rescinded upon Defendants' alleged breach of the Agreements resulting from their alleged failure to pay royalties. *See* Compl. at ¶¶ 3, 43, 55, 64.

Accordingly, this Motion to Dismiss necessarily results.

## III.   <u>LEGAL STANDARD</u>

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the claims in a complaint. Under Federal Rules of Civil Procedure ("FRCP") § 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." To survive a 12(b)(6) motion, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A claim for relief is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, a "formulaic recitation of the elements of a cause of action" is not enough to show plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And while the court must take all factual

3

MOTION TO DISMISS

allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678 (requiring "more than just a sheer possibility that the defendant acted unlawfully…").

## IV.   ARGUMENT

### A.   Each And Every One Of Plaintiffs' Claims Are Barred Because They Are Contradicted By Exhibits "A"-"C" To The Complaint

Although a motion to dismiss does not consider outside facts, the Court's inquiry is not limited to the relevant pleadings. Courts may consider materials incorporated by reference into the complaint where the complaint "necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). In fact, **a plaintiff can plead itself out of court** where the allegations are contradicted by the undisputed facts found in any exhibit thereto. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-989 (9th Cir. 2001); *see also Thompson v. Illinois Dep't of Pro. Regul.*, 300 F.3d 750, 754 (7th Cir. 2002) (It is a "well settled rule that when a written instrument contradicts allegations in a complaint to which it is attached, *the exhibit trumps the allegations*.") (emphasis in original).

Plaintiffs' Complaint therefore must be dismissed, without leave to amend, because Exhibits "A" through "C" to the Complaint expressly bar each and every Cause of Action contained therein. This is because every Claim is premised on the theory that even though Defendants owned the Works and NIL rights by way of the Agreements, Defendants lost such rights by way of the legal theory of recission when they allegedly breached the Agreements by allegedly failing to pay royalties to Plaintiffs. But the undisputed terms of the Agreements provide that any challenge to the payment of royalties had to have been brought within a set period of time that has long passed – or any such claim was waived.

///

To get around this obviously fatal defect, Plaintiffs allege that Defendants, through their representatives, "actively concealed" their alleged breaches of each Agreement. Compl. at ¶¶ 45-47, 76-78. But while federal courts in recent years have considered with increasing frequency whether fraudulent concealment tolls a particular *statute of limitations*, Defendants are unaware of any case law establishing that fraudulent concealment (to the extent it exists, which Defendants dispute) tolls a *contract term limit*. *See 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999). And even if a claim for fraudulent concealment is capable of tolling a contract term limit, Plaintiffs fail to allege, with any specificity, the what, why, or how with respect to Defendants' alleged concealment, as further analyzed below. *See Suckow Borax Mines Consolidated v. Borax Consolidated*, 185 F.2d 196, 209 (9th Cir. 1951) (applying California law and holding that a "bare allegation" of fraudulent concealment "is but a conclusion of law which falls far short of the particularity of statement required by Rule 9(b)"); *see also In re Toyota Motor Corp.*, 754 F.Supp.2d 1145, 1190-1191 (C.D. Cal. 2010) (finding that plaintiffs sufficiently pled fraudulent concealment when they alleged "the what…, the why…, and the how").

Accordingly, each and every Cause of Action in the Complaint is barred by the undisputed terms set forth in Exhibits "A" through "C" thereto.

**B.** **Each And Every One Of Plaintiffs' Claims Are Barred By All Applicable Statutes Of Limitation**

1. Copyright Infringement

A plaintiff must bring a claim for copyright infringement within three years of the infringement. 17 U.S.C. § 507(b). The Complaint alleges that Defendants have infringed Plaintiffs' rights in the Works by "failing for a number of years…to account and pay royalties owed" under each of the Agreements. Compl. at ¶ 43, 74. Given that the last Agreement was entered into in 1996, and Plaintiffs now bring suit in 2023 on the argument that Defendants' rights in the Works were rescinded

after Defendants allegedly failed to pay royalties to Plaintiffs "for a number of years", it is clear that Plaintiffs have failed to bring suit within three years of the alleged infringement accruing.

As alluded to above, Plaintiffs will likely rely upon the claim that Defendants "fraudulently concealed" their actions resulting in Copyright infringement. However, and as set forth in greater detail below, Plaintiffs' claim for fraudulent concealment is not sufficiently pled. Accordingly, Plaintiffs' First Cause of Action for Copyright infringement is barred by the applicable statute of limitations.

