John M. Begakis, Esq. (SBN 278681)
john@altviewlawgroup.com
**ALTVIEW LAW GROUP, LLP**
12100 Wilshire Blvd., Suite 800
Los Angeles, California 90025
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Defendants* CINTAS ACUARIO,
INC., a California corporation, and AYANA
MUSICAL, INC., a California corporation

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNI RIVERA ENTERPRISES, LLC, a California limited liability company; and JAQUELIN CAMPOS, an individual, in her capacity as executrix of the ESTATE OF DOLORES J. RIVERA, the successor-in-interest to the rights of Dolores J. Rivera, professionally known as Jenni Rivera, <br><br> Plaintiff, <br><br> v. <br><br> CINTAS ACUARIO, INC., a California corporation; AYANA MUSICAL, INC., a California corporation; and DOES 1 through 10, inclusive, <br><br> Defendant. | CASE NO: 2:23-cv-07847-SB-JC <br><br> **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **<ins>Hearing</ins>** <br> Date: December 1, 2023 <br> Time: 8:30 a.m. <br> Courtroom: 6C <br><br> Action Filed: September 20, 2023 <br> Trial Date: Not Set |

# **TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................. 1

II.    PLAINTIFFS' OPPOSITION CONFIRMS THAT AT LEAST ONE, IF NOT ALL, OF THE CAUSES OF ACTION IN THEIR COMPLAINT ARE COMPLETELY BARRED BY EXHIBITS "A" THROUGH "C" TO THE COMPLAINT ......................................... 2

III.   PLAINTIFFS' CLAIMS ARE BARRED BY ALL RELEVANT STATUTES OF LIMITATIONS BECAUSE PLAINTIFFS HAVE FAILED TO PLEAD THE EXISTENCE OF THEIR DELAYED DISCOVERY, OR OF ANY FRAUDULENT CONCEALMENT ................ 5

        1.     Delayed Discovery ................................................. 5

        2.     Fraudulent Concealment.......................................... 6

IV.    PLAINTIFFS' CONVERSION CLAIM IS ENTIRELY PREEMPTED........ 7

V.     PLAINTIFFS' "IMPROPER RECIPIENT" CLAIM IS NOT A COGNIZABLE CAUSE OF ACTION ............................................ 7

VI.    PLAINTIFFS HAVE FAILED TO ESTABLISH HOW BEING GRANTED LEAVE TO AMEND WILL ALLOW THEM TO ADDRESS THE FATAL DEFICIENCIES IN THEIR COMPLAINT, AND THUS THE COURT IS PERMITTED TO DISMISS THE COMPLAINT WITHOUT LEAVE TO AMEND ............................ 8

VII.   CONCLUSION.................................................................. 9

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

# <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

*April Enters., Inc. v. KTTV*, 147 Cal. App. 3d 805 (1983) ........................................ 5

*In re Toyota Motor Corp. United Acceleration Mktg., Sales Pracs., &*
*Prod. Liab. Litig.*, 754 F.Supp.2d 1145 (C.D. Cal. 2010) ................................... 6

*Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997) ...................................................... 6

*U.S. v. Corinthian Colleges*, 655 F.3d 984 (9th Cir. 2011) ...................................... 8

*Weinstock v. Eissler*, 224 Cal.App.2d 212 (1964) .................................................... 6

*Wong v. Stoler*, 237 Cal.App.4th 1375 (2015) ......................................................... 2

## <u>STATUTES</u>

Cal. Civ. Code § 1692 ................................................................................................. 2

Cal. Civ. Code § 3344 ............................................................................................. 3, 4

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2   Defendants CINTAS ACUARIO, INC., a California corporation ("Cintas"),

3   and AYANA MUSICL, INC., a California corporation (collectively, "Defendants"),

4   hereby submit this Reply in support of their Motion to Dismiss the Complaint filed

5   on September 20, 2023 by Plaintiffs JENNI RIVERA ENTERPRISES, LLC, a

6   California limited liability company ("JRE"), and JAQUELIN CAMPOS, an

7   individual ("Campos"), in her capacity as executrix of the ESTATE OF DOLORES

8   J. RIVERA (the "Estate"), the successor-in-interest to the rights of Dolores J.

9   Rivera, professionally known as Jenni Rivera ("Jenni") (collectively, "Plaintiffs"),

10  pursuant Federal Rule of Civil Procedure ("FRCP") 12(b)(6) (the "Motion").

