1  John M. Begakis, Esq. (SBN 278681)
   john@altviewlawgroup.com
2  **ALTVIEW LAW GROUP, LLP**
   12100 Wilshire Blvd., Suite 800
3  Los Angeles, California 90025
   Telephone: (310) 230-5580
4  Facsimile: (562) 275-8954

5  *Attorneys for Defendants* CINTAS ACUARIO,
   INC., a California corporation, and AYANA
6  MUSICAL, INC., a California corporation

7

8                UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 | JENNI RIVERA ENTERPRISES, LLC, a California limited liability company; and JAQUELIN CAMPOS, an individual, in her capacity as executrix of the ESTATE OF DOLORES J. RIVERA, the successor-in-interest to the rights of Dolores J. Rivera, professionally known as Jenni Rivera, | CASE NO: 2:23-cv-07847-SB-JC |
12 | | |
13 | | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JOHN BEGAKIS IN SUPPOR THEREOF** |
14 | | |
15 | Plaintiff, | |
16 | v. | |
17 | CINTAS ACUARIO, INC., a California corporation; AYANA MUSICAL, INC., a California corporation; and DOES 1 through 10, inclusive, | [*Defendants' Request for Judicial Notice; and [Proposed] Order Filed Concurrently Herewith*] |
18 | | |
19 | | **Hearing** |
20 | Defendant. | Date: February 2, 2024 |
21 | | Time: 8:30 a.m. |
22 | | Courtroom: 6C |
23 | | Action Filed: September 20, 2023 |
24 | | Trial Date: November 12, 2024 |

DEFENDANTS' MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 2, 2024 at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Stanley Blumenfeld, Jr., in Courtroom 6C of the First Street Courthouse, located at 350 West 1st Street, Los Angeles, CA 90012, Defendants CINTAS ACUARIO, a California corporation ("Cintas") and AYANA MUSICAL, INC., a California corporation ("Ayana") (collectively, "Defendants") will move for dismissal of the First Amended Complaint (the "FAC") filed on December 22, 2023 by Plaintiffs JENNI RIVERA ENTERPRISES, LLC, a California limited liability company ("JRE"), and JAQUELIN CAMPOS, an individual ("Campos"), in her capacity as executrix of the ESTATE OF DOLORES J. RIVERA (the "Estate"), the successor-in-interest to the rights of Dolores J. Rivera, professionally known as Jenni Rivera (collectively, "Plaintiffs"), pursuant Federal Rule of Civil Procedure ("FRCP") 12(b)(6) (the "Motion").

The Motion is made on the following grounds:

1. Each and every Cause of Action in the FAC is barred by the express language of the three Recording Agreements attached thereto as Exhibits "A" through "C";

2. Each and every Cause of Action in the FAC is barred by all applicable Statutes of Limitations; and

3. Plaintiffs' Sixth Cause of Action for Fraudulent Concealment fails because it has not been pled with requisite specificity.

The Motion is made following Defendants' counsel's good faith efforts to comply with the requirements of Local Rule 7-3. *See* Declaration of John Begakis ("Begakis Decl.") at ¶¶ 2-4.

The Motion is based on this Notice of Motion, the Memorandum of Points and Authorities and Declaration of John Begakis filed herewith, all pleadings, files and records on file in these proceedings, all matters of which the Court may take

judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling hereon.

DATED: January 5, 2024           **ALTVIEW LAW GROUP, LLP**

By: _____
     JOHN M. BEGAKIS
     *Attorneys for Defendants*
     CINTAS ACUARIO, INC., a California corporation; and AYANA MUSIC, INC., a California corporation

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. RELEVANT FACTUAL ALLEGATIONS ......................................................... 2

III. DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT, AND THE COURT'S ORDER THEREON ........................... 3

IV. LEGAL STANDARD .......................................................................................... 5

V. ARGUMENT ........................................................................................................ 5

    A. Each And Every One Of Plaintiffs' Claims Are Barred By The Contractual Limitations Periods Set Forth In Exhibits "A"-"C" ............ 5

    B. Each And Every One Of Plaintiffs' Claims Are Barred By All Statutorily-Imposed Limitations Periods ................................................. 7

    C. Plaintiffs' Sixth Cause Of Action For Fraudulent Concealment Also Fails Because It Has Not Been Adequately Pled .......................... 7

VI. LEAVE TO AMEND SHALL NOT BE GRANTED ....................................... 9

VII. CONCLUSION .................................................................................................. 10

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...................................................................5

