Brady Williamson, Esq. (*admitted pro hac vice*)
Salzano Ettinger Lampert & Wilson, LLP
104 West 40th Steet, 14th Floor
New York, NY 10018
Telephone: (212) 375-6746
Facsimile: (646) 365-3119
bwilliamson@selwlaw.com

Christopher Q. Pham, SBN: 206697 (*local counsel*)
E-mail: cpham@criterioncounsel.com
Criterion Counsel, Law Corporation
6355 Topanga Canyon Blvd., Suite 326
Woodland Hills, CA 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

*Attorneys for Plaintiffs* Jenni Rivera Enterprises, LLC; and The Estate Of Dolores J. Rivera

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNI RIVERA ENTERPRISES, LLC, a California limited liability company; and JACQUELIN CAMPOS, an individual, in her capacity as executrix of the ESTATE OF DOLORES J. RIVERA, the successor-in-interest to the rights of Dolores J. Rivera, professionally known as Jenni Rivera,<br><br>Plaintiffs,<br><br>v.<br><br>CINTAS ACUARIO, INC., a California corporation; AYANA MUSICAL, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-07847 SB (JCx)<br><br>**PLAINTIFFS' TABLE OF CONTENTS AND TABLE OF AUTHORITIES IN CONNECTION WITH MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**Hearing**<br><br>Date:     **02/09/2024**<br>Time:     **8:30 A.M.**<br>Courtroom:  **6C** |

- i -

TABLE OF CONTENTS AND TABLE OF AUTHORITIES

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………..……….………iii

I. INTRODUCTION AND RELEVANT FACTUAL ALLEGATIONS……...1

II. LEGAL STANDARD……………………………………………...……...8

III. ARGUMENT……………………………………………………………..8

    A. Plaintiffs' Claims Are Not Barred By the Statute of Limitations….....8

        1. Plaintiffs Satisfied the Pleading Standards of the Fraudulent Concealment Doctrine……………………………….……10

        2. Plaintiffs Satisfied the Pleading Standards of the Discovery Rule………………………………………………..13

    B. Plaintiffs' Claims Are Not Barred By the 1993-1996 Recording Agreements……………………………………………………….14

    C. Plaintiffs' Fraudulent Concealment Claim is Adequately Pled……..14

    D. The Court Cannot Judicially Notice the Contents of the Press Release……………………………………………………...…..15

    E. Leave to Amend Should Be Granted, If Dismissed…………………17

IV. CONCLUSION…………………………………………………………..17

# **TABLE OF AUTHORITIES**

**CASES**

*Apr. Enterprises, Inc. v. KTTV*,
195 Cal. Rptr. 421 (Cal. Ct. App. 1983)......................................................................9, 13

*Bailey v. Glover*,
88 U.S. 342 (1874) ............................................................................................................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..........................................................................................................8

*Cahill v. Liberty Mut. Ins. Co.*,
80 F.3d 336 (9th Cir. 1996) ..............................................................................................8

*Conmar Corp. v. Mitsui & Co. (U.S.A.)*,
858 F.2d 499 (9th Cir. 1988) .......................................................................2, 9, 10, 11, 12, 13

*E.W. French & Sons, Inc. v. General Portland Inc.*,
885 F.2d 1392 (9th Cir.1989)..........................................................................................10

*Farrell v. Boeing Emps. Credit Union*,
No. 16-CV-02711 NC, 2016 WL 60932391 (N.D. Cal. Oct. 19, 2016) ..........................8

*Fox v. Ethicon Endo-Surgery, Inc.*,
110 P.3d 914  (Cal. 2005).............................................................................................8-9

*Gerritsen v. Warner Bros. Entm't Inc.*,
112 F. Supp. 3d 1011 (C.D. Cal. 2015)……………………………….…….…....16

*Hexcel Corp. v. Ieonos Polymers, Inc.*,
681 F.3d 1055 (9th Cir. 2012) .......................................................................................10

*Hobart v. Hobart Estate Co.*,
159 P.2d 958 (1945)…………………………………………………..……………..13

*Huynh v. Chase Manhattan Bank*,
465 F.3d 992  (9th Cir.2006) ...........................................................................................9

*In re Coordinated Pretrial Proc. in Petroleum Prod. Antitrust Litig.*,
782 F. Supp.  487 (C.D. Cal. 1991) ................................................................2, 10, 11, 12, 13

*In re Easysaver Rewards Litigation*,
737 F. Supp. 2d 1159 (S.D. Cal. 2010) ..........................................................................16

*Mitchell Rubber Prod., LLC v. Verlan Fire Ins. Co.*,
No. EDCV211845JGBKKX, 2022 WL 17222233 (C.D. Cal. Aug. 12, 2022)….8, 17

*Parsons v. Tickner*,
37 Cal. Rptr. 2d 810 (1995) ..................................................................................9, 11, 13

*Ryan v. Microsoft Corp.*,
147 F. Supp. 3d 868 (N.D. Cal. 2015) .............................................................. 9, 10

*Urbano v. Bank of Am., N.A.*,
No. 1:12-CV-00464 AWI, 2012 WL 2934154 (E.D. Cal. July 18, 2012) ................ 9

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
592 F.3d 954 (9th Cir. 2010) ..............................................................................8

*Williams v. Just*,
No. 215CV2143WBSCKDP, 2016 WL 740531 (E.D. Cal. Feb. 25, 2016)............8

*Wolf v. Mason-McDuffie Real Est., Inc.*,
No. 22-CV-00627-MMC, 2022 WL 4126273 (N.D. Cal. Sept. 9, 2022) ............... 13

*Yumul v. Smart Balance, Inc.*,
733 F. Supp. 2d 1117 (C.D. Cal. 2010) .......................................................... 9, 13

**RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1

Fed. R. Civ. P. 15 ................................................................................................... 17

Fed. R. Evid. 201(a) ............................................................................................... 16

Fed. R. Evid. 201(b) ............................................................................................... 16