UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNI RIVERA ENTERPRISES, LLC et al., <br><br> Plaintiffs, <br><br> v. <br><br> CINTAS ACUARIO, INC. et al., <br><br> Defendants. | Case No. 2:23-cv-07847-SB-JC <br><br> ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT [DKT. NO. 35] |

Plaintiffs—the estate of famed Latin American singer Jenni Rivera (through its executrix Jacquelin Campos) and a company owned by the estate (Jenni Rivera Enterprises LLC (JRE))—brought this suit against two music recording and distribution companies—Cintas Acuario, Inc., and Ayana Musical, Inc.—for distributing Rivera's music and using her name, image, and likeness (NIL), allegedly without permission and in violation of contractual terms. Defendants moved to dismiss the complaint as time barred. On December 18, 2023, this Court granted Defendants' motion to dismiss on statute of limitations grounds, allowing Plaintiffs leave to amend their complaint to further plead facts supporting the application of a tolling doctrine. Dkt. No. 32. After Plaintiffs filed their first amended complaint (FAC), Defendants renewed their motion to dismiss, which the Court denies for the reasons below.

I.

A claim that the statute of limitations is tolled by the doctrine of fraudulent concealment requires a plaintiff to plead "with particularity the circumstances surrounding the concealment," and to allege, among other things, "that the plaintiff was not at fault for failing to discover [the violation] or had no actual or presumptive knowledge of fact to put him on inquiry." *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120 (9th Cir. 1980) (summarizing California law). Dismissal should only be granted "if the assertions of the complaint, read with the

1

required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id*. at 119 (internal quotation omitted); *accord Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

In its previous order dismissing the case, the Court identified two reasons why the initial complaint could not survive the motion to dismiss: first, because it failed to plead fraud with sufficient particularity in support of its tolling claim, relying instead on general allegations of "active concealment" and "misrepresentations"; and second, because it did not explain why Plaintiffs could not have discovered the alleged misconduct had they exercised due diligence. At the hearing on the motion, Plaintiffs alleged that they could cure those defects if allowed to amend. The Court granted leave to amend, and Plaintiffs filed a first amended complaint (FAC) on December 22 (Dkt. No. 33), which Defendants now move to dismiss for the same defects (Dkt. No. 35). The Court heard argument on the motion on February 9, 2024.

## II.

### A.

The FAC contains several additional allegations that cure the deficiencies.

First, Plaintiffs specify the circumstances surrounding the alleged concealment. They allege: (1) what happened, who was responsible, and how the concealment operated, Dkt. No. 33 ¶¶ 4–8, 118–30 (alleging a secret agreement between Rivera's father (Pedro), sister (Rosie), and brother (Juan), entered into after Rivera's passing, in which Pedro promised Rosie and Juan the eventual full control of Defendant companies in exchange for Rosie and Juan running Plaintiff entities, disregarding Defendant companies' failure to fulfill contractual obligations, and keeping estate's beneficiaries in the dark); (2) a specific conversation at Cintas's headquarters in 2013 in which Pedro, Rosie, and Juan discussed the need to keep the beneficiaries from learning of their conduct, *id*. ¶¶ 122–23 (Pedro refers to the beneficiaries as "stupid children" and instructs Rosie and Juan to be careful that the youngest does not discover the scheme when he grows up); and (3) the affirmative steps Defendants took to conceal the scheme, *id*. ¶ 16 (dissolving predecessor company, creating JRE, and assigning it all of Rivera's rights); *id*. ¶ 124 (firing all staff members and replacing them with new ones loyal to Rosie and Juan); *id*. ¶¶ 125–26 (having an attorney draft a fraudulent letter misrepresenting the ownership of the rights to Rivera's music and NIL); *id*. ¶¶ 128–29 (issuing a fraudulent accounting statement to Plaintiffs).

Second, Plaintiffs explain why they were not at fault for failing to discover the alleged violations through the exercise of reasonable diligence from 2012–2022 by: (1) limiting Plaintiffs' claims to only those violations that occurred after Rivera's death, *id.* ¶¶ 2, 8, 220; (2) alleging that, from the time of Rivera's death until December 2021, Plaintiffs' entities were controlled by Rosie and Juan, who were allegedly part of a conspiracy with Defendant companies, *id.* ¶ 4 (Rosie was executrix of the estate, trustee of the estate's trust, and CEO of JRE), *id.* ¶ 5 (Juan was "an officer, director, agent, or representative of JRE"), *id.* ¶¶ 6–9 (Rosie and Juan conspired with Pedro and Defendants to conceal violations from Plaintiffs); (3) clarifying why no one else at Plaintiff JRE would have known about the scheme, *id.* ¶ 124 (Rosie dismissed all former employees with loyalties to Rivera or beneficiaries), *id.* ¶ 140 (all employees of JRE prior to 2022 were "either directly involved in the scheme or willingly turned a blind eye to it"); and (4) explaining why the beneficiaries of the estate possessed no actual or constructive knowledge sufficient to put them on inquiry notice of the violations, *id.* ¶ 129 (Defendants issued fraudulent accounting statement to Plaintiffs), *id.* ¶ 4–9 (person serving as executrix of estate and trustee of estate's trust was actively conspiring with Defendants), *id.* ¶ 6 (family members conspired to intentionally keep beneficiaries from discovering scheme by reassuring them that they had their best interests in mind and beneficiaries reasonably believed them).

Third, Plaintiffs explain when and how they became aware of the scheme and how they have acted diligently since. *Id.* ¶ 118 (Plaintiffs received results of an audit of the youngest beneficiary's subtrust in early 2022); *id.* (Campos replaced Rosie as executrix of estate, trustee of estate's trust, and CEO of JRE); *id.* ¶¶ 138–42 (describing diligence since 2022 discovery).

B.

Defendants' motion to dismiss does not adequately address the new allegations, arguing that the FAC does not identify "what was concealed" or explain why Plaintiffs could not have discovered it earlier by demanding royalty statements, requesting audits, or otherwise. Dkt. No. 35 at 8.

The FAC, however, states what was concealed: a deliberate scheme by Pedro, Rosie, and Juan, using their positions at Cintas, Ayana, and JRE, to enrich themselves at Plaintiffs' expense by failing to fulfill their contractual obligations. Dkt. No. 33 ¶ 8. The scheme is described with specificity, as set forth above. The FAC also offers an explanation for Plaintiffs' failure to discover the alleged wrongdoing earlier than December 2021. Plaintiffs now allege that those in charge

3

of the Plaintiff entities—and the only people who knew what royalties were being paid or had the right to demand royalty statements—were actively conspiring with Defendants to deliberately fail to enforce Plaintiffs' contractual rights. If Plaintiffs' allegations are true, as must be assumed on a motion to dismiss, then Plaintiffs (i.e., Rivera's estate and related company) were effectively controlled by agents of Defendants who thwarted Plaintiffs' ability to discover the alleged scheme until December 2021. Defendants have not shown that they are entitled to dismissal in these circumstances.

III.

Both parties agree that the success of this motion "rise[s] and fall[s] on whether a tolling doctrine applies." Dkt. No. 40 at 4. Defendants' motion does not demonstrate that the "assertions of the complaint, read with the required liberality, would not permit [Plaintiffs] to prove that the statute was tolled." *Conerly*, 623 F.2d at 119. Accordingly, the motion is DENIED.[1]

Date: February 9, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[1] Defendants separately move for judicial notice of a press release attached to their motion. The motion is denied. As Defendants concede, the Court cannot rely on the content of the press release for its truth. Dkt. No. 40 at 5.