2.   Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1114

Though the Lanham Act contains no explicit statute of limitations, the Court "borrows" the limitations period from the most closely analogous action under state law. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 836 (9th Cir. 2002). California's statute of limitations for state trademark infringement and/or state unfair competition claims is four years. California Code of Civil Procedure ("CCP") § 343; *Miller v. Glenn Miller Prods.*, 318 F.Supp.2d 923, 942, n.11 (C.D. Cal. 2004). Therefore, the statute of limitations for Plaintiffs' Second Cause of Action is four years from the date the alleged infringement occurred, which was – by Plaintiffs' own admission – a "number of years" ago when Defendants' allegedly failed to pay royalties to Plaintiffs. *See* Compl. at ¶ 43, 74.

As such, Plaintiffs' Second Cause of Action for violation of Section 43(a) of the Lanham Act is barred by the applicable statute of limitations.

3.   Breach of Contract

A plaintiff must bring a breach of contract action within four years. CCP § 337. Here, Plaintiffs allege that Defendants have breached the Agreements by failing to pay royalties to Plaintiffs "for a number of years." Compl. at ¶ 43, 74. The statute of limitations has therefore long passed, and Plaintiffs' Third Cause of Action for Breach of Contract is barred as well.

///

4.      Violation of California Business and Professions Code § 17200

Pursuant to the California Code of Civil Procedure's "catch-all" provision, the statute of limitations for unfair competition claims is four years. CCP § 343; *see also Miller*, 318 F.Supp.2d at 942, n.11. A Cause of Action for violation of the "unlawful" prong of California Business and Professions Code § 17200 (the "UCL") must be based on a violation of an underlying law – like, here, infringement under the Copyright Act or Lanham Act. *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). But, in both cases, Plaintiff claims are asserted well beyond the applicable statute of limitations, as set forth above.

Accordingly, Plaintiffs' Fourth Cause of Action for violation of the UCL is barred by the applicable statute of limitations.

5.      Violation of California Civil Code § 3344

The statute of limitations period for a claim for violation of California Civil Code § 3344 is two years. *See Estate of Fuller v. Maxfield & Oberton Holdings, LLC*, 906 F.Supp.2d 997, 1008 (N.D. Cal. 2012) (citing *Christoff v. Nestle USA, Inc.*, 47 Cal.4th 468, 474 (2009)). Like Plaintiffs' Lanham Act claim, this Cause of Action is premised on Defendants' loss of NIL rights as a result of Defendants' alleged breach of the Agreements. However, the alleged breach was – by Plaintiffs' own admission – a "number of years" ago, when Defendants allegedly failed to pay royalties to Plaintiffs. *See* Compl. at ¶ 43, 74

Therefore, Plaintiffs' Fifth Cause of Action is also barred by the applicable statute of limitations.

6.      Fraudulent Concealment

California Code of Civil Procedure § 338(d) provides that an action for relief on the grounds of fraud or mistake must be brought within three years. CCP § 338(d). Here, Plaintiffs allege that Defendants failed to pay royalties under the Agreements "for a number of years" and such "repeated failures to comply" "prevented [Plaintiffs] from learning of the foregoing acts…" Compl. at 43-46, 74-

7

MOTION TO DISMISS

77. Accordingly, Defendants alleged actions resulting in fraudulent concealment occurred "for a number of years" following execution of each of the Agreements, and Plaintiffs' Sixth Cause of Action for Fraudulent Concealment is barred by the applicable statute of limitations.

### 7. Conversion

A cause of action for conversion must be brought within three years. CCP § 338; *see also Murphy v. Am. Gen. Life Ins. Co.*, 74 F.Supp.3d 1267, 1279 (C.D. Cal. 2015). Plaintiffs alleged that Defendants converted the Works and NIL rights, "as well as all proceeds stemming therefrom" when Defendants lost such rights as a result of their breach of the Agreements. *See* Compl. at ¶ 165. But, according to Plaintiffs, Defendants alleged breach of the Agreements occurred when Defendants failed to pay royalties to Plaintiffs "for a number of years" following the execution of each in 1993, 1995 and 1996, respectively.