11  **I.   <u>INTRODUCTION</u>**

12  The express language of the 1993, 1995 and/or 1996 Recording Agreements

13  ("Agreements") entirely precludes Plaintiffs from bringing the claims asserted in

14  their Complaint, and nothing Plaintiffs have attempted to argue in their Opposition

15  should change that determination by the Court. If anything, Plaintiffs' efforts in their

16  Opposition to deceive the Court by misquoting the relevant, plain language of the

17  Agreements confirms that such a determination by the Court is warranted. Simply

18  put: if Plaintiffs were confident that their claims were not entirely precluded because

19  the rights allegedly infringed are not limited to those granted by the Agreements,

20  then why would they need to resort to deceiving the Court with misquotes?

21  That Plaintiffs defiantly chose to stand on the claims in their Complaint,

22  rather than take the opportunity given to them by Defendants to amend their

23  allegations, establishes that nothing Plaintiffs can allege will change the fact that

24  their entire case is foreclosed by the plain language of the Agreements, and by all

25  relevant statutes of limitations. Defendants' Motion should, therefore, be granted,

26  and Plaintiffs' Complaint should be dismissed without leave to amend. The Court

27  should not let Plaintiffs disturb Defendants' contractual rights that have been in

28  place for over ten years because of "the significant and lasting impact that money,

power and greed" has had on Plaintiffs. *See* Compl. at ¶ 1.

## II.   PLAINTIFFS' OPPOSITION CONFIRMS THAT AT LEAST ONE, IF NOT ALL, OF THE CAUSES OF ACTION IN THEIR COMPLAINT ARE COMPLETELY BARRED BY EXHIBITS "A" THROUGH "C" TO THE COMPLAINT

In their Opposition, Plaintiffs do not dispute that they can plead themselves out of court if it is determined that their claims are fundamentally premised on Defendants' failure to pay royalties – since the Agreements expressly precluded any action based on such a claim after a set period of time. Plaintiffs also admit that, at a minimum, their Third Cause of Action for Breach of Contract *is* fundamentally premised on such a breach. Opposition at 6:20-25. Accordingly, the only question for the Court should be whether any of Plaintiffs' other claims must also be dismissed as unavoidably and fatally premised on Defendants' alleged breach and recission of the Agreements resulting from failing to pay royalties.

As the Court will see below, none of the reasons advanced by Plaintiffs, in an effort to distance their claims from this fatal flaw, are convincing.

***First***, Plaintiffs argue in their Introduction that "none of Plaintiffs' remaining claims are 'fundamentally premised' on those agreements having been rescinded" because "[i]f Defendants' assumption were correct…then Plaintiffs surely would not have claimed to be 'entitled to rescind the [Agreements]'…" Opposition at 4:1-11. But this argument belies a basic understanding of contractual recission, which exists *before* a party goes into court to seek relief therefore. California Civil ("Cal. Civ.") Code § 1692; *Wong v. Stoler*, 237 Cal.App.4th 1375, 1385 (2015) ("Before 1961, California recognized two methods by which a party to a contract could obtain rescissionary relief: (1) unliteral rescission, followed by an action to enforce the out-of-court recission; or (2) an action for judicial rescission in which specific judicial relief is granted. In 1961, however, the Legislature abolished the action to obtain judicial rescission and left only an action to obtain relief ***based on a party effecting***

2
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

*rescission*.") (emphasis added). Therefore, it is possible for Plaintiffs' claims to be based on a breach and rescission of the Agreements, resulting in a loss (and subsequent claim for infringement) of rights originally granted thereunder, even if Plaintiffs are also simultaneously seeking judicial relief based upon such rescission.