*Ashcroft*, 556 U.S. at 678........................................................................................5

*Baker v. Beech Aircraft Corp.*, 39 Cal.App.3d 315 (1974) ....................................8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)...................................................5

*Coto Settlement v. Eisenberg*, 593 F.3d 1031 (9th Cir. 2010)................................6

*Deirmenjian v. Deutsche Bank, A.G.*, No. CV 06-00774 MMM CWX, 2006 WL 4749756 (C.D. Cal. Sept. 25, 2006)...........................................................8

*ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023 (9th Cir. 2016) ...................7

*Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997)....................................................8

*Miller v. Glenn Miller Prods.*, 318 F.Supp.2d 923 (C.D. Cal. 2004) .....................7

*Murphy v. Am. Gen. Life Ins. Co.*, 74 F.Supp.3d 1267 (C.D. Cal. 2015)...............7

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001)........................6

*Thompson v. Illinois Dep't of Pro. Regul.*, 300 F.3d 750 (7th Cir. 2002).............6

*U.S. v. Corinthian Colleges* 655 F.3d 984 (9th Cir. 2011) ..................................10

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003)............................8

**STATUTES**

17 U.S.C. § 507(b)...................................................................................................7

California Civil Code § 3344...................................................................................7

CCP § 337................................................................................................................7

CCP § 338(d) ...........................................................................................................7

CCP § 343................................................................................................................7

FRCP 9(b).................................................................................................................7

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants CINTAS ACUARIO, INC., a California corporation ("Cintas"), and AYANA MUSICAL, INC., a California corporation ("Ayana") (collectively, "Defendants"), hereby move, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), to dismiss the First Amended Complaint (the "FAC") filed by Plaintiffs JENNI RIVERA ENTERPRISES, LLC, a California limited liability company ("JRE"), and JAQUELIN CAMPOS, an individual ("Campos"), in her capacity as executrix of the ESTATE OF DOLORES J. RIVERA (the "Estate"), the successor-in-interest to the rights of Dolores J. Rivera, professionally known as Jenni Rivera (collectively, "Plaintiffs") on December 22, 2023 (the "Motion").

## I.   INTRODUCTION

In granting Defendants' Motion to Dismiss Plaintiffs' original Complaint, the Court was clear that "**the main issue…is whether the claims are time-barred**." Dkt. No. 32 (emphasis added). In fact, the Court went as far as to unequivocally say that "**Plaintiffs' claims cannot survive without the application of a tolling doctrine**." *Id* (emphasis added). The Court therefore set forth that Plaintiffs must properly allege fraudulent concealment to toll all applicable limitations periods – including by alleging facts to show that Defendants could not have discovered any alleged concealment through the exercise of reasonable diligence. *Id*.

Despite identifying the "main issue" with Plaintiff's allegations, and setting out a clear roadmap for those allegations to be cured by amendment, Plaintiffs have done nothing to specifically address the Court's concerns. Not only are Plaintiffs' new allegations of a "scheme … concocted in or around December of 2012" still hopelessly vague, but Plaintiffs have also failed to set forth **any facts** to address why – in the more than ten years since this supposed "scheme" was concocted – Plaintiffs did not demand royalty statements that they allege Defendants failed to produce "since in or around December of 2012." FAC at ¶¶ 52, 95. Accordingly,

Defendants' Motion must be granted, and Plaintiffs' Complaint must be dismissed – this time without leave to amend.

## II. RELEVANT FACTUAL ALLEGATIONS

Defendant Cintas is a Latin music record label that has produced, recorded and distributed the musical hits of many famous Latin music artists, including the popular singer-songwriter Jenni Rivera ("Rivera"). *See* FAC at ¶ 2. Defendant Ayana is also a Latin music record label. *Id*. Pedro Rivera is the father of the late Rivera, and at all relevant times solely owned and controlled Cintas and Ayana. *Id.*

Plaintiff Campos is the granddaughter of Pedro Rivera, and the daughter of the late Rivera. *Id*. at ¶ 3. Campos is also the executrix of the Estate, which became the successor-in-interest to Rivera's rights after her tragic passing on December 9, 2012. *Id.* at ¶ 15. Plaintiff JRE is a corporate entity wholly owned and controlled by the Estate to administer Rivera's rights on the Estate's behalf. *Id.* at ¶ 16.