Accordingly, Plaintiffs' Seventh Cause of Action for Conversion is barred by the applicable statute of limitations.

### 8. Improper Recipient

Though Defendants are unaware of any cause of action for "Improper Recipient," Plaintiffs' Eighth Cause of Action appears to closely mirror the more common allegation of unjust enrichment. Notwithstanding Defendants' position set forth below that this claim should be dismissed because it is not a cognizable cause of action, the Court should nonetheless also find that it too suffers from having been brought long after the statute of limitations passed. The statute of limitations for conversion is three years, the Complaint clearly alleges that conversion occurred when Defendants breached the agreements by failing to pay royalties "for a number of years", and this Cause of Action for "Improper Recipient" is therefore barred because the statute of limitations has long passed.

///

///

1

2

**C.** **Plaintiffs' Sixth Cause Of Action For Fraudulent Concealment Fails Because It Has Not Been Pled With The Requisite Specificity**

3

4

5

6

7

8

9

10

11

12

13

14

A plaintiff alleging a claim of fraud must meet FRCP 9(b)'s heightened pleading standard, which means pleading circumstances constituting fraud with particularity. *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1031-1032 (9th Cir. 2016). However, in order to show fraudulent concealment with particularity, the Complaint must set forth: (1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put the plaintiff on inquiry. *Deirmenjian v. Deutsche Bank, A.G.*, No. CV 06-00774 MMM CWX, 2006 WL 4749756, at *42 (C.D. Cal. Sept. 25, 2006) (citing *Baker v. Beech Aircraft Corp.*, 39 Cal.App.3d 315, 321 (1974)). Just as importantly, Plaintiffs are also **obligated** to establish their reasonable diligence in trying to uncover the alleged fraud. *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 195-196 (1997).

15

16

17

18

19

20

21

22

23

24

Simply put, Plaintiffs' complaint is devoid of any specificity regarding the "what", "why" and/or "how" relating to the alleged fraudulent concealment. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The approximately five paragraphs in the Factual Allegations portion of the Complaint purporting to allege fraudulent concealment are vague and hardly provide any specifics at all. *See* Compl. at ¶¶ 46-47, 76-78. Such allegations don't specify what exactly was concealed (other than general "wrongful acts"), how exactly it happened (other than generally "through misrepresentations"), or why exactly Defendants would engage in any such wrongdoing (other than to generally "continue to reap the benefit" of their "wrongful acts"). *See id.*

25

26

27

28

*Even if* the Court views such paragraphs as sufficient to set forth with specificity the "what", "why" and/or "how" (which Defendants of course dispute), such allegations do not allege how Plaintiffs were not at fault for failing to discover the fraud earlier. Indeed, the Complaint establishes that Jenni Rivera died in 2012 –

9

yet, somehow, nobody suspected anything until ten years later. Furthermore, the Complaint fails to allege any facts establishing any reasonable diligence on the part of Plaintiffs (like, for example, hiring an accounting firm to regularly audit and conduct accountings of royalties paid) to try to uncover the alleged fraud.

Accordingly, Plaintiffs have failed to allege their Sixth Cause of Action for Fraudulent Concealment with sufficient specificity, and such claim should therefore be dismissed.

### D. Plaintiffs' Seventh Cause Of Action For Conversion Fails Because It Is Preempted By The Copyright Act

A state law cause of action is preempted by the Copyright Act if two elements are present. ***First***, the rights that a claimant asserts under state law must be "rights that are equivalent" to those protected by the Copyright Act. *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1154-55 (9th Cir. 2010) ("Whether a claim is preempted under Section 301 does not turn on what rights the alleged infringer possesses, but on whether the rights asserted by the plaintiff are equivalent to any of the exclusive rights within the general scop of the copyright.") ***Second***, the work involved must fall within the "subject matter" of the Copyright Act, as set forth in 17 U.S.C. §§ 102 and 103." *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998); *see also* 17 U.S.C. § 301.