***Second***, Plaintiffs argue that their remaining claims are not fundamentally premised on Defendants alleged breach of the Agreements because the rights that Plaintiffs allege Defendants infringed were not limited to those rights granted via the Agreements. Opposition at 6:15-18. However, Plaintiffs do not allege the existence of any sound recordings subject to their First Cause of Action for Copyright Infringement, other than those recorded by Jenni pursuant to the Agreements. *See* Compl. at ¶¶ 32, 52, 59, and 125; Exhibit "E" thereto. And the only other rights that Plaintiffs claim were infringed, via their Second Cause of Action for Trademark Infringement and Fifth Cause of Action for Violation of California Civil ("Cal. Civ.") Code § 3344, were Jenni's name, image and likeness ("NIL") rights that were also expressly granted to Defendants under the Agreements. *See* Compl. at ¶¶ 34, 59, 62, 136 and 154.

In a desperate bid to avoid dismissal, Plaintiffs deceptively misquote Section 9(b) of the 1995 and 1996 Agreements to try to manufacture the existence of NIL rights outside of the rights granted to Defendants under the Agreements. But those Agreements *actually* say that Defendants were, in fact, granted "[t]he perpetual right to use and publish…Artists name…[and] approved likeness…for advertising and trade purposes in connection with records made hereunder **or otherwise in connection with Company's recording business**…" Exhibits "B"-"C" to Compl. (emphasis added). Plaintiffs can "vehemently assert" whatever they want – but the plain language of the 1995 and 1996 Agreements, which was freely negotiated and must be respected, establish that Defendants were granted all of Jenni's NIL rights.

///

///

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

**Third**, Plaintiffs argue that the language in the Agreements restricting when royalty claims can be brought only applies to disputes involving royalty statements previously "submitted" or "rendered" – and, according to Plaintiffs, no royalty statements were ever "submitted" or "rendered" in this case. **But Plaintiffs do not specifically allege in their Complaint that no royalty statements were ever "submitted" or "rendered."** And, regardless of the reason for that tactical decision, Plaintiffs' failure to allege that no royalty statements were ever "submitted" or "rendered" means that Plaintiffs' Complaint constitutes a simple claim for royalty payments due on statements presumably rendered, which must have been brought by a set time period pursuant to the terms of the Agreements.

**Fourth**, and finally, Plaintiffs argue that they have sufficiently pled that requisite notice, and opportunity to cure, was given. Motion at 8:16-26. However, their allegation in Paragraph 4 that Plaintiffs "repeatedly sought to urge [Defendants]…to refrain from claiming to own and control rights…and ultimately, to cease and desist from exploiting said rights" evidences a demand to cease and desist, not a notice of breach and opportunity to cure. The language of Paragraphs 43 and 74 is also woefully unspecific regarding what Plaintiff was "notified" of to establish that proper written notice and opportunity to cure was given.

Accordingly, Plaintiffs' Third Cause of Action for Breach of Contract must be dismissed because Plaintiffs admit that it is fundamentally premised on the allegation that Defendants breached the Agreements by failing to pay royalties. Additionally, Plaintiffs fail to establish how their First Cause of Action for Copyright Infringement, their Second Cause of Action for Trademark Infringement, their Fifth Cause of Action for violation of Cal. Civ. Code § 3344, and every other Cause of Action dependent thereon, are not also fundamentally premised on Defendants' loss of rights in the relevant sound recordings, and NIL rights, when they allegedly failed to pay royalties under the Agreements. For that reason, all of the remaining claims in the Complaint must also be dismissed.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

### III. PLAINTIFFS' CLAIMS ARE BARRED BY ALL RELEVANT STATUTES OF LIMITATIONS BECAUSE PLAINTIFFS HAVE FAILED TO PLEAD THE EXISTENCE OF THEIR DELAYED DISCOVERY, OR OF ANY FRAUDULENT CONCEALMENT