During her lifetime, Rivera executed recording agreements with Cintas on or about April 15, 1993 (the "1993 Agreement"), September 1, 1995 (the "1995 Agreement"), and April 21, 1996 (the "1996 Agreement"), respectively (collectively, the "Recording Agreements"). *Id*. at ¶¶ 39, 62, 70; Exs. "A"-"C" thereto. Under each of those Agreements, Cintas paid Rivera to exclusively record multiple albums (collectively, the "Works"), and to grant **all rights** in those Works to Cintas. *See* Exs. "A"-"C" to FAC. Rivera also granted Cintas the "perpetual right" to exploit her name, image and likeness ("NIL") rights "for the purpose of advertising, promoting, selling, and otherwise merchandising records" as well as to promote Cintas' business generally. *See Id*.

Under all three Recording Agreements, Cintas agreed to maintain books of account "concerning the sale, distribution, and exploitation of records" and to remit quarterly royalty statements. *See id*. However, in Section 4(f) of the 1993 Agreement, the parties also agreed that "**[a]ny objection**…to any royalty statement **shall be deemed waived** unless it is transmitted" "within 8 weeks from the date of

2
MOTION TO DISMISS

the statement." Ex. "A" to FAC. (emphasis added). Further, in Section 4(e) of the 1995 and 1996 Agreements, the parties agreed that "**[n]o action, suit, or proceeding**…in respect of any royalty statement…**may be**…**commenced**…**within one (1) year after** the date rendered." Exs. "B"-"C" to FAC (emphasis added).

All three Recording Agreements (i.e., Section 14 of the 1993 Agreement and Section 18 of the 1995 and 1996 Agreements) also required that notice of any alleged breach, together with the opportunity to cure, be provided to the allegedly breaching party. Exs. "A"-"C" to FAC. Further, Section 20 of the 1995 and 1996 Agreements set forth that "**[n]o termination** of [the] agreement…**shall in any way limit** or curtail any of **[Cintas]'s rights**, title, interest, or privilege **to or in connection with any of the results and proceeds** of [Jenni]'s endeavors **under [the] agreement**." Exs. "B"-"C" to FAC. (emphasis added).

Despite these contractual limitations precluding suit on any claim based upon unpaid royalties, Plaintiffs have commenced this action more than ten years after Rivera's passing. The FAC sets forth amended Causes of Action for (1) Copyright Infringement; (2) Violation of Section 43(a) of the Lanham Act; (3) Breach of Contract; (4) Violation of § 17200 of the California Business and Professions Code; (5) Violation of California Civil Code § 3344; (6) Fraudulent Concealment; and (7) Conversion. **All of these claims**, however, are fundamentally (and fatally) premised on the argument that the rights Defendants possessed in the Works and/or Rivera's NIL rights, by way of the parties' execution of the Recording Agreements, were rescinded when Defendants allegedly breached such Agreements by failing to pay royalties. *See* FAC at ¶¶ 3, 157-160.

### III. DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT, AND THE COURT'S ORDER THEREON

On October 19, 2023, Defendants filed a Motion to Dismiss Plaintiff's original Complaint, on the basis that each and every Cause of Action therein was barred by the respective contractual limitation period set forth in each Recording

Agreement, or by one or more applicable statutes of limitations. Dkt. No. 17. Plaintiffs filed an Opposition thereto on November 3, 2023, and Defendants filed a Reply on November 10, 2023. Dkt. Nos. 23-24. Defendants' Motion to Dismiss was thereafter heard before this Court on December 15, 2023. Dkt. No. 28.

On December 18, 2023, the Court granted Defendants' Motion to Dismiss, setting forth in its order (the "Order") that the "**main issue**" was "**whether [Plaintiffs'] claims are time barred**." Dkt. No. 32 (emphasis added). The Court stated that "[i]t is clear from the face of the complaint that the claims fall outside the limitations period." *Id*. And while the Court acknowledged that the parties have differing views regarding which limitations period applied (i.e., one year under the Recording Agreements, or two to four years under various statutes of limitation), the Court recognized – correctly – the undisputed fact that "**Plaintiffs' claims cannot survive without the application of a tolling doctrine**." *Id* (emphasis added).