Plaintiffs' claim for Conversion alleges that Plaintiffs "are the sole and rightful owners of all rights, title, and interest in and to JENNI's sound recordings, musical compositions, other musical works, and NIL" and that Defendants "took possession of, and have used for their own personal and financial benefit, and/or wrongfully transferred or retained, significant monies from the exploitation of JENNI's sound recordings, musical compositions, other musical works, and NIL." Compl. at ¶¶ 165-167. Plaintiffs' own allegations therefore concede that their state law claim for Conversion is based upon the same rights enumerated in Section 106 of the Copyright Act. *See, e.g., Dallas & Lashmi, Inc. v. 7-Eleven, Inc.*, 112

MOTION TO DISMISS

F.Supp.3d 1048, 1060 (C.D. Cal. 2015) (stating that, in a claim for conversion, the elements include a claimants' ownership of the property at issue, and a defendant's disposal thereof, interfering with the claimant's ownership). Accordingly, Plaintiffs' Seventh Cause of Action for Conversion is preempted and must be dismissed.

### E. Plaintiffs' Eighth Cause Of Action For "Improper Recipient" Fails Because It is Not A Cognizable Cause Of Action

As set forth above, Defendants are unaware of any cognizable cause of action for "Improper Recipient." This claim, however, appears to closely mirror the charging allegations in a typical cause of action for unjust enrichment. The problem for Plaintiffs, however, is that a cause of action for unjust enrichment is not a cognizable claim for relief, and is only a "theory that permits recovery on other recognized causes of action." *In re ConAgra Foods Inc.*, 908 F.Supp.2d 1090, 1114 (C.D. Cal. 2012).

Accordingly, Plaintiffs' Eighth Cause of Action must be dismissed.

## V. LEAVE TO AMEND SHALL NOT BE GRANTED

As set forth at the outset of this Motion, Plaintiffs have plead themselves out of any viable causes of action. The existence of the undisputed contract language in Exhibits "A" through "C" completely precludes any claims based on the rescission of Defendants' rights in the Works and NIL rights resulting from an alleged failure by Defendants to pay royalties. Accordingly, the Complaint cannot be saved by an amendment, *even if* the Court were to grant leave to amend. *U.S. v. Corinthian Colleges* 655 F.3d 984, 995 (9th Cir. 2011).

///
///
///
///
////
///

## VI.   **<u>CONCLUSION</u>**

Based on the foregoing, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss, without leave to amend.

DATED:  October 19, 2023                **ALTVIEW LAW GROUP, LLP**

By: _____
          JOHN M. BEGAKIS
          *Attorneys for Defendants*
          CINTAS ACUARIO, INC., a California
          corporation; and AYANA MUSIC, INC., a
          California corporation

## DECLARATION OF JOHN BEGAKIS

I, John Begakis, declare and state as follows:

1.     I am an attorney duly licensed to practice law in the State of California and before this Court. I am a founding partner at AltView Law Group, LLP and counsel for Defendants CINTAS ACUARIO, INC., a California corporation ("Cintas"), and AYANA MUSICAL, INC., a California corporation ("Ayana") (collectively, "Defendants"). I hereby submit this declaration in support of Defendants' Motion to Dismiss the Complaint filed on September 20, 2023 by Plaintiffs JENNI RIVERA ENTERPRISES, LLC, a California limited liability company ("JRE"), and JAQUELIN CAMPOS, an individual ("Campos"), in her capacity as executrix of the ESTATE OF DOLORES J. RIVERA (the "Estate"), the successor-in-interest to the rights of Dolores J. Rivera, professionally known as Jenni Rivera (collectively, "Plaintiffs"), pursuant Federal Rule of Civil Procedure ("FRCP") 12(b)(6) (the "Motion").

2.     On or about Thursday, September 28, 2023, I am advised that someone for Defendants was served with a copy of the Complaint. Accordingly, a responsive pleading must be filed by on or before Thursday, October 19, 2023 (i.e., 21 days from September 28, 2023).

3.     On or about Tuesday, October 10, 2023, I sent an email to counsel for Plaintiffs generally setting forth our positions as to why we believed a Motion to Dismiss was appropriate. Counsel promptly responded, and, given that one of such counsel is not located in California, the parties agreed to meet and confer by telephone on Wednesday, October 11, 2023. A true and correct copy of my initial email to Plaintiffs' Counsel is attached hereto as Exhibit "A" and incorporated herein by this reference.

4.     On Wednesday, October 11, 2023 (i.e., at least seven (7) days prior to the filing of this Motion, as required by Local Rule 7-3), the parties met and conferred by telephone to discuss the merits of our positions outlined in our October

10, 2023 email correspondence. Though the conversation was cordial and not otherwise unproductive, no agreement could be reached as to whether any of Defendants' perceived deficiencies with the Complaint could be resolved by way of the filing of an amended complaint. Accordingly, this Motion necessarily results.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on October 19, 2023, at Los Angeles, California.