Notably, Plaintiffs do not dispute that, *but for* their alleged delayed discovery and/or Defendants' fraudulent concealment of alleged wrongdoing, the statute of limitations applicable to each and every cause of action would have started running "a number of years" ago (i.e., well outside the 2- or 3-year statutes of limitations applicable to every cause of action in Plaintiffs' Complaint). Accordingly, the Court must dismiss Plaintiff's entire Complaint, without leave to amend, if it finds that Plaintiff has not established delayed discovery and/or fraudulent concealment. And, as set forth below, Plaintiffs have not.

#### 1. Delayed Discovery

***First***, Defendants do not dispute that the delayed discovery rule is applicable when "the defendant has been in a far superior position to comprehend the act and injury." That standard, however, is lacking in factual specificity, which is why the Court in *April Enters., Inc.* clarified that the rule applies "when the defendant maintains custody and control of a plaintiff's property or interest." *April Enters., Inc. v. KTTV*, 147 Cal. App. 3d 805, 827 (1983). Under that standard, though, the delayed discovery rule does not apply here because Plaintiffs have not alleged that anyone other than the beneficiaries of the Estate have had custody over the Estate and its operations run through JRE.

***Second***, Plaintiffs have failed to set forth how they've nevertheless exercised reasonable diligence – alleging only Defendants' wrongdoing, not any positive, proactive actions that Plaintiffs have taken to try to discover any such alleged wrongdoing. In so failing, Plaintiffs basically admit that they did not exercise any reasonable diligence at all – arguing instead that they were not "required to investigate" unless there was "reasonable grounds for suspicion." *See* Opposition at

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

11:12-22. But, in this case, such reasonable grounds did exist, to the extent that Defendants allegedly failed to submit *any* royalty statements to Plaintiffs *for more than ten years* (i.e., from approximately 2012 to 2022).

## 2. **Fraudulent Concealment**

*First*, Plaintiffs were required to plead reasonable diligence in connection with any assertion of fraudulent concealment, and *Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997) does not stand for the proposition that they were not so required. In fact, it is well established that a plaintiff must allege the date of discovery, as well as the circumstances under which the discovery was made "or any facts from which it could be concluded that plaintiff could not with reasonable diligence have made the discovery sooner." *Weinstock v. Eissler*, 224 Cal.App.2d 212, 228-29 (1964). Thus, any cause of action in the Complaint that would only survive upon Plaintiffs' successful pleading of fraudulent concealment must be dismissed without leave to amend.

*Second*, Plaintiffs failed to plead fraudulent concealment with requisite specificity, and *In re Toyota Motor Corp.* does not stand for the suggested proposition that no specificity is required. Rather, the Court in *In re Toyota Motor Corp.* found that the plaintiffs had set forth enough "specific facts" regarding the "what" "why" and "how" to have sufficiently pled fraudulent concealment. *In re Toyota Motor Corp. United Acceleration Mktg., Sales Pracs., & Prod. Liab. Litig.*, 754 F.Supp.2d 1145, 1190-91 (C.D. Cal. 2010). Here, Plaintiffs' allegations don't specify what exactly was allegedly concealed (other than "wrongful acts"), how the alleged concealment actually happened (other than "through misrepresentations"), or why (other than to "continue to reap the benefit" of their "wrongful acts"). *See* Compl. at ¶¶ 46-47, 76-78.

Therefore, Plaintiffs have failed to plead the existence of any delayed discovery, or fraudulent concealment, as set forth above. Accordingly, the clock started to run with respect to the statute of limitations applicable to each of the cause

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

of action in the Complaint the moment Defendants allegedly first failed to pay any royalties. And because Plaintiffs admit that Defendants' alleged failure occurred "a number of years" before the Complaint was filed, Plaintiffs claims are entirely barred by all applicable statutes of limitations.