In its Order, the Court also addressed Plaintiffs' claim that the theory of fraudulent concealment tolled the running of all relevant and applicable limitations periods – stating that the allegations in the Complaint "fall short of the applicable standard for two reasons." *Id*. **First**, the Court found that the standard could not be applied because Plaintiffs' claims did not "set forth the facts with the particularity required for allegations of fraud" – including "specific misrepresentations, when they were made, what was concealed, or how any concealment thwarted Plaintiffs' discovery of the misconduct." *Id*. **Second**, the Court found that the standard could not be applied because Plaintiffs' claims did not "show why other individuals … could not have discovered the misconduct by exercising reasonable diligence." *Id*.

On this second point, the Court further explained that "[w]hen considering diligence, the estate, as the successor-in-interest to Rivera's rights, can only assert rights that Rivera would have had." *Id*. In their FAC, Plaintiffs have amended their allegations to limit Defendants' alleged concealment to "in or around December of 2012" (i.e., after Rivera's passing). Nevertheless, Plaintiffs must still establish that

*they* could not have discovered the alleged violations in the exercise of reasonable diligence – including by demanding royalty statements that Defendants allegedly failed to provide in "obvious breach" of the Recording Agreements. *Id*.

As the Court will see, not only do Plaintiffs' amended allegations regarding fraudulent concealment continue to be far too vague under the Federal Rules, but – more importantly – such allegations do **nothing** to address why Plaintiffs plainly failed to take any action from 2012 to 2022 to discover Defendants' alleged failure to provide accurate royalty statements (or any statements at all).

### IV. <u>LEGAL STANDARD</u>

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the claims in a complaint. Under Federal Rules of Civil Procedure ("FRCP") § 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." To survive a 12(b)(6) motion, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A claim for relief is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, a "formulaic recitation of the elements of a cause of action" is not enough to show plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And while the court must take all factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678 (requiring "more than just a sheer possibility that the defendant acted unlawfully…").

### V. <u>ARGUMENT</u>

**A.** <u>**Each And Every One Of Plaintiffs' Claims Are Barred By The Contractual Limitations Periods Set Forth In Exhibits "A"-"C"**</u>

As the Court acknowledged in its Order, the parties do not dispute that the Recording Agreements contain contractual limitations periods of no longer than one

year. And while the Court expressly declined to rule on whether one or more of those contractual limitations periods applies over any statutorily-imposed limitations period, there is no dispute that the Court may consider such limitations periods contained in Exhibits "A"-"C." *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Further, **Plaintiffs can plead themselves out of court** where the allegations in the FAC are brought in contradiction with the undisputed limitations periods found in such incorporated Exhibits. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-989 (9th Cir. 2001); *see also Thompson v. Illinois Dep't of Pro. Regul.*, 300 F.3d 750, 754 (7th Cir. 2002) (It is a "well settled rule that when a written instrument contradicts allegations in a complaint to which it is attached, *the exhibit trumps the allegations*.") (emphasis in original).

Plaintiffs' FAC therefore must be dismissed, without leave to amend, because each and every Cause of Action contained therein is premised on the theory that even though Defendants owned all rights in the Works and NIL rights by way of the Recording Agreements, Defendants lost those rights via the legal theory of recission when they allegedly breached the Agreements by failing to provide royalty statements and/or pay royalties to Plaintiffs. Yet, the undisputed language of the Recording Agreements establishes that any challenge to any royalty statements or payments thereon had to have been brought within at least a year – or any such claim is waived. Here, the FAC alleges that Defendants continually failed to provide royalty statements "since in or around December of 2012." FAC at ¶¶ 52, 95.

To get around this fatal defect, Plaintiffs allege a standalone Cause of Action for Fraudulent Concealment, and contend that such concealment tolls the statute of limitations as to all Causes of Action in the FAC. Plaintiffs argue that Defendants, through their alleged representatives, concealed a supposed "scheme" involving "falsifying and doctoring documents" and "actively and intentionally" preventing Plaintiffs "from discovering any material facts pertaining to the scheme…" FAC at ¶¶ 54-58, 90-94, 115-133. But, as explained in detail below, Plaintiffs' amended

allegations continue to fail to set forth enough facts, with sufficient specificity, to establish the what, why, or how of any such alleged concealment, **or any facts at all** to establish Plaintiffs' reasonable diligence in discovering the same.

Accordingly, each and every Cause of Action in the FAC is barred by the contractual limitations periods set forth in the Recording Agreements incorporated into Plaintiffs' FAC as Exhibits "A" through "C" thereto.