_____
JOHN M. BEGAKIS

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2023, a copy of **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JOHN BEGAKIS IN SUPPOR THEREOF** was served by electronic mail at the address below:

Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
CRITERION COUNSEL, LAW CORPORATION
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, CA 91367
cpham@criterioncounsel.com
mchaney@criterioncounsel.com


Frank Salzano, Esq.
Brady Williamson, Esq.
SALZANO, ETTINGER LAMPERT & WILSON, LLP
104 West 40th Street, 14th Floor
New York, NY 10018
fsalzano@selwlaw.com
bwilliamson@selwlaw.com


October 19, 2023                                    /s/ John M. Begakis
                                                   JOHN M. BEGAKIS

# EXHIBIT "A"

altView Law Group, LLP Mail - JRE v. Cintas Acuario - Request to Meet and Confer Pursuant to L.R. 7-3                                                    10/18/23, 3:20 PM

 Gmail

John Begakis <john@altviewlawgroup.com>

---

## JRE v. Cintas Acuario - Request to Meet and Confer Pursuant to L.R. 7-3

**John Begakis** <john@altviewlawgroup.com>                                          Tue, Oct 10, 2023 at 8:00 AM
To: Brady Willamson <bwilliamson@selwlaw.com>
Cc: Frank Salzano <fsalzano@selwlaw.com>, Jason Lampert <jlampert@selwlaw.com>, cpham@criterioncounsel.com, mchaney@criterioncounsel.com, Sheena Tehrani <sheena@altviewlawgroup.com>

Counsel:

Pursuant to Local Rule 7.3, please provide us with your availability to meet and confer this week regarding our anticipated Motion to Dismiss.  Although the Rules recommend a meeting in person, we suspect that you will not object to a telephonic meeting, given that lead counsel is located in New York.  In anticipation of such meeting, below please find our general bases for seeking a dismissal.

*First*, we intend to move to dismiss the entire Complaint on the primary basis that all claims contained therein are based on Defendants' alleged lack of rights in various works and NIL rights lawfully owned by Defendants pursuant to the 1993, 1995 and 1996 Recording Agreements (collectively, the "Agreements").  To get around this fatal defect, Plaintiffs have alleged that Defendants failed to account or pay royalties to Plaintiffs - but each of the Agreements contains express limits on how long the Plaintiffs have to bring suit on any royalty statement or accounting.  Plaintiffs allege that individuals for the Defendants, who many years later were in charge of the Estate, engaged in fraud to "conceal" breaches to the agreements - but the limitations periods regarding challenging any breaches of the relevant royalty provisions were, at most, 1 year - which means that each limitations period expired *before Jenni even died*.

*Second*, and notwithstanding the foregoing, we intend to move to dismiss each cause of action on the basis that each of the relevant statutes of limitations has expired.  To get around Plaintiffs' fatal delay in bringing suit, Plaintiffs allege that individuals for the Defendants engaged in fraud to "conceal breaches to the agreements.  However, Plaintiffs have failed to allege fraudulent concealment "with particularity" and have failed to allege their own exercise of reasonable diligence to discover the fraud, which must be shown in any event. *See Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 195-196.

*Third*, and finally, Plaintiffs have failed to allege their Sixth Cause of Action for Fraudulent Concealment with particularity under FRCP Rule 9(b), and Plaintiffs' Eighth Cause of Action for "Improper Recipient" is not a cause of action at all. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 663 (9th Cir. 1999).

We look forward to your prompt response.  In light of the fact that we are heading into trial on another matter on October 23, 2023, and our deadline to file a responsive pleading is (by our calculation) October 27, 2023, we must meet and confer **this week**.  So, if we do not hear back promptly, we will assume that you do not desire to meet and confer, and will proceed to file our Motion.

Best,
John
---
**John M. Begakis, Esq.** | Partner
**AltView Law Group, LLP**
T: 310.230.5580 x1
F: 310.943.2540
Email: John@altviewlawgroup.com
Website: www.altviewlawgroup.com/

 

**CONFIDENTIALITY NOTICE:  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.