## IV.    PLAINTIFFS' CONVERSION CLAIM IS ENTIRELY PREEMPTED

Defendants have laid out a specific framework, supported by applicable law, for determining when a state law claim (like Plaintiffs' Seventh Cause of Action for conversion here) is preempted because it involves rights that are equivalent to those protected by Federal law. In their Opposition, Plaintiffs admit that part of their conversion claim does involve monies generated from Defendants' exploitation of sound recording rights protected by the Copyright Act – but they argue that the claim is not totally preempted because it *also* involves monies generated from Defendants' exploitation of NIL rights. However, the Court need only apply the above framework to Defendants' exploitation of NIL rights to find that the portion of Plaintiffs' conversion claim dealing with monies generated from the exploitation of such rights is also nevertheless preempted because it involves rights equivalent to those protected by the Lanham Act.

Accordingly, Plaintiffs' Seventh Cause of Action for Conversion is entirely preempted and should therefore be dismissed without leave to amend.

## V.    PLAINTIFFS' "IMPROPER RECIPIENT" CLAIM IS NOT A COGNIZABLE CAUSE OF ACTION

Plaintiffs have provided no published authority to support the position that "improper recipient" is a cognizable legal claim, simply suggesting instead that it is "like" a cause of action for money had and received. But, if this claim is, in fact, nothing more than a state-based common count (which should be preempted by Plaintiffs' federal law claims in any event), Plaintiffs should have taken the opportunity they were given by Defendants before the Motion was filed to amend this cause of action. Instead, Plaintiffs chose not to, and their intentional and tactical

7

misstep should not now cause the Court to afford Plaintiffs more leeway when determining whether leave to amend should be granted.

As such, Plaintiffs' Eighth Cause of Action for "Improper Recipient" is not a cognizable legal claim and it should be dismissed without leave to amend.

## VI. <u>PLAINTIFFS HAVE FAILED TO ESTABLISH HOW BEING GRANTED LEAVE TO AMEND WILL ALLOW THEM TO ADDRESS THE FATAL DEFICIENCIES IN THEIR COMPLAINT, AND THUS THE COURT IS PERMITTED TO DISMISS THE COMPLAINT WITHOUT LEAVE TO AMEND</u>

That Plaintiffs defiantly chose to stand on the allegations in their Complaint, rather than take the opportunity given to them by Defendants to shore up any issues therewith, establishes that nothing Plaintiff can allege will change the fact that their entire case is foreclosed by the language of the Agreements limiting when disputes based on royalties can be brought, and by all relevant statutes of limitations. Accordingly, the Court has the power to dismiss each and every cause of action in the Complaint now, without leave to amend. *See U.S. v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). No amount of deceptive misquoting of the Agreements, or insistence on the existence of delayed discovery and/or fraudulent concealment where no specific factual allegations are present, can cure the unavoidably fatal issues with each and every one of Plaintiffs' claims.

///
///
///
///
///
///
///
///

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

## VII. __CONCLUSION__

Accordingly, Defendants respectfully request that the Court grant Defendants'
Motion to Dismiss, without leave to amend.

DATED:  November 10, 2023                **ALTVIEW LAW GROUP, LLP**

By: _____
      JOHN M. BEGAKIS
*Attorneys for Defendants*
CINTAS ACUARIO, INC., a California
corporation; and AYANA MUSIC, INC., a
California corporation

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2023, a copy of **DEFENDANTS'
REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPOR THEREOF** was served by electronic mail at the address below:

Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
CRITERION COUNSEL, LAW CORPORATION
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, CA 91367
cpham@criterioncounsel.com
mchaney@criterioncounsel.com


Frank Salzano, Esq.
Brady Williamson, Esq.
SALZANO, ETTINGER LAMPERT & WILSON, LLP
104 West 40th Street, 14th Floor
New York, NY 10018
fsalzano@selwlaw.com
bwilliamson@selwlaw.com


November 10, 2023                              ___/s/ John M. Begakis___
                                               JOHN M. BEGAKIS