### B. Each And Every One Of Plaintiffs' Claims Are Barred By All Statutorily-Imposed Limitations Periods

*Even if* the Court finds that the respective contractual limitations periods set forth in the Recording Agreements do not bar one or more of Plaintiff's Causes of Action in the FAC, all relevant and applicable statutory limitations periods would. As reflected in Defendants' cited authority, and confirmed by the Court in its Order, the undisputed "maximum range" of potentially applicable statutory limitations periods would be between two to four years. *See* 17 U.S.C. § 507(b); California Code of Civil Procedure ("CCP") § 343; *Miller v. Glenn Miller Prods.*, 318 F.Supp.2d 923, 942, n.11 (C.D. Cal. 2004); CCP § 337; California Civil Code § 3344; CCP § 338(d); *see also Murphy v. Am. Gen. Life Ins. Co.*, 74 F.Supp.3d 1267, 1279 (C.D. Cal. 2015). Even under this "maximum range," however, all of Plaintiffs' Causes of Action are barred because the FAC clearly alleges that Defendants have continually failed to provide accurate royalty statements (or any statements at all) "since in or around December of 2012." FAC at ¶¶ 52, 95.

### C. Plaintiffs' Sixth Cause Of Action For Fraudulent Concealment Also Fails Because It Has Not Been Adequately Pled

A plaintiff alleging a claim of fraud must meet FRCP 9(b)'s heightened pleading standard, which means pleading circumstances constituting fraud with particularity. *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1031-1032 (9th Cir. 2016). However, in order to show fraudulent concealment with particularity, the Complaint must set forth: (1) when the fraud was discovered; (2) the circumstances

under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put the plaintiff on inquiry. *Deirmenjian v. Deutsche Bank, A.G.*, No. CV 06-00774 MMM CWX, 2006 WL 4749756, at *42 (C.D. Cal. Sept. 25, 2006) (citing *Baker v. Beech Aircraft Corp.*, 39 Cal.App.3d 315, 321 (1974)). Just as importantly, Plaintiffs are also **obligated** to establish their reasonable diligence in trying to uncover the alleged fraud. *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 195-196 (1997).

Here, Plaintiffs' FAC continues to fail to include sufficient specificity regarding the "what", "why" and/or "how" of Defendants' alleged fraudulent concealment. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Although Plaintiffs now vaguely allege that Defendants concealed a supposed "scheme" involving "falsifying and doctoring documents" and "actively and intentionally" preventing Plaintiffs "from discovering any material facts pertaining to the scheme" (FAC at ¶¶ 54-58, 90-94, 115-133), the relevant allegations still do not provide any description of the specific misrepresentations, when they were made, what was concealed, or how any such concealment thwarted Plaintiffs' earlier discovery of Defendants' alleged misconduct.

On the issue of setting forth specific misrepresentations, Plaintiffs do not even specify *which* documents were allegedly falsified or doctored. Since Plaintiffs claim to have conducted an audit, which they allege resulted in the discovery of wrongdoing,[1] surely Plaintiffs could identify specific documents and cite to specific information within such identified documents that Defendants allegedly falsified or doctored. Instead, Plaintiffs cannot even set forth *when* such alleged falsification or doctoring occurred in the more than ten years since December 2012.

---

1 On or about January 4, 2022, Plaintiffs issued a press release, which was published on the Telemundo Television Broadcasting Company's website on or about January 5, 2022, announcing *inter alia* that Campos had "take[n] over the position of executive director" of Plaintiffs, and that "[i]n spite of recent communication media reports, **there was no evidence of any crime, misappropriation or theft of fiduciary funds**…" Request for Judicial Notice at ¶ 1; Exhibit "A" thereto (emphasis added). This press release seemingly contradicts Plaintiffs' claims here regarding the results of the audit allegedly conducted.

*Even if* the Court finds that Plaintiffs' amended allegations meet the specificity standards for a claim of fraudulent concealment (which Defendants dispute), Plaintiffs' allegations still do not address their complete lack of diligence in discovering Defendants wrongdoing earlier than 2022. As the Court sets forth in its Order, if Plaintiffs never received any royalty statements at all, **they could have demanded them**. *See* Dkt. No. 32. Yet, Plaintiffs allege no facts at all to address any actions taken by Plaintiffs to demand any such allegedly unproduced royalty statements until conducing an audit in or around 2021.

In so doing, Plaintiffs essentially admit that they did not exercise reasonable diligence over the past ten years. Plaintiffs argue that the ages of the beneficiaries, their alleged lack of experience in the music and entertainment industries, and their relationship to Pedro Rivera, as the principal of Defendants, justified their complete and total inattention to the Estate's business with Defendants from 2012 to 2022. But, as Plaintiffs admit in the FAC, at least two of the four beneficiaries were *full-fledged adults* (i.e., over 21 years of age) in 2012. Furthermore, the beneficiaries did not need to have entertainment or music industry experience to understand their general responsibility to periodically audit the source(s) of monies flowing to the Estate, regardless of the industry from which such monies were originally generated.

Accordingly, Plaintiffs have failed to allege their Sixth Cause of Action for Fraudulent Concealment with sufficient specificity, and the claim should therefore be dismissed.

## VI.  LEAVE TO AMEND SHALL NOT BE GRANTED

As set forth herein, the undisputed contract language in Exhibits "A"-"C" completely precludes each and every cause of action set forth in the FAC, and Plaintiffs have failed to sufficiently plead fraudulent concealment to avoid such a determination. This failure also comes after the Court granted Plaintiffs leave to amend their original allegations, and gave Plaintiffs a clear roadmap regarding the facts Plaintiffs must necessarily plead to avoid a similar ruling again. *See* Dkt. No.

32. Accordingly, the FAC cannot be saved by further amendment, and must be dismissed without further leave to amend. *U.S. v. Corinthian Colleges* 655 F.3d 984, 995 (9th Cir. 2011).

## VII. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss, without leave to amend.

DATED:  January 5, 2024              **ALTVIEW LAW GROUP, LLP**

By: _____
JOHN M. BEGAKIS
*Attorneys for Defendants*
CINTAS ACUARIO, INC., a California corporation; and AYANA MUSIC, INC., a California corporation

# DECLARATION OF JOHN BEGAKIS

I, John Begakis, declare and state as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a founding partner at AltView Law Group, LLP and counsel for Defendants CINTAS ACUARIO, INC., a California corporation ("Cintas"), and AYANA MUSICAL, INC., a California corporation ("Ayana") (collectively, "Defendants"). I hereby submit this declaration in support of Defendants' Motion to Dismiss the First Amended Complaint (the "FAC") filed on December 22, 2023 by Plaintiffs JENNI RIVERA ENTERPRISES, LLC, a California limited liability company ("JRE"), and JAQUELIN CAMPOS, an individual ("Campos"), in her capacity as executrix of the ESTATE OF DOLORES J. RIVERA (the "Estate"), the successor-in-interest to the rights of Dolores J. Rivera, professionally known as Jenni Rivera (collectively, "Plaintiffs"), pursuant Federal Rule of Civil Procedure ("FRCP") 12(b)(6) (the "Motion").

2. On or about Friday, December 22, 2023, my office was served with a filed copy of the FAC. Because I was on paternity leave at the time, and because of the Christmas holiday, I was not able to review the FAC until the following week.

3. On or about Tuesday, December 26, 2023, I sent an email to Plaintiff's counsel indicating that Defendants believed a Motion to Dismiss the FAC was appropriate, and requesting counsel's availability to meet and confer by telephone. Because of the holidays, however, counsel and I were not able to find a time to telephonically meet and confer by December 29, 2023 (i.e., at least seven (7) days prior to the filing of this Motion, as required by Local Rule 7-3).

4. Nevertheless, on Tuesday, January 2, 2024 (i.e., my first day back in the office after the holidays, and after being on paternity leave during the months of November and December), I spoke with Plaintiffs' lead counsel, Brady Williamson, Esq., regarding our position as to Plaintiffs' amended allegations. Although the call was cordial and not necessarily unproductive, no agreement could be reached as to

whether any of Defendants' perceived deficiencies with the FAC could be resolved further. Accordingly, this Motion necessarily results.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on January 5, 2024, at Los Angeles, California.

_____
JOHN M. BEGAKIS

# CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2024, a copy of **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JOHN BEGAKIS IN SUPPORT THEREOF** was served by electronic mail at the address below:

Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
CRITERION COUNSEL, LAW CORPORATION
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, CA 91367
cpham@criterioncounsel.com
mchaney@criterioncounsel.com


Frank Salzano, Esq.
Brady Williamson, Esq.
SALZANO, ETTINGER LAMPERT & WILSON, LLP
104 West 40th Street, 14th Floor
New York, NY 10018
fsalzano@selwlaw.com
bwilliamson@selwlaw.com

January 5, 2024                              /s/ John M. Begakis
                                             JOHN M. BEGAKIS