John M. Begakis, Esq. (SBN 278681)
john@altviewlawgroup.com
**ALTVIEW LAW GROUP, LLP**
12100 Wilshire Blvd., Suite 800
Los Angeles, California 90025
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Defendants* CINTAS ACUARIO,
INC., a California corporation, and AYANA
MUSICAL, INC., a California corporation

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNI RIVERA ENTERPRISES, LLC, a California limited liability company; and JAQUELIN CAMPOS, an individual, in her capacity as executrix of the ESTATE OF DOLORES J. RIVERA, the successor-in-interest to the rights of Dolores J. Rivera, professionally known as Jenni Rivera, <br><br> Plaintiff, <br><br> v. <br><br> CINTAS ACUARIO, INC., a California corporation; AYANA MUSICAL, INC., a California corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO: 2:23-cv-07847-SB-JC <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** <br><br> Action Filed: September 20, 2023 <br> Trial Date: November 12, 2024 |
| CINTAS ACUARIO, INC., a California corporation; AYANA MUSICAL, INC., a California corporation, <br><br> Counterclaimants, <br><br> v. <br><br> JENNI RIVERA ENTERPRISES, LLC, a California limited liability company; JANNEY MARIN RIVERA, an individual; JACQUELIN CAMPOS, an individual and trustee of THE DOLORES J. RIVERA LIVING TRUST; JENIKA LOPEZ, an individual; TRINIDAD MARIN, an individual; JUAN LOPEZ, an individual, and ROES 1-25, inclusive <br><br> Counterdefendants. | |

ANSWER AND COUNTERCLAIMS

Defendants CINTAS ACUARIO, INC., a California corporation ("Cintas") and AYANA MUSICAL, INC., a California corporation ("Ayana") (collectively, "Defendants"), by and through their counsel of record, hereby answers the First Amended Complaint (the "FAC") brought by Plaintiffs JENNI RIVERA ENTERPRISES, LLC, a California limited liability company ("JRE"), and JAQUELIN CAMPOS, an individual ("Campos"), in her capacity as executrix of the ESTATE OF DOLORES J. RIVERA (the "Estate"), the successor-in-interest to the rights of Dolores J. Rivera, professionally known as Jenni Rivera (collectively, "Plaintiffs"), as follows:

## INTRODUCTION

1.      Defendants deny generally and specifically each and every allegation contained in Paragraph 1 of the FAC.

2.      Defendants solely admit that Dolores Janney Rivera Saavedra p/k/a Jenni Rivera ("Jenni") was a widely acclaimed recording artist who passed away untimely and tragically on December 9, 2012, and that Pedro Rivera Sr. ("Pedro") solely owns Cintas and Ayana. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 2 of the FAC.

3.      Defendants deny generally and specifically each and every allegation contained in Paragraph 3 of the FAC.

4.      Defendants solely admit that Rosie Rivera Flores ("Rosie") became the Chief Executive Officer ("CEO") of JRE, the executrix of the Estate, and the trustee of the Dolores J. Rivera Living Trust (the "Trust"), that she held those positions from approximately December of 2012 to December of 2021, and that she presently has a role in the operations of Defendants. Defendants otherwise presently possess insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the FAC, and on that basis, deny generally and specifically each and every remaining allegation contained therein.

1    5.      Defendants solely admit that Juan Rivera ("Juan") had a role in the
2  operations of JRE and now presently has a role in the operations of Defendants.
3  Except as so expressly admitted herein, however, Defendants deny generally and
4  specifically each and every remaining allegation contained in Paragraph 5 of the
5  FAC.

6        6.      Defendants solely admit that Pedro and Juan had previous experience
7  in the music and entertainment business. Defendants otherwise presently possess
8  insufficient knowledge or information to form a belief as to the truth of the
9  remaining allegations contained in Paragraph 6 of the FAC, and on that basis, deny
10  generally and specifically each and every remaining allegation contained therein.

11       7.      Defendants contend that they presently possess insufficient knowledge
12  or information to form a belief as to the truth of the allegations contained in
13  Paragraph 7 of the FAC, and on that basis, deny generally and specifically each and
14  every allegation contained therein.

15       8.      Defendants deny generally and specifically each and every allegation
16  contained in Paragraph 8 of the FAC.

17       9.      Defendants deny generally and specifically each and every allegation
18  contained in Paragraph 9 of the FAC.

19       10.     Defendants contend that they presently possess insufficient knowledge
20  or information to form a belief as to the truth of the allegations contained in
21  Paragraph 10 of the FAC, and on that basis, deny generally and specifically each
22  and every allegation contained therein.

23       11.     Defendants contend that they presently possess insufficient knowledge
24  or information to form a belief as to the truth of the allegations contained in
25  Paragraph 11 of the FAC, and on that basis, deny generally and specifically each
26  and every allegation contained therein.

27       12.     Defendants solely admit that they have asserted and continue to assert
28  that they own and control 100% of the rights in Jenni's musical works, and the

ANSWER AND COUNTERCLAIMS

unencumbered right to exploit Jenni's name, image, and likeness ("NIL"), as set forth in the various recording agreements entered into between Defendants and Jenni. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 12 of the FAC.

13.     Defendants deny generally and specifically each and every allegation contained in Paragraph 13 of the FAC.

**THE PARTIES**

14.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

15.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

16.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

17.     Defendants admit the allegations set forth in Paragraph 17 of the FAC.

18.     Defendants admit the allegations set forth in Paragraph 18 of the FAC.

19.     Defendants admit the allegations set forth in Paragraph 19 of the FAC.

20.     Defendants solely admit that Pedro owns and controls Defendants, and that Rosie and Juan presently have a role in the operations thereof. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 20 of the FAC.

21.     Defendants contend that they presently possess insufficient knowledge

ANSWER AND COUNTERCLAIMS

or information to form a belief as to the truth of the allegations contained in Paragraph 21 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

22.     Defendants solely admit that Defendants Cintas and Ayana are collectively referred to herein as Cintas and Ayana. Except as so expressly admitted in Paragraph 22 of the FAC, however, Defendants deny generally and specifically each and every remaining allegation contained therein.

## JURISDICTION AND VENUE

23.     Defendants solely admit that Plaintiffs allege that the this is a civil action seeking, among other things, damages, declaratory relief, and injunctive relief. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 23 of the FAC.

24.     Defendants solely admit that Plaintiffs allege that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338; 17 U.S.C. § 101, *et seq.*, 15 U.S.C. § 1051, *et seq.*, and 28 U.S.C. § 1367. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 24 of the FAC.

25.     Defendants solely admit that Plaintiffs allege that this Court has personal jurisdiction over Defendants, and that venue is proper under 28 U.S.C. § 1391(b)(1). Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 25 of the FAC.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

**I.     The Lifetime, Achievements, and Legacy of Jenni Rivera**

26.     Defendants admit the allegations set forth in Paragraph 26 of the FAC.

27.     Defendants admit the allegations set forth in Paragraph 27 of the FAC.

28.     Defendants admit the allegations set forth in Paragraph 28 of the FAC.

ANSWER AND COUNTERCLAIMS

29. Defendants admit the allegations set forth in Paragraph 29 of the FAC.

30. Defendants admit the allegations set forth in Paragraph 30 of the FAC.

31. Defendants admit the allegations set forth in Paragraph 31 of the FAC.

32. Defendants admit the allegations set forth in Paragraph 32 of the FAC.

33. Defendants admit the allegations set forth in Paragraph 33 of the FAC.

34. Defendants admit the allegations set forth in Paragraph 34 of the FAC.

35. Defendants admit the allegations set forth in Paragraph 35 of the FAC.

36. Defendants admit the allegations set forth in Paragraph 36 of the FAC.

37. Defendants admit the allegations set forth in Paragraph 37 of the FAC.

38. Defendants admit the allegations set forth in Paragraph 38 of the FAC.

**II.    Jenni Rivera Enters Into Her First Recording Agreement With Her Father's Record Company**

39. Defendants solely admit that Jenni entered into a recording agreement with Defendant Cintas on or about April 15, 1993 (the "1993 Recording Agreement"). Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 39 of the FAC.

40. Defendants solely admit that the 1993 Recording Agreement obligated Jenni to record exclusively on behalf of Defendant Cintas for three years and provided Defendant Cintas with rights thereunder. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 40 of the FAC.

41. Defendants solely admit that Defendant Cintas was obligated under the 1993 Recording Agreement to remit to Jenni or Jenni's appointed agent, royalty payments, and all applicable royalty statements in connection with any such payments. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 41 of the FAC.

ANSWER AND COUNTERCLAIMS

42.    Defendants solely admit that the 1993 Recording Agreement granted Cintas the right to use Jenni's NIL rights. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 42 of the FAC.

43.    Defendants deny generally and specifically each and every allegation contained in Paragraph 43 of the FAC.

44.    Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 44 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

45.    Defendants solely admit that Jenni recorded the works listed in subparagraphs (a)-(d), pursuant to the 1993 Recording Agreement, and that Defendants distributed and earned revenue from such works. Defendants otherwise presently possess insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 45 of the FAC, and on that basis, deny generally and specifically each and every remaining allegation contained therein.

46.    Defendants admit that Plaintiffs collectively identify the foregoing sound recordings and albums, along with any other singles recorded and produced by Jenni pursuant to the 1993 Recording Agreement, as the "1993 Musical Works."

47.    Defendants solely admit that they exploited the 1993 Musical Works, pursuant to their rights under the 1993 Recording Agreement. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 47 of the FAC.

48.    Defendants solely admit that they exploited Jenni's NIL rights pursuant to their rights under the 1993 Recording Agreement. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 48 of the FAC.

7

1        49.    Defendants deny generally and specifically each and every allegation
2   contained in Paragraph 49 of the FAC.

3        50.    Defendants deny generally and specifically each and every allegation
4   contained in Paragraph 50 of the FAC.

5        51.    Defendants solely admit that they have earned monies from their
6   exploitation of the 1993 Musical Works, pursuant to their rights under the 1993
7   Recording Agreement, and that Defendants have remitted accounting statements in
8   connection with their payment of royalties to Jenni and, later, JRE. Except as so
9   expressly admitted herein, however, Defendants deny generally and specifically
10  each and every remaining allegation contained in Paragraph 51 of the FAC.

11       52.    Defendants deny generally and specifically each and every allegation
12  contained in Paragraph 52 of the FAC.

13       53.    Defendants solely admit that they have earned monies from their
14  exploitation of Jenni's NIL rights, pursuant to their rights under the 1993 Recording
15  Agreement. Except as so expressly admitted herein, however, Defendants deny
16  generally and specifically each and every remaining allegation contained in
17  Paragraph 53 of the FAC.

18       54.    Defendants solely admit that Pedro and Juan had previous experience
19  in the music and entertainment business. Defendants otherwise presently possess
20  insufficient knowledge or information to form a belief as to the truth of the
21  allegations contained in Paragraph 54 of the FAC, and on that basis, deny generally
22  and specifically each and every allegation contained therein.

23       55.    Defendants contend that they presently possess insufficient knowledge
24  or information to form a belief as to the truth of the allegations contained in
25  Paragraph 55 of the FAC, and on that basis, deny generally and specifically each
26  and every allegation contained therein.

27       56.    Defendants deny generally and specifically each and every allegation
28  contained in Paragraph 56 of the FAC.

ANSWER AND COUNTERCLAIMS

57.    Defendants deny generally and specifically each and every allegation contained in Paragraph 57 of the FAC.

58.    Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 58 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

59.    Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 59 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

60.    Defendants deny generally and specifically each and every allegation contained in Paragraph 60 of the FAC.

61.    Defendants deny generally and specifically each and every allegation contained in Paragraph 61 of the FAC.

**III.    Jenni Rivera Enters Into Two Subsequent Recording Agreements With Cintas**

62.    Defendants admit the allegations set forth in Paragraph 62 of the FAC.

63.    Defendants admit the allegations set forth in Paragraph 63 of the FAC.

64.    Defendants admit the allegations set forth in Paragraph 64 of the FAC.

65.    Defendants admit the allegations set forth in Paragraph 65 of the FAC.

66.    Defendants solely admit that the 1995 Recording Agreement granted Jenni the right to receive royalty payments, as well as an implicit right to royalty statements. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 66 of the FAC.

67.    Defendants solely admit that the 1995 Recording Agreement granted Cintas a perpetual right to use and exploit Jenni's NIL rights pursuant to the language thereof. Except as so expressly admitted herein, however, Defendants deny

ANSWER AND COUNTERCLAIMS

generally and specifically each and every remaining allegation contained in Paragraph 67 of the FAC.

68.    Defendants deny generally and specifically each and every allegation contained in Paragraph 68 of the FAC.

69.    Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 69 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

70.    Defendants admit the allegations set forth in Paragraph 70 of the FAC.

71.    Defendants admit the allegations set forth in Paragraph 71 of the FAC.

72.    Defendants admit the allegations set forth in Paragraph 72 of the FAC.

73.    Defendants admit the allegations set forth in Paragraph 73 of the FAC.

74.    Defendants solely admit that the 1996 Recording Agreement provided Defendant Cintas with rights thereunder. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 74 of the FAC.

75.    Defendants solely admit that the 1996 Recording Agreement granted Jenni the right to receive royalty payments, as well as an implicit right to royalty statements. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 75 of the FAC.

76.    Defendants solely admit that the 1996 Recording Agreement granted Cintas a perpetual right to use and exploit Jenni's NIL rights pursuant to the language thereof. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 76 of the FAC.

77.    Defendants deny generally and specifically each and every allegation contained in Paragraph 77 of the FAC.

ANSWER AND COUNTERCLAIMS

78.   Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 78 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

79.   Defendants solely admit that Jenni recorded the works listed in subparagraphs (a)-(d) pursuant to the 1995 and 1996 Recording Agreements, and that Defendants distributed and earned revenue from such works. Defendants otherwise presently possess insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 79 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

80.   Defendants admit that Plaintiffs collectively identify the foregoing sound recordings and albums, along with any other singles recorded and produced by Jenni pursuant to the 1995 and 1996 Recording Agreements, as the "1995-1996 Musical Works."

81.   Defendants solely admit that they exploited the 1995-1996 Musical Works, pursuant Defendants' rights under the 1995 and 1996 Recording Agreements. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 81 of the FAC.

82.   Defendants solely admit that they exploited Jenni's NIL rights pursuant to their rights under the 1995 and 1996 Recording Agreements. Except as so expressly admitted herein, however, Defendants deny generally and specifically deny each and every allegation remaining contained in Paragraph 82 of the FAC.

83.   Defendants deny generally and specifically each and every allegation contained in Paragraph 83 of the FAC.

84.   Defendants deny generally and specifically each and every allegation contained in Paragraph 84 of the FAC.

ANSWER AND COUNTERCLAIMS

85.   Defendants solely admit that certain, limited obligations that Jenni possessed under the 1995 and 1996 Recording Agreements have ceased. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 85 of the FAC.

86.   Defendants deny generally and specifically each and every allegation contained in Paragraph 86 of the FAC.

87.   Defendants solely admit that they have earned monies from their exploitation of the 1995-1996 Recording Agreement Musical Works, pursuant to their rights under the 1995 and 1996 Recording Agreements, and that Defendants have remitted accounting statements in connection with their payment of royalties to Jenni and, later, JRE. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 87 of the FAC.

88.   Defendants deny generally and specifically each and every allegation contained in Paragraph 88 of the FAC.

89.   Defendants solely admit that they have earned monies from their exploitation of Jenni's NIL rights, pursuant to their rights under the 1995 and 1996 Recording Agreements. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 89 of the FAC.

90.   Defendants solely admit that Pedro and Juan had previous experience in the music and entertainment business. Defendants otherwise presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 90 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

91.   Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 91 of the FAC, and on that basis, deny generally and specifically each

ANSWER AND COUNTERCLAIMS

and every allegation contained therein.

92.     Defendants deny generally and specifically each and every allegation contained in Paragraph 92 of the FAC.

93.     Defendants deny generally and specifically each and every allegation contained in Paragraph 92 of the FAC.

94.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 94 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

95.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 95 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

96.     Defendants deny generally and specifically each and every allegation contained in Paragraph 96 of the FAC.

97.     Defendants deny generally and specifically each and every allegation contained in Paragraph 97 of the FAC.

**IV.     Ayana Enters Into A Recording Agreement With FONOVISA Pertaining to Jenni Rivera**

98.     Defendants solely admit that Ayana entered into an agreement with Fonovisa Records, a division of Univision Music LLC ("Fonovisa") on or about August 15, 2005. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 98 of the FAC.

99.     Defendants admit solely that Ayana agreed, pursuant to the terms of its agreement with Fonovisa, to furnish Jenni's exclusive recording services, and to license to Fonovisa the exclusive right to commercially exploit and administer the master recordings created by Jenni pursuant thereto. Except as so expressly admitted

ANSWER AND COUNTERCLAIMS

herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 99 of the FAC.

100. Defendants admit solely that Ayana agreed, pursuant to the terms of its agreement with Fonovisa, to license to Fonovisa the exclusive right to commercially exploit and administer the master recordings contained on the albums *Que Me Entierren Con La Banda*, *Dejate Amor*, *Se Las Voy A Dar A Otro*, and *Homenaje A Las Grandes*. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 100 of the FAC.

101. Defendants admit solely that Ayana agreed, pursuant to the terms of its agreement with Fonovisa, to license to Fonovisa the exclusive right to register, in Ayana's name, copyrights in the master recordings created by Jenni pursuant thereto, and the exclusive right to reproduce and publicly perform such master recordings, as well as the master recordings contained on the albums *Que Me Entierren Con La Banda*, *Dejate Amor*, *Se Las Voy A Dar A Otro*, and *Homenaje A Las Grandes*. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 101 of the FAC.

102. Defendants admit solely that Ayana agreed, pursuant to the terms of its agreement with Fonovisa, to license to Fonovisa the exclusive right to permit third parties to commercially exploit the master recordings created by Jenni pursuant thereto, as well as the master recordings contained on the albums *Que Me Entierren Con La Banda*, *Dejate Amor*, *Se Las Voy A Dar A Otro*, and *Homenaje A Las Grandes*, and the exclusive right to print, publish or disseminate Jenni's NIL rights in connection with the master recordings for purposes of advertising, promotion and trade, and for the making and exploitation of all records embodying the master recordings. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in

Paragraph 102 of the FAC.

103.   Defendants admit solely that Ayana agreed, pursuant to the terms of its agreement with Fonovisa, to license to Fonovisa the exclusive right to permit third parties to commercially exploit the master recordings created by Jenni pursuant thereto, as well as the master recordings contained on the albums *Que Me Entierren Con La Banda*, *Dejate Amor*, *Se Las Voy A Dar A Otro*, and *Homenaje A Las Grandes*, and the exclusive right to print, publish or disseminate Jenni's NIL rights in connection with the master recordings for purposes of advertising, promotion and trade, and for the making and exploitation of all records embodying the master recordings. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 103 of the FAC.

104.   Defendants deny generally and specifically each and every allegation contained in Paragraph 104 of the FAC.

105.   Defendants admit solely that the term of Ayana's agreement with Fonovisa began on August 15, 2005 and contained three (3) separate options to extend the term thereof. Defendants otherwise presently possess insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 105 of the FAC, and on that basis, deny generally and specifically each and every remaining allegation contained therein.

106.   Defendants admit solely that Ayana's agreement with Fonovisa required Fonovisa to make payments to Ayana thereunder. Defendants otherwise presently possess insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 106 of the FAC, and on that basis, deny generally and specifically each and every remaining allegation contained therein.

107.   Defendants admit solely that Fonovisa commercially exploited and administered the master sound recordings licensed to it pursuant to the terms of its

ANSWER AND COUNTERCLAIMS

agreement with Ayana. Defendants otherwise presently possess insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 107 of the FAC, and on that basis, deny generally and specifically each and every remaining allegation contained therein.

108.   Defendants admit solely that the express terms of Ayana's agreement with Fonovisa required Ayana to represent that Ayana was legally permitted to license the rights it licensed to Fonovisa. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 108 of the FAC.

109.   Defendants deny generally and specifically each and every allegation contained in Paragraph 109 of the FAC.

110.   Defendants deny generally and specifically each and every allegation contained in Paragraph 110 of the FAC.

111.   Defendants deny generally and specifically each and every allegation contained in Paragraph 111 of the FAC.

112.   Defendants admit solely that Defendants have earned monies from Ayana's exploitation of the master sound recordings licensed to Fonovisa pursuant to the terms of its agreement with Ayana. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 112 of the FAC.

113.   Defendants deny generally and specifically each and every allegation contained in Paragraph 113 of the FAC.

114.   Defendants deny generally and specifically each and every allegation contained in Paragraph 114 of the FAC.

**V.     A Concocted Scheme to Retain Control to the Detriment of Plaintiffs and Plaintiffs' Beneficiaries**

115.   Defendants solely admit that, at the time of Jenni's death in December of 2012, Campos was 23 years old, and Juan Lopez was 11 years old. Except as so

expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 115 of the FAC.

116.   Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 116 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

117.   Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 117 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

118.   Defendants deny generally and specifically each and every allegation contained in Paragraph 118 of the FAC.

119.   Defendants deny generally and specifically each and every allegation contained in Paragraph 119 of the FAC.

120.   Defendants deny generally and specifically each and every allegation contained in Paragraph 120 of the FAC.

121.   Defendants deny generally and specifically each and every allegation contained in Paragraph 121 of the FAC.

122.   Defendants deny generally and specifically each and every allegation contained in Paragraph 122 of the FAC.

123.   Defendants deny generally and specifically each and every allegation contained in Paragraph 123 of the FAC.

124.   Defendants deny generally and specifically each and every allegation contained in Paragraph 124 of the FAC.

125.   Defendants deny generally and specifically each and every allegation contained in Paragraph 125 of the FAC.

126.   Defendants deny generally and specifically each and every allegation contained in Paragraph 126 of the FAC.

ANSWER AND COUNTERCLAIMS

127.    Defendants deny generally and specifically each and every allegation contained in Paragraph 127 of the FAC.

128.    Defendants deny generally and specifically each and every allegation contained in Paragraph 128 of the FAC.

129.    Defendants deny generally and specifically each and every allegation contained in Paragraph 129 of the FAC.

130.    Defendants deny generally and specifically each and every allegation contained in Paragraph 130 of the FAC.

131.    Defendants deny generally and specifically each and every allegation contained in Paragraph 131 of the FAC.

132.    Defendants deny generally and specifically each and every allegation contained in Paragraph 132 of the FAC.

133.    Defendants deny generally and specifically each and every allegation contained in Paragraph 133 of the FAC.

**VI.    The Beneficiaries Discover the Scheme**

134.    Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 134 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

135.    Defendants solely admit that Campos became the CEO of JRE, the executrix of the Estate, and the trustee of the Trust. Defendants otherwise possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 135 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

136.    Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 136 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

ANSWER AND COUNTERCLAIMS

137.   Defendants deny generally and specifically each and every allegation contained in Paragraph 137 of the FAC.

138.   Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 138 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

139.   Defendants solely admit that they have asserted and continue to assert that they own and control 100% of the rights in Jenni's musical works, and the unencumbered right to exploit Jenni's NIL rights, as set forth in the recording agreements. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every allegation contained in Paragraph 139 of the FAC.

140.   Defendants deny generally and specifically each and every allegation contained in Paragraph 140 of the FAC.

141.   Defendants deny generally and specifically each and every allegation contained in Paragraph 141 of the FAC.

142.   Defendants deny generally and specifically each and every allegation contained in Paragraph 142 of the FAC.

**VII.   Cintas and Ayana's Other Unauthorized and Illegal Acts**

143.   Defendants deny generally and specifically each and every allegation contained in Paragraph 143 of the FAC.

144.   Defendants deny generally and specifically each and every allegation contained in Paragraph 144 of the FAC.

145.   Defendants solely admit that Plaintiffs have registered copyrights in certain works. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 145 of the FAC.

146.   Defendants deny generally and specifically each and every allegation

ANSWER AND COUNTERCLAIMS

contained in Paragraph 146 of the FAC.

147.   Defendants deny generally and specifically each and every allegation contained in Paragraph 147 of the FAC.

148.   Defendants solely admit that they have earned monies from their exploitation of musical works, and Jenni's NIL rights, pursuant to their rights under the recording agreements. Except as otherwise expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 148 of the FAC.

149.   Defendants deny generally and specifically each and every allegation contained in Paragraph 149 of the FAC.

150.   Defendants solely admit that they have earned monies from their exploitation of musical works, and Jenni's NIL rights, pursuant to their rights under the recording agreements. Except as otherwise expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 150 of the FAC.

151.   Defendants deny generally and specifically each and every allegation contained in Paragraph 151 of the FAC.

152.   Defendants deny generally and specifically each and every allegation contained in Paragraph 152 of the FAC.

## VIII. Plaintiff's Requests for Non-Economic Remedies

### A.    *Accounting and Constructive Trust*

153.   Defendants deny generally and specifically each and every allegation contained in Paragraph 153 of the FAC.

154.   Defendants deny generally and specifically each and every allegation contained in Paragraph 154 of the FAC.

155.   Defendants deny generally and specifically each and every allegation contained in Paragraph 155 of the FAC.

156.   Defendants deny generally and specifically each and every allegation

ANSWER AND COUNTERCLAIMS

contained in Paragraph 156 of the FAC.

**B.      Recission**

157.    Defendants solely admit that Jenni entered into the 1993, 1995, and 1996 Recording Agreements with Cintas. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 157 of the FAC.

158.    Defendants solely admit that they have earned monies from their exploitation of musical works, and Jenni's NIL rights, pursuant to their rights under the recording agreements. Except as otherwise expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 158 of the FAC.

159.    Defendants deny generally and specifically each and every allegation contained in Paragraph 159 of the FAC.

160.    Defendants deny generally and specifically each and every allegation contained in Paragraph 160 of the FAC.

**C.      Declaratory Relief**

161.    Defendants solely admit that Plaintiffs seek declaratory relief. Except as otherwise expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 161 of the FAC.

162.    Defendants solely admit that Plaintiffs seek declaratory relief. Except as otherwise expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 162 of the FAC.

163.    Defendants deny generally and specifically each and every allegation contained in Paragraph 163 of the FAC.

164.    Defendants deny generally and specifically each and every allegation contained in Paragraph 164 of the FAC.

21

ANSWER AND COUNTERCLAIMS

### *D.     Temporary and Permanent Injunction*

165.   Defendants solely admit that Plaintiffs seek injunctive relief. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 165 of the FAC.

166.   Defendants deny generally and specifically each and every allegation contained in Paragraph 166 of the FAC.

167.   Defendants deny generally and specifically each and every allegation contained in Paragraph 167 of the FAC.

168.   Defendants deny generally and specifically each and every allegation contained in Paragraph 168 of the FAC.

169.   Defendants deny generally and specifically each and every allegation contained in Paragraph 169 of the FAC.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Copyright Infringement

### (Against All Defendants)

170.   Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the FAC in Paragraph 170.

171.   Defendants deny generally and specifically each and every allegation contained in Paragraph 171 of the FAC.

172.   Defendants deny generally and specifically each and every allegation contained in Paragraph 172 of the FAC.

173.   Defendants deny generally and specifically each and every allegation contained in Paragraph 173 of the FAC.

174.   Defendants deny generally and specifically each and every allegation contained in Paragraph 174 of the FAC.

175.   Defendants deny generally and specifically each and every allegation contained in Paragraph 175 of the FAC.

ANSWER AND COUNTERCLAIMS

176.   Defendants deny generally and specifically each and every allegation contained in Paragraph 176 of the FAC.

177.   Defendants deny generally and specifically each and every allegation contained in Paragraph 177 of the FAC.

178.   Defendants deny generally and specifically each and every allegation contained in Paragraph 178 of the FAC.

179.   Defendants deny generally and specifically each and every allegation contained in Paragraph 179 of the FAC.

**SECOND CLAIM FOR RELIEF**

**Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1114**

**(Against all Defendants)**

180.   Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the FAC in Paragraph 180.

181.   Defendants deny generally and specifically each and every allegation contained in Paragraph 181 of the FAC.

182.   Defendants deny generally and specifically each and every allegation contained in Paragraph 182 of the FAC.

183.   Defendants deny generally and specifically each and every allegation contained in Paragraph 183 of the FAC.

184.   Defendants deny generally and specifically each and every allegation contained in Paragraph 184 of the FAC.

185.   Defendants deny generally and specifically each and every allegation contained in Paragraph 185 of the FAC.

186.   Defendants deny generally and specifically each and every allegation contained in Paragraph 186 of the FAC.

///

///

///

ANSWER AND COUNTERCLAIMS

**THIRD CLAIM FOR RELIEF**

**Breach of Contract**

**(Against all Defendants)**

187.   Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the FAC in Paragraph 187.

188.   Defendants solely admit that they have entered into multiple recording agreements with Jenni. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every allegation contained in Paragraph 188 of the FAC.

189.   Defendants admit the allegations set forth in Paragraph 189 of the FAC.

190.   Defendants solely admit that they have earned monies from their exploitation of musical works, pursuant to their rights under the recording agreements. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every allegation contained in Paragraph 190 of the FAC.

191.   Defendants solely admit that they have earned monies from their exploitation of Jenni's NIL rights, pursuant to their rights under the recording agreements. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 191 of the FAC.

192.   Defendants deny generally and specifically each and every allegation contained in Paragraph 192 of the FAC.

193.   Defendants deny generally and specifically each and every allegation contained in Paragraph 193 of the FAC.

194.   Defendants deny generally and specifically each and every allegation contained in Paragraph 194 of the FAC.

///

///

ANSWER AND COUNTERCLAIMS

**FOURTH CLAIM FOR RELIEF**

**Violation of California Business and Professions Code § 17200 et seq.**

**(Against all Defendants)**

195.   Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the FAC in Paragraph 195.

196.   Defendants deny generally and specifically each and every allegation contained in Paragraph 196 of the FAC.

197.   Defendants deny generally and specifically each and every allegation contained in Paragraph 197 of the FAC.

198.   Defendants deny generally and specifically each and every allegation contained in Paragraph 198 of the FAC.

199.   Defendants deny generally and specifically each and every allegation contained in Paragraph 199 of the FAC.

**FIFTH CLAIM FOR RELIEF**

**Violation of California Civil Code § 3344.1**

**(Against all Defendants)**

200.   Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the FAC in Paragraph 200.

201.   Defendants solely admit that Plaintiffs have set forth the language of California Civil Code § 3344.1. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 201 of the FAC.

202.   Defendants solely admit that they have exploited Jenni's NIL rights pursuant to their rights under the recording agreements, and that they have earned monies from such exploitation. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 202 of the FAC.

203.   Defendants deny generally and specifically each and every allegation

ANSWER AND COUNTERCLAIMS

contained in Paragraph 203 of the FAC.

204.   Defendants deny generally and specifically each and every allegation contained in Paragraph 204 of the FAC.

205.   Defendants deny generally and specifically each and every allegation contained in Paragraph 205 of the FAC.

## SIXTH CLAIM FOR RELIEF

### Fraudulent Concealment

### (Against all Defendants)

206.   Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the FAC in Paragraph 206.

207.   Defendants deny generally and specifically each and every allegation contained in Paragraph 207 of the FAC.

208.   Defendants deny generally and specifically each and every allegation contained in Paragraph 208 of the FAC.

209.   Defendants deny generally and specifically each and every allegation contained in Paragraph 209 of the FAC.

210.   Defendants deny generally and specifically each and every allegation contained in Paragraph 210 of the FAC.

211.   Defendants deny generally and specifically each and every allegation contained in Paragraph 211 of the FAC.

212.   Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 212 of the FAC, and on that basis, deny generally and specifically each and every allegation contained therein.

213.   Defendants deny generally and specifically each and every allegation contained in Paragraph 213 of the FAC.

214.   Defendants deny generally and specifically each and every allegation contained in Paragraph 214 of the FAC.

ANSWER AND COUNTERCLAIMS

215.   Defendants deny generally and specifically each and every allegation contained in Paragraph 215 of the FAC.

216.   Defendants deny generally and specifically each and every allegation contained in Paragraph 216 of the FAC.

217.   Defendants deny generally and specifically each and every allegation contained in Paragraph 217 of the FAC.

**SEVENTH CLAIM FOR RELIEF**

**Conversion**

**(Against all Defendants)**

218.   Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the FAC in Paragraph 218.

219.   Defendants deny generally and specifically each and every allegation contained in Paragraph 219 of the FAC.

220.   Defendants deny generally and specifically each and every allegation contained in Paragraph 220 of the FAC.

221.   Defendants deny generally and specifically each and every allegation contained in Paragraph 221 of the FAC.

**PRAYER FOR RELIEF**

222.   Defendants deny generally and specifically the allegations contained in the "WHEREFORE" clause at the end of the FAC (including items 1-12 of the Prayer for Relief), and Defendants deny generally and specifically that Plaintiffs are entitled to any of the relief sought in such Prayer.

Any and all allegations not expressly admitted herein are hereby expressly denied by Defendants.

**AFFIRMATIVE DEFENSES**

Defendants set forth their affirmative defenses below. Each such defense is asserted as to all claims unless otherwise stated. By setting forth such affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or

element of any cause of action where such burden properly belongs to Plaintiffs. Moreover, except as expressly admitted in this Answer, nothing stated herein or omitted herefrom is intended to be, nor shall be construed as, an admission of any fact as to any claims asserted in Plaintiffs' FAC, or as an acknowledgement that any particular issue or subject matter is relevant to Plaintiffs' allegations.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.    Plaintiffs' FAC, and each and every claim therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2.    Applicable statutes of limitations bar each and every claim set forth in Plaintiff's FAC.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

3.    As a result of Plaintiff's knowledge, conduct, words and/or actions, Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

4.    As a result of Plaintiffs' knowledge, conduct, words and/or actions, Plaintiffs have waived any and all of the alleged rights asserted in the FAC and in each and every claim therein.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

5.    As a result of Plaintiff's knowledge, conduct, words and/or actions, Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

///
///

ANSWER AND COUNTERCLAIMS

## SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

6.     Plaintiffs would be unjustly enriched if allowed to recover on the FAC.

## SEVENTH AFFIRMATIVE DEFENSE

### (Performance of Duties)

7.     Defendants have fully performed any and all contractual, statutory, and/or other duties to Plaintiffs, and Plaintiffs are therefore estopped from asserting any cause of action against Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Acquiescence)

8.     The claims in Plaintiffs' FAC are barred in whole or in part because the conduct alleged was undertaken, if at all, with Plaintiffs' knowledge, acquiescence, ratification, approval and/or consent.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9.     Defendants allege that Plaintiffs have failed to make reasonable efforts to mitigate their damages, if any, in whole or in part.

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith)

10.     To the extent Defendants engaged in any wrongful conduct alleged in the Complaint, which Defendants deny, Defendants acted in good faith, and without any willfulness or intent to infringe upon Plaintiffs' rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

11.     Defendants allege that Plaintiffs have engaged in certain conduct, as a result of which, this FAC, and each and every claim therein, is barred by the Doctrine of Unclean Hands.

///

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

12.     Defendants presently possesses insufficient knowledge or information on which to form a belief as to whether Defendants may possess additional, as yet unstated, affirmative defenses. Defendants therefore reserve the right to assert such additional defenses in the event that discovery indicates that such additional defenses are proper.

## COUNTERCLAIMS

Defendants/Counterclaimants CINTAS ACUARIO, INC., a California corporation ("Cintas") and AYANA MUSICAL, INC., a California corporation ("Ayana") (collectively, "Counterclaimants"), by and through their counsel of record, hereby assert the following Counterclaims against Plaintiff/Counterdefendant JENNI RIVERA ENTERPRISES, LLC, a California limited liability company ("JRE"), and Counterdefendants JANNEY MARIN RIVERA, an individual ("Chiquis"), JACQUELIN CAMPOS, an individual and trustee of THE DOLORES J. RIVERA LIVING TRUST ("Jacquie"), TRINIDAD MARIN, an individual ("Trinidad"), JENIKA LOPEZ, an individual ("Jenika"), and JUAN LOPEZ, an individual ("Johnny") (collectively, "Counterdefendants").

## INTRODUCTION

1.     Jenni was, for over two decades, an immensely talented, and incredibly successful, singer and songwriter of Regional Mexican and Latin Pop music.

2.     From the beginning of her career, until in or around late-2009, Jenni was produced by her father Pedro Rivera, Sr. ("Pedro"), who was extremely successful in his own right – having discovered and produced other famous Latin music artists, including Guadalupe "Lupillo" Rivera and Rosalino "Chalino" Sánchez.

3.     Despite her professional success, and the personal turmoil that unfortunately came with it, Pedro loved his daughter. And even after Jenni's tragic

ANSWER AND COUNTERCLAIMS

passing exposed existing issues between Jenni and her children – particularly Chiquis, who Jenni had freely and knowingly written out of her own will years prior – Pedro continued to demonstrate his unconditional love for Jenni through his virtually limitless patience with her children, his grandchildren.

4.      Unfortunately, the FAC is correct in its observation of "the significant and lasting impact that money, power, and greed can have on a family." It just so happens, however, that Counterdefendants are the ones who have despicably tossed aside their own grandfather, and his efforts to keep the family together, for money.

5.      Now, this tragic chapter – for which Counterdefendants can blame no one but themselves – will exist forever as a stain on the legacy of Jenni and the Rivera family, and will serve as a cautionary tale for future families living under the microscope of fame and celebrity.

## THE PARTIES

6.      Counterclaimant CINTAS ACUARIO, INC. is, and at all relevant times herein alleged was, a corporation existing under and by virtue of the laws of the State of California, with its principal place of business located in the County of Los Angeles, State of California.

7.      Counterclaimant AYANA MUSICAL, INC. is, and at all relevant times herein alleged was, a corporation existing under and by virtue of the laws of the State of California, with its principal place of business located in the County of Los Angeles, State of California.

8.      Counterclaimants are informed and believe and, on the basis of such information and belief, herein allege that Counterdefendant JENNI RIVERA ENTERPRISES, LLC is, and at all relevant times herein alleged was, a limited liability company existing under and by virtue of the laws of the State of California, with its principal place of business located in the County of Los Angeles, State of California.

9.      Counterclaimants are informed and believe and, on the basis of such

information and belief, herein allege that Counterdefendant JANNEY MARIN RIVERA is, and at all times herein mentioned was, an individual residing in the County of Los Angeles, State of California.

10.     Counterclaimants are informed and believe and, on the basis of such information and belief, herein allege that Counterdefendant JACQUELIN CAMPOS is, and at all times herein mentioned was: (i) an individual residing in the County of Los Angeles, State of California; (ii) the executrix of THE ESTATE OF DOLORES J. RIVERA (the "Estate"), the successor-in-interest to the rights of Dolores Janney Rivera Saavedra p/k/a Jenni Rivera ("Jenni"); (iii) the trustee of THE DOLORES J. RIVERA LIVING TRUST (the "Trust"); (iv) the Chief Executive Officer ("CEO") of JRE; and (v) the beneficiary of THE JACQUELIN MARIN IRREVOCABLE TRUST, which is a subtrust of the Trust.

11.     Counterclaimants are informed and believe and, on the basis of such information and belief, herein allege that Counterdefendant TRINIDAD MARIN is, and at all times herein mentioned was, an individual residing in the County of Los Angeles, State of California, and is the beneficiary of THE TRINIDAD MARIN IRREVOCABLE TRUST, which is a subtrust of the Trust.

12.     Counterclaimants are informed and believe and, on the basis of such information and belief, herein allege that Counterdefendant JENIKA LOPEZ is, and at all times herein mentioned was, an individual residing in the County of Los Angeles, State of California, and is the beneficiary of THE JENIKA LOPEZ IRREVOCABLE TRUST, which is a subtrust of the Trust.

13.     Counterclaimants are informed and believe and, on the basis of such information and belief, herein allege that Counterdefendant JUAN LOPEZ is, and at all times herein mentioned was, an individual residing in the County of Los Angeles, State of California, and is the beneficiary of THE JUAN LOPEZ IRREVOCABLE TRUST, which is a subtrust of the Trust.

14.     The true names and capacities of ROES 1 through 25, inclusive,

ANSWER AND COUNTERCLAIMS

whether individual, corporate, associate or otherwise, are unknown to Counterclaimants at this time, who therefore sue said Counterdefendants by such fictitious names, and when the true names, capacities, and relationships of such Counterdefendants are ascertained, Counterclaimants will ask leave of this Court to amend the Counterclaims to assert the same.

15.    Counterclaimants are informed and believe and, on the basis of such information and belief, herein allege that each Counterdefendant named in the Counterclaims was, and at all relevant times herein alleged, and now is, the agent and/or employee of each of the other Counterdefendants herein, and was at all times acting within the course and scope of said agency and/or employment. When referring to "Counterdefendants" herein, Counterclaimants intend to include JRE, Chiquis, Jacquie (individually and in her capacity as trustee of the Trust), Trinidad, Jenika, Johnny, and all other Counterdefendants.

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction over Counterclaimants' counterclaim for Copyright infringement, pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Counterclaimants' state law claims, pursuant to 28 U.S.C. § 1367, as all such claims constitute the same case and controversy as, and arise under the same nucleus of facts from, the federal law claims asserted herein, permitting this Court, as a matter of convenience and fairness, to maintain supplement jurisdiction over said claims.

17.    This Court has personal jurisdiction over Counterdefendants, and venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b)(1), because each of the Counterdefendants has its principal place of business and/or transacts substantial business in the State of California and in this judicial district, and the harm suffered by Counterclaimants, as alleged herein, occurred in the State of California and in this judicial district.

///

ANSWER AND COUNTERCLAIMS

## FACTS COMMON TO ALL CAUSES OF ACTION

### A.   The 1993 Recording Agreement

18.   On or about April 15, 1993, at Long Beach, California, Jenni entered into a "Recording Contract" with Counterclaimant Cintas (the "1993 Recording Agreement"), pursuant to which Jenni agreed to record exclusively for Cintas for a period of three (3) years, and to convey sole, exclusive, and perpetual ownership, use, and control over all master sound recordings produced pursuant to such Agreement, in exchange for Cintas' agreement to pay Jenni a ten percent (10%) royalty (in the U.S.), or five percent (5%) royalty (in all other countries), on all net income derived from the sale of all albums containing such rights, in perpetuity. A true and correct copy of the 1993 Recording Agreement is attached as Exhibit "A" to the FAC and is incorporated herein by this reference.

19.   The 1993 Recording Agreement also granted Cintas perpetual rights to use Jenni's name, image and likeness ("NIL") rights, in connection with the promotion and sale of all albums produced under such Agreement.

20.   Pursuant to Jenni's obligations under the 1993 Recording Agreement, Jenni recorded the following albums, which Cintas now owns:

(a)   *Somos Rivera*, released in 1993, and containing the following sound recordings: "Somos Rivera," "Alma Enamorada," "Amor Prohibido," "Juan Guardado," "Me Espera El Camino," "De Visita Al Mundo," "Recuerdos De Culiacan," "Cuendo Perdido," "Magda Otilia," and "Antojos Nobles";

(b)   *La Maestra*, released in 1993, and containing the following sound recordings: "Nu Vuelvo Ni De Chiste," "La Batalla," "Nada de Ti," "Mil heridas," "Una Lagrima," "Sueño de Amor," "La Maestra," "Como Niño Perdido," and "Pa Nada Me Sirves";

(c)   *Por Un Amor*, released in 1994, and containing the following sound recordings: "Por Un Amor," "Esperando Que Me

ANSWER AND COUNTERCLAIMS

Quieras," "Collar de Penas," "Tengo Miedo," "Soy Madre Soltera," "Trono Caido," "Estados Que Quier," "El Viejo y Yo," "Una Estrella Lejana," "Marisela y Chalino," "Viejo Vaquetón," and "Así Soy Yo";

(d) *Adiós a Selena*, released in 1995, and containing the following sound recordings: "Recuerdos de Selena," "El Columpio," "La Novia del Piebe," "Para un Gran Señor," "Los Ojales," "Son Habladas," "Adíos a Selena," "Ni Cura Ni Juez," "Los que Roban Dinero," "Vida de Perro," "Los dos amantes," and "Que Te Vaya Bonito"; and

(e) *La Chacalosa*, released in 1995, and containing the following sound recordings: "La Chacalosa," "También Las Mujeres Pueden," "Libro Abierto," "Cruz de Madera," "Embárgame a Mi," "Por Una Rencilla Vieja," "Si Tu Pensabas," "La Perra Contrabandista," "Cuando el Destino," "Mi Gusto Es," and "Ni Me Debe Ni Te Debo."

21. Counterclaimants have paid all royalties due and owing to Jenni, and now Counterdefendant JRE as Jenni's successor-in-interest, and have otherwise performed all of their obligations under the 1993 Recording Agreement that they are capable of performing.

**B.     The 1995 And 1996 Recording Agreements**

22. On or about September 7, 1995, at Long Beach, California, Jenni entered into an "Exclusive Recording Artist Agreement" with Cintas (the "1995 Recording Agreement"), pursuant to which, Jenni agreed to record exclusively for Cintas for an initial period of ten (10) months following Jenni's delivery of the first album recorded during such initial period, together with six (6) separate and consecutive options to extend the term until the later of one (1) year from commencement of such option period, or ten (10) months following Jenni's delivery

ANSWER AND COUNTERCLAIMS

of the first album recorded during the relevant option period, and to convey sole, exclusive and perpetual ownership, use, and control over all masters produced pursuant to such Agreement, in exchange for Cintas' agreement to pay Jenni a fifteen percent (15%) royalty on all net income derived from Counterclaimants' sale of all such masters, in perpetuity. True and correct copies of the 1995 and 1996 Recording Agreements are attached as Exhibits "B" and "C" to the FAC and are incorporated herein by this reference.

23.    The 1995 Recording Agreement also granted Cintas perpetual rights in and to Jenni's NIL rights in connection with the promotion and sale of albums produced and distributed pursuant thereto, as well as the promotion of Counterclaimants' business generally.

24.    On or about April 21, 1996, at Long Beach, California, Jenni entered into an "Exclusive Recording Artist Agreement" with Cintas (the "1996 Recording Agreement"), pursuant to which Jenni agreed to record exclusively for Cintas for an initial period of ten (10) months following Jenni's delivery of the first album recorded during such initial period, together with six (6) separate and consecutive options to extend the term until the later of one (1) year from commencement of such option period, or ten (10) months following Jenni's delivery of the first album recorded during the relevant option period, and to convey sole, exclusive and perpetual ownership, use, and control over all masters produced pursuant to such Agreement, in exchange for Cintas' agreement to pay Jenni a fifteen percent (15%) royalty on all net income derived from Counterclaimants' sale of all such masters, in perpetuity.

25.    The 1996 Recording Agreement also granted Cintas perpetual rights in and to Jenni's NIL rights in connection with the promotion and sale of albums produced and distributed pursuant thereto, as well as the promotion of Counterclaimants' business generally.

26.    Pursuant to Jenni's obligations under the 1995 and 1996 Recording

ANSWER AND COUNTERCLAIMS

Agreements, Jenni recorded the following albums, which Cintas now owns:

      (a)    *Si Quieres Verme Llorar*, released in 1999, and containing the following sound recordings: "Brinco Dieras (Con Mariachi)", "Perdonar Es Olvidar," "Llanto rojo," "Lagrimas, Sudor y Sangre" "La Puerta de Alcalá," Si Quieres Verme Llorar," Vivir Sin Tu Cariño (Without You)," Nostros," "Comon vivir sin verte (How do I Live)," "Tonto," and "Yo te agradezco";

      (b)    *Reyna de reynas*, released in 1999, and containing the following sound recordings: "Reyna de reynas," "El desquite," "El orgullo de mi padre," "Poppuri de chelo," "Los traficantes," La reyna es el rey," "La martina," "El bato gacho," "La maestra del contraband," Saludame a la tuya," and "Las cachanillas";

      (c)    *Que Me Entierren Con la Banda*, released in 2000, and containing the following sound recordings: "Que Me Entierren Con la Banda," "Como Tu Decidas," "Que un Rayo te la parta," "Las Malandrinas," "Son habladas," "Ni estando loca," "Mañana (Te Acordarás)," "Sinaloa Princesa Norteña," and "Rosita Alvirez";

      (d)    *Se Las Voy a Dar A Otro*, released in 2001, and containing the following sound recordings: "Angel Baby," "No Vas A Jugar," "Cuando Abras Los Ojos," "El Nopal," "Tristeza Pasajera," "Chicana Jalisciense," "Ni Tu Esposa, Ni Tu Amante, Ni Tu Amiga," "Se Law Voy A Dar A Otro," "Se Marchó," and "Escándalo;

      (e)    *Déjate amar*, released in 2001, and containing the following sound recordings: "Una Noche Me Embriague," "Dejate amar," "Mi Vida Loca (2001)," Querida Socia," "Y te me vas," "Madre Soltera," "El Ultimo Adios," "Agente de ventas," "Cuando Yo

Quiera Has De Volver," and "Wasted Days and Wasted Nights";

(f)   *Homenaje A Las Grandes*, released in 2003, and containing the following sound recordings: "La Papa Sin Catsup," "A Escondidas," "Por Un Amor, Cucurrucucú Paloma," "Ese hombre," "Juro Que Nunca Volvere," "La tequilera," "Ahora vengo a verte," "Hacer el amor con otro," "Homenaje a mi madre," "Where Did Our Love Go," "La Papa Sin Catsup (Versión Norteña)," "A Escondidas (Versión Norteña)," "Juro Que Nunca Volveré (Versión Norteña)," and Hacer el amor con otro (Versión Norteña)

(g)   *Simplemente La Mejor*, released in 2004, and containing the following sound recordings: "Querida Socia," "Las Malandrinas," "Cuando Abras Los Ojos," "Que Me Entierren Con La Banda," "Mi Vida Loca (2001)," "Tristeza Pasajera (Ilusión Pasajera)," "Reina De Reinas," "La Chacalosa," "Las Mismas Costumbres," "Amiga Si Lo Ves," "Simplemente La Mejor," "Las Mismas Costumbres (Versión Norteña)," Amigas Si Lo Ves (Versión Norteña)," and "Amiga Si Lo Ves (Versíon Pop);

(h)   *Parrandera, Rebelde y Atrevida*, released in 2005, and containing the following sound recordings: "Parrandera, Rebelde y Atrevida," "Que Me Vas A Dar," "De Contrabando," "Brincos Dieras," "No Vas A Creer," "Imbécil," "No Me Pregunten Por Él," "Qué Se Te Olvidó," "Jefa de Jefas," "Me Siento Libre," and "Cuando Muere Una Dama"; and

(i)   *Parrandera, Rebelde y Atrevida (Deluxe)*, released in 2005, and containing the following sound recordings: "Parrandera, Rebelde y Atrevida," "Que Me Vas A Dar," "De Contrabando," "Brincos

Dieras," "No Vas A Creer," "Imbécil," "No Me Pregunten Por Él," "Qué Se Te Olvidó," "Jefa de Jefas," "Me Siento Libre," and "Cuando Muere Una Dama," and "La Mentada Contestada."

27.     Counterclaimants have paid all royalties due and owing to Jenni, and now Counterdefendant JRE as Jenni's successor-in-interest, and have otherwise performed all of their obligations under the 1995 and 1996 Recording Agreements that they are capable of performing.

### C.     The 2005 Recording Agreement

28.     In or about 2005, at Long Beach, California, Jenni entered into a recording agreement with Counterclaimants (the "2005 Recording Agreement"), pursuant to which, Jenni agreed to record exclusively for Counterclaimants for a period of approximately seven (7) years, and to convey sole, exclusive, and perpetual ownership, use, and control over all master sound recordings produced pursuant to such Agreement, in exchange for Cintas' agreement to pay Jenni a fifteen percent (15%) royalty on all net income derived from Counterclaimants' sale of all albums containing such rights, in perpetuity. Notwithstanding such terms, Pedro, purely out of love for his daughter, generously paid Jenni a fifty percent (50%) royalty on all such net income through Counterclaimants.

29.     In or around the same time, on August 15, 2005, Counterclaimant Ayana entered into a License Agreement with Fonovisa Records, a division of Univision Music, LLC ("Fonovisa"), pursuant to which, Ayana agreed to license Jenni's obligations under the 2005 Recording Agreement directly to Fonovisa, and to permit Fonovisa to exclusively distribute all albums produced pursuant to such obligations, as well as other existing albums that Ayana also licensed to Fonovisa thereunder, in exchange for Fonovisa's agreement to pay various advances and subsequent royalty payments therefor (the "Fonovisa License Agreement").

30.     Pursuant to Jenni's obligations set forth under the 2005 Recording Agreement and subsequently assumed by the Fonovisa License Agreement, Jenni

recorded the following albums, which Cintas now owns and at the time licensed to Fonovisa pursuant to the Fonovisa License Agreement:

(a) *Besos y Copas Desde Hollywood*, released in 2006, and containing the following sound recordings: "Por un Amor / Cucurrucucu Paloma," "Juro Que Nunca Volvere," "Querida Socia," "Soy Madre Soltera (Madre Soltera)," "La Tequilera," "Homenaje a Mi Madre," "Cuando Yo Queria Ser Grande," "Las Mismas Costumbres," "Amiga Si Lo Ves," "Que Se Te Olvido," "Que Me Vas a Dar," "Besos y Copas," and "Mil Heridas";

(b) *En Vivo Desde Hollywood*, released in 2006 and containing the following sound recordings: "Parrandera, Rebelde y Altrevida," "La Chacalosa," "Popurrí: Reyna de Reynas / Rosita Alvírez / Mi Vida Loca," "Las Malandrinas," "Popurrí: Como Tú Decidas / Cuando Yo Quiera Has de Volver," "Popurrí: Wasted Days and Wasted Nights / Angel Baby," "Chicana Jalisciense," "Se Marchó," "Se Las Voy a Dar a Otro," "Cuando Abras los Ojos," "El Nopal," and "Popurrí: A Escondidas / Hacer él Amor con Otro";

(c) *Mi Vida Loca*, released in 2007, and containing the following sound recordings: "Mi Vida Loca," "ahora Que Estuviste Lejos," "Mirame," "Sangre de Indio," "La Sopa del Bebé," "¿Cuánto Te Debo?," "I Will Survive," "Déjame Vivir," "Hermano Amigo," "Dama Divina," "Inolvidable," "Sin Capitan," and "Mariposa de Barrio";

(d) *La Diva en Vivo*, released in 2007, and containing the following sound recordings: "Sufriendo a Solas," "Popurri: Por un Amor / Cucurrucucu Paloma," "La Diferencia," "Inocente Pobre Amiga," "Paloma Negra," "Libro Abierto," "Me Siento Libre,"

"Brincos Dieras," "Que Me Vas a Dar," "De Contrabando," "La Mentada Contestada," and "Navidad Sin Ti";

(e) *Jenni*, released in 2008, and containing the following sound recordings: "Chuper Amigos," "Culpable o Inocente," "Envuelvete," "Tu Camisa Puesta," "Ni Me Viene Ni Me Va," "Con Él," "Cuando Me Acuerdo de Ti," "Fraude," "Trono Caido," "Vale la Pena," "La Cama," "Mudanzas," "Culpable o Inocente (Pop Version)," and "La Primera Piedra";

(f) *La Gran Señora*, released in 2009, and containing the following sound recordings: "Yo Soy Mujer," "Por Que No le Calas," "Before the Next Teardrop Falls," "Déjame Volver Contigo," "La Cara Bonita," Ya Lo Sé," "Ni Princesa Ni Esclava," "No Llega el Olvido," "Amaneciste Conmigo," "La Escalera," "La Gran Señora," "Amarga Navida," and "Estaré Contigo Cuando Triste Estés";

(g) *La Gran Señora en Vivo*, released in 2010, and containing the following sound recordings: "Mi Vida Loca 2 – Banda," "¿Cuanto Te Debo? – Banda," "Cuando Me Acuerdo de Ti – Banda," "Tu Camisa Puesta – Banda," "Chuper Amigos – Banda," "Dama Divina – Banda," "Ni Me Viene, Ni Me Va – Banda," "Como Tu Mujer – Mariachi," "¿Por Qué No le Calas? – Mariachi," "La Gran Señora – Mariachi," "Ya Lo Sé – Mariachi," "¿Qué Me Vas a Dar? – Banda," "Inolvidable – Banda," "Mudanzas – Banda," "Él (Banda Version)," and "Él (Album Version)";

(h) *Joyas Prestadas (Pop)*, released in 2011, and containing the following sound recordings: "A Cambio de Qué," "A Que No le Cuentas," "Así Fue," "¡Basta Ya!," "Como Tu Mujer," "Detrás

41

de Mi Ventana," "Lo Siento Mi Amor," "Que Ganas de No Verte Nunca Más," "Resulta," "Señora," and "Porque Me Gusta a Morir";

(i) *Joyas Prestadas (Banda)*, released in 2011, and containing the following sound recordings: "A Cambio de Qué," "A Que No le Cuentas," "Así Fue," "¡Basta Ya!," "Como Tu Mujer," "Detrás de Mi Ventana," "Lo Siento Mi Amor," "Que Ganas de No Verte Más," "Resulta," "Señora," and "Porque Me Gusta a Morir"; and

(j) *La Misma Gran Señora*, released in 2012, and containing the following sound recordings: "La Misma Gran Señora," "Resulta (Banda Version)," "La Gran Señora," Ya Lo Sé," "¿Por Qué No Le Calas?," "Hermano Amigo," "Trono Caído," "Besos y Copas," "Por Un Amor / Cucurrucucú Paloma," "Qué Ma Va a Dar," "No Vas a Creer," "No Me Pregunten Por Él," and Ovarios."

31.     In or about late-2009, Jenni began producing her own works. But Counterclaimants continued to own all rights in all master recordings that Jenni recorded pursuant to her obligations set forth under the 2005 Recording Agreement, and subsequently assumed by the Ayana License Agreement, and Counterdefendants continued releasing albums – including at least two (2) albums that were released after Jenni's death.

32.     Accordingly, Counterclaimants are informed and believe and, on the basis of such information and belief, herein allege that Counterdefendants have released one or more albums that contain copyrighted recordings and/or images owned by Counterclaimants, despite the fact that Counterdefendants have received no approval from Counterclaimants to use or exploit the same, and have paid no royalties to Counterclaimants for such use and exploitation.

///

### D.   Cintas' Overpayments To JRE

33.   From the inception of each of the recording agreements until in or about 2015, Counterclaimants paid all royalties due and owing to Jenni, and now Counterdefendant JRE as Jenni's successor-in-interest.

34.   Notwithstanding the foregoing, in or about 2009, Jenni requested an adjustment to the Fonovisa License Agreement, pursuant to which the parties agreed that Fonovisa would begin paying 50% of advances and subsequent royalty payments due and owing under the Fonovisa License Agreement *directly* to Jenni, with the remaining 50% (i.e., Ayana's share) paid directly to Ayana. Due to their inadvertent oversight, however, *Counterclaimants continued to pay 50% of what Ayana was receiving* from Fonovisa to Jenni. Accordingly, Jenni was simultaneously receiving her entire 50% share of all monies resulting from the exploitation of master recordings recorded pursuant to the 2005 Recording Agreement directly from Fonovisa *as well as* half of Counterclaimant's 50% share (i.e., an additional 25% from Counterclaimants).

35.   In or about 2013, Counterclaimants discovered this oversight, and informed JRE. Counterclaimants received no objection to such notification, either from JRE or any of the other Counterdefendants, and Counterclaimants therefore began applying royalties received in connection with their exploitation of all master recordings owned pursuant to all of the Recording Agreements towards the overpayment balance.

36.   However, Counterclaimants are informed and believe and, on the basis of such information and belief, herein allege that they are still owed substantial sums from Counterdefendants as a result of such overpayments, and Counterdefendants failure and refusal to account to Counterclaimants for other advances and royalties later received from Fonovisa pursuant to the Fonovisa License Agreement, including after Counterclaimants requested an accounting in 2022.

///

ANSWER AND COUNTERCLAIMS

**E.**    **JRE's Termination Of Rosie And Juan Rivera, And Breach Of Such Parties' Settlement Agreements**

37.    Prior to Jenni's tragic passing, she personally appointed Rosie Rivera ("Rosie") – who is Pedro's younger daughter and Jenni's sister – to the positions of executrix of the Estate, trustee of the Trust, and CEO of JRE. When Jenni passed in December of 2012, Rosie dutifully took over and diligently held such positions until January 1, 2022, when unfortunate family strife finally forced her to resign.

38.    Prior to her resignation, in or about May of 2021, a trust accounting of the Trust and subtrusts had been conducted, and the results thereof yielded no accounting irregularities on Rosie's part as trustee and CEO. Accordingly, Rosie and JRE jointly negotiated and agreed to the language of a press release, which the parties agreed would be issued by JRE on January 4, 2022 (the "Press Release"). The Press Release announced that Jacquie was assuming the roles of executrix of the Estate, trustee of the Trust, and CEO of JRE, and stated, in pertinent part, that Jacquie was "grateful for the efforts made by [Rosie]" to "care for [Counterdefendants] financial and emotional needs" and that, "[a]n audit of the Trust was performed" and "[i]n spite of recent communication media reports, there was no evidence of any crime, misappropriation or theft of fiduciary funds by Rosie, while acting as fund trustee." A true and correct, translated copy of the Press Release is attached hereto as Exhibit "1" and incorporated herein by this reference.

39.    In connection with her resignation, Rosie and JRE executed a "Resignation and Severance Agreement and Mutual Release of Claims" (the "Resignation and Release Agreement") on or about December 22, 2021, wherein all of the Counterdefendants expressly agreed to fully release and never sue Rosie for any claims arising out of Rosie's role as executrix of the Estate, trustee of the Trust, and CEO of JRE. The Resignation and Release Agreement further compelled Counterdefendants to not "make or publish, or allow or cause any Party to make or publish, to any third party, any untrue, derogatory or disparaging statements about,

relating to or in connection with…the business, operations, affairs or activities of any other Party."

40.     On or about February 22, 2022, Juan Rivera ("Juan") – who is Pedro's younger son and the brother of Jenni – was terminated from his non-leadership position within JRE.

41.     In connection with his termination, Juan and Counterdefendants executed a "Settlement and Release of Claims" (the "Release Agreement") on or about April 16, 2022, wherein Counterdefendants expressly agreed to fully release and never sue Juan for any claims for any act or omission by Juan. The Release Agreement further compelled Counterdefendants to not "make, directly or indirectly … any negative, disparaging, detrimental, or derogatory comments, remarks, or statements or insinuations (or use language which brings the other Party into public disrepute, contempt, scandal or ridicule) whether oral or written" about Juan.

42.     Accordingly, Counterclaimants are informed and believe and, on the basis of such information and belief, herein allege that – in addition to breaching their non-disparagement obligations under each such agreement, which Rosie and Juan intend to address via binding arbitration against Counterdefendants – Counterclaimants have intentionally and in bad faith sued only Counterclaimants, in an effort to improperly skirt their obligations under the Resignation and Release Agreement and Release Agreement.

## FIRST COUNTERCLAIM FOR RELIEF

### Copyright Infringement

### (By All Counterclaimants Against All Counterdefendants)

43.     Counterclaimants repeat, reallege, and incorporate herein by this reference each and every allegation contained in ¶¶ 1-42 of the Counterclaims as though set forth in full herein.

44.     Counterclaimants are the rightful owners of the copyrights in various works, including, without limitation: (a) certain sound recordings originally

ANSWER AND COUNTERCLAIMS

recorded as part of the *Mi Vida Loca* album, bearing Copyright Registration No. SR 408-400, the *Simplemente La Mejor* album, bearing Copyright Registration No. SR 382-497, and the *Parrandera, Rebelde y Atrevida* album, bearing Copyright Registration No. SR 811-041, which sound recordings were used and distributed without authorization by Counterdefendants as part of the *La Misma Gran Señora* album; and (b) certain photographs originally captured by Counterclaimants, bearing Copyright Registration Nos. VA0001958625, VA0001964386, VA0001899975, VA0001958627, VA0001958628, and VA0001933463, which were used and distributed without authorization by Counterdefendants as part of the album cover artwork for the *Misión Cumplida* album (collectively, the "Infringed Works"). Counterclaimants therefore possess exclusive rights under 17 U.S.C. §§ 106 and 114 to, among other things, reproduce, prepare derivative works, and/or publicly perform such Infringed Works, and to permit third parties to do the same. True and correct copies of the Registration Certificates for the Infringed Works are attached hereto as Exhibit "2" and incorporated herein by this reference.

45.    Counterclaimants are, therefore, entitled and authorized to protect such rights against copyright infringement, including the acts of infringement of Counterdefendants.

46.    Counterdefendants have repeatedly and continuously infringed upon Counterclaimants rights in and to the Infringed Works, among other rights, by, inter alia, using, reproducing, otherwise exploit, and permitting others to use, reproduce, and otherwise exploit, the Infringed Works, as alleged herein above, and have done so without Counterclaimants' authorization, earning significant monies therefrom.

47.    Each and every use and exploitation of the Infringed Works, among other rights, by Counterdefendants, constitutes a separate and distinct act of infringement.

48.    Counterdefendants have acted willfully, deliberately, and with prior notification and knowledge of Counterclaimants' ownership rights, or at a

minimum, with reckless disregard of Counterclaimants' ownership rights.

49.     Counterclaimants have been damaged as a direct and proximate result of Counterdefendants' acts of infringement and are, therefore, liable to Counterclaimants for willful copyright infringement under 17 U.S.C. § 501.

50.     Counterclaimants are entitled to receive the actual damages and profits obtained by Counterdefendants, pursuant to 17 U.S.C. § 504, or, in the alternative, are entitled to statutory damages due to Counterdefendants' willful copyright infringement.

51.     As set forth above, Counterclaimants are also entitled to non-economic relief, including, without limitation, declaratory and injunctive relief, pursuant to 17 U.S.C. § 502, enjoining Counterdefendants from further acts of infringement.

52.     Counterclaimants are further entitled to recover their attorneys' fees and costs incurred in connection with this this matter, pursuant to 17 U.S.C. § 505.

## SECOND COUNTERCLAIM FOR RELIEF

### Conversion

### (By All Counterclaimants Against All Counterdefendants)

53.     Counterclaimants repeat, reallege, and incorporate herein by this reference each and every allegation contained in ¶¶ 1-52 of the Counterclaims as though set forth in full herein.

54.     Counterclaimants are the sole and rightful owners of certain monies inadvertently paid to Counterdefendants in the process of paying certain royalties to Counterdefendants.

55.     As set forth herein, Counterdefendants have acknowledged, both tacitly and expressly, that such overpaid amounts in fact belong to Counterclaimants, and Counterclaimants have an immediate right to possess such monies but for the parties' agreement to earmark such monies and apply them towards royalty payments that become due and owing to Counterdefendants in the future.

56.     Now, however, Counterdefendants have taken possession of such

ANSWER AND COUNTERCLAIMS

overpaid amounts, and are using such amounts for their own personal and financial benefit, despite Counterclaimants' demand hereby for a return thereof.

57.     Therefore, and as a direct and proximate result of Counterdefendants' use and/or wrongful transfer and retainment of such monies, Counterclaimants have been damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFOR, Counterclaimants hereto pray for judgement against Counterdefendants, and each of them, as follows:

1.     Compensatory and general damages in an amount to be determined at trial;

2.     Actual damages and profits, or, in the alternative, statutory damages, as a result of Counterdefendants' infringement of the Infringed Works, in an amount to be determined at trial;

3.     Punitive and exemplary damages;

4.     Injunctive or other equitable relief;

5.     A full accounting from Counterdefendants regarding all monies received from their exploitation of works containing Counterclaimants copyrights, as well as from all royalty payments received by Counterclaimants pursuant to various recording agreements;

6.     Pre- and Post-judgment interest according to proof at trial; and

///
///
///
///
///
///
///
///

ANSWER AND COUNTERCLAIMS

7.     For such other and further relief as this Court deems just and proper.

Respectfully submitted,

DATED:  February 23, 2024          **ALTVIEW LAW GROUP, LLP**

By: _____
JOHN M. BEGAKIS
*Attorneys for Defendants* CINTAS
ACUARIO, INC., a California
corporation; and AYANA MUSIC,
INC., a California corporation

# CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2024, a copy of **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** was served by electronic mail at the address below:

Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
CRITERION COUNSEL, LAW CORPORATION
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, CA 91367
cpham@criterioncounsel.com
mchaney@criterioncounsel.com


Frank Salzano, Esq.
Brady Williamson, Esq.
SALZANO, ETTINGER LAMPERT & WILSON, LLP
104 West 40th Street, 14th Floor
New York, NY 10018
fsalzano@selwlaw.com
bwilliamson@selwlaw.com


February 23, 2024                        /s/ John M. Begakis
                                         JOHN M. BEGAKIS

# EXHIBIT "1"



# PRESS RELEASE

### JANUARY 04, 2022

*"On behalf of my four siblings, I am honored to take over the position of executive director of these two companies in order to preserve and develop the legacy and reputation these two businesses that my mother left in the hands of my aunt Rosie and now me. This represents the change of guard from one generation to the next. I am pleased and grateful to have received the leadership torch. I hope we will embark on new and exciting business opportunities, and I am anxious to begin,"* said the new executive director. *"I am grateful for the efforts made by my aunt in our behalf after the death of our mother in order to honor her wishes and take care of our financial and emotional needs during these last 9 years. She served in her double roles with pride and integrity. An audit of the Trust was performed in preparation for this change.  In spite of recent communication media reports, there was no evidence of any crime, misappropriation or theft of fiduciary funds by Rosie, while acting as fund trustee. The beneficiaries and I wish our aunt Rosie the best of luck in all of her new endeavors, and we hope that our future efforts make both her and our mother proud of us."*

*Rosie Rivera wishes to express her utmost support for Jacqie as she begins this new chapter. When commenting on the transition, Rosie offered her best wishes to her family.  "I thank God and my sister for entrusting me with her legacy. It has been a privilege and an honor. My sister is worth the weight of these last 9 years and much more, but I am happy to pass the baton. I will continue praying for Jacqie as she takes over this role and encouraging my sister, nieces and nephews*."



## JENNI RIVERA ENTERPRISES, LLC

In addition, Jacqie Rivera announced she took charge of the direction of both companies (Photo: Jenni Rivera Enterprises)

# DECLARATION AND CERTIFICATION OF TRANSLATION
## Pursuant to Government Code Section 27293

I, __Diana V. Valori_____, declare that I am:
(Name of Interpreter/translator)

☐ A certified or registered Court Interpreter as described in Section 68561 of the Government Code
■ An Accredited Translator registered with the American Translators Association

I am certified/registered to interpret and/or translate from the SPANISH language to the ENGLISH language.

I declare to the best of my abilities and belief that this is a true and accurate translation of the _Spanish_ language text of:   1. Press Release, 2. Jacqie Rivera Article dated 01/03/2024_____
_____
(Insert title of document)

### Specific Description of the Document

1. One (1) page Press Release_____

2. Six (6) page Jacqie Rivera Article dated Jan. 3, 2024_____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Subscribed to this 4th day of January , 20 24 , at Santa Monica , CA .
        (Day)         (Month)   (Yr)     (Ci      (State)

_____
Signature of Interpreter/Translator

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

### Certificate of Acknowledgement

State of _California_ County of _Los Angeles_____

On _01/04/2024_ before me, Upeksha Thennakoon Mudiyanselage, Notary Public_
                                    (Insert name and title of the officer)

Personally appeared _Diana V. Valori_____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed, the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

☐ Personally Known *OR* ☑ Produced Identification.

Type of Identification produced CA Driver License

WITNESS my hand and official seal

UPEKSHA THENNAKOON
MUDIYANSELAGE
Notary Public – California
Los Angeles County
Commission # 2470248
My Comm. Expires Nov 8, 2027

_____
NOTARY SIGNATURE

CC600 (10/28/2016 Rev.)

# EXHIBIT "2"

Additional Certificate (17 USC 706)

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director



**Form SR**
For a Sound Recording
UNITED STATES COPYRIGHT OFFICE

REGIST **SR 408-400**

SR      SRU

EFFECTIVE DATE OF REGISTRATION

Month **5** Day **25** Year **07**

---

**DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET**

## 1

**TITLE OF THIS WORK ▼**
MI VIDA LOCA ' recorded by Jenni Rivera      80883 53001 (CD)

**PREVIOUS ALTERNATIVE OR CONTENTS TITLES (CIRCLE ONE) ▼**
SEE ATTACHED FORM SR/CON

## 2

**a**

**NAME OF AUTHOR ▼**
AYANA MUSICAL INC

**DATES OF BIRTH AND DEATH**
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶ U S A

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes" see detailed instructions

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼
New sound recordings liner notes and artwork

**NOTE**
Under the law the "author" of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check "Yes" in the space provided give the employer (or other person for whom the work was prepared) as "Author" of that part and leave the space for dates of birth and death blank

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes" see detailed instructions

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼

**c**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes" see detailed instructions

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼

## 3

**a**

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**
2007 ◀ Year in all cases.
This information must be given

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month ▶ March   Day ▶ 12   Year ▶ 2007   ◀ Nation

## 4

**a**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼
Ayana Musical Inc
430 East Market Street Long Beach California 90805

See instructions before completing this space

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

**b**

APPLICATION RECEIVED
MAY 2 5 2007
ONE DEPOSIT RECEIVED
MAY 2 5 2007    L
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶**    Complete all applicable spaces (numbers 5 9) on the reverse side of this page
See detailed instructions    Sign the form at line 8

DO NOT WRITE HERE
Page 1 of **4** pages

| EXAMINED BY | ✐ | FORM SR |
|---|---|---|
| CHECKED BY | | |
| CORRESPONDENCE ☐ Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☒ No  If your answer is 'Yes'  why is another registration being sought? (Check appropriate box) ▼

a  ☐ This work was previously registered in unpublished form and now has been published for the first time

b  ☐ This is the first application submitted by this author as copyright claimant

c  ☐ This is a changed version of the work, as shown by space 6 on this application

If your answer is 'Yes'  give  **Previous Registration Number ▼**          **Year of Registration ▼**

**5**

**DERIVATIVE WORK OR COMPILATION**

**Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates ▼

a

**Material Added to This Work** Give a brief general statement of the material that has been added to this work and in which copyright is claimed ▼

b

**6**

See instructions before completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account

**Name ▼**          **Account Number ▼**

a  Univision Music Group          DA89559

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent   Name / Address / Apt / City / State / ZIP ▼

b  Mark Berger
   5820 Canoga Avenue  Suite 300
   Woodland Hills  CA 91367

Area code and daytime telephone number   (818) 577-4700          Fax number   (818) 577-4743

Email  mberger@univision net

**7**

**CERTIFICATION**   I  the undersigned  hereby certify that I am the

Check only one ▼

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of   Fonovisa Records (Exclusive Licensee)

Name of author or other copyright claimant  or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

**Typed or printed name and date ▼** If this application gives a date of publication in space 3  do not sign and submit it before that date

Mark Berger          Date  May 17  2007

Handwritten signature (x) ▼

X _Mark Berger_

**8**

| Certificate will be mailed in window envelope to this address | Name ▼ Mark Berger | Complete all necessary spaces Sign your application in space 8 |
|---|---|---|
| | Number/Street/Apt ▼ 5820 Canoga Avenue  Suite 300 | 1  Application form 2  Nonrefundable filing fee in check or money order payable to *Register of Copyrights* 3  Deposit material |
| | City/State/ZIP ▼ Woodland Hills  CA 91367 | Library of Congress Copyright Office   SR 101 Independence Avenue  S E Washington, D C  20559-6237 |

**9**

17 U S C § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection with the application  shall be fined not more than $2,500

Rev  July 2003—100 000   Web Rev  July 2003   ⊕ Printed on recycled paper

U S Government Printing Office  2003-496-605/60 0xx

# CONTINUATION SHEET
# FOR APPLICATION FORMS



**Form** _SR_ **/CON**
UNITED STATES COPYRIGHT OFFICE

**SR 408—400**



| PA | PAU | SE | SEG | SEU | SR | SRU | TX | TXU | VA | VAU |
|----|-----|----|-----|-----|----|-----|----|-----|----|-----|

EFFECTIVE DATE OF REGISTRATION

(Month) 5  (Day) 25  (Year) 07

CONTINUATION SHEET RECEIVED

**MAY 2 5 2007**

Page 3 of 4 pages

- This Continuation Sheet is used in conjunction with Forms CA PA SE SR TX and VA only Indicate which basic form you are continuing in the space in the upper right hand corner
- If at all possible try to fit the information called for into the spaces provided on the basic form
- If you do not have enough space for all the information you need to give on the basic form use this Continuation Sheet and submit it with the basic form
- If you submit this Continuation Sheet clip (do not tape or staple) it to the basic form and fold the two together before submitting them
- Space A of this sheet is intended to identify the basic application
  Space B is a continuation of Space 2 on the basic application
  Space B is not applicable to Short Forms
  Space C (on the reverse side of this sheet) is for the continuation of Spaces 1 4 or 6 on the basic application or for the continuation of Space 1 on any of the three Short Forms PA TX or VA

**DO NOT WRITE ABOVE THIS LINE   FOR COPYRIGHT OFFICE USE ONLY**

---

## A
**Identification of Application**

**IDENTIFICATION OF CONTINUATION SHEET** This sheet is a continuation of the application for copyright registration on the basic form submitted for the following work
- TITLE (Give the title as given under the heading Title of this Work in Space 1 of the basic form )

MI VIDA LOCA   by Jenni Rivera                    80883 53001 (CD)

- NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S) (Give the name and address of at least one copyright claimant as given in Space 4 of the basic form or Space 2 of any of the Short Forms PA TX or VA )

Ayana Musical Inc 430 East Market Street, Long Beach California 90805

---

## B
**Continuation of Space 2**

### d
**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born▼          Year Died▼

Was this contribution to the work a work made for hire ?
☐ Yes
☐ No

**AUTHOR S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

**WAS THIS AUTHOR S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

If the answer to either of these questions is "Yes see detailed instructions

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by the author in which copyright is claimed ▼

### e
**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born▼          Year Died▼

Was this contribution to the work a work made for hire ?
☐ Yes
☐ No

**AUTHOR S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

**WAS THIS AUTHOR S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

If the answer to either of these questions is "Yes see detailed instructions

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by the author in which copyright is claimed ▼

### f
**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born▼          Year Died▼

Was this contribution to the work a work made for hire ?
☐ Yes
☐ No

**AUTHOR S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

**WAS THIS AUTHOR S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

If the answer to either of these questions is "Yes see detailed instructions

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by the author in which copyright is claimed ▼

---

*Use the reverse side of this sheet if you need more space for continuation of Spaces 1 4 or 6 of the basic form or for the continuation of Space 1 on any of the Short Forms PA TX or VA*

CONTINUATION OF  (Check which)   ☑ Space 1     ☐ Space 4     ☐ Space 6

# C

Continuation
of other
Spaces



Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
Mark Berger
Number/Street/Apt ▼
5820 Canoga Avenue  Suite 300
City/State/ZIP ▼
Woodland Hills  CA 91367

Complete all necessary spaces
Sign your application

1   Application form
2   Nonrefundable fee in check or
     money order payable to Register
     of Copyrights
3   Deposit Material

Library of Congress  Copyright Office
101 Independence Avenue  S E
Washington  D C  20559-6000

# D

September 2003 — 20 000   Web Rev September 2003   ♻ Printed on recycled paper

U S  Government Printing Office  2003-496 605/60,034

# CONTINUATION SHEET
# FOR APPLICATION FORMS



Form *SR*7CON
UNITED STATES COPYRIGHT OFFICE

SR 382-497

PA | PAU | SE | SEG | SE | SR | SRU | TX | TXU | VA | VAU

EFFECTIVE DATE OF REGISTRATION

11     9     2005
(Month)   (Day)   (Year)

CONTINUATION SHEET RECEIVED

11     9     2005

Page 3 of 4 pages

- This Continuation Sheet is used in conjunction with Forms CA PA SE SR TX and VA only Indicate which basic form you are continuing in the space in the upper right hand corner
- If at all possible try to fit the information called for into the spaces provided on the basic form
- If you do not have enough space for all the information you need to give on the basic form use this Continuation Sheet and submit it with the basic form
- If you submit this Continuation Sheet clip (do not tape or staple) it to the basic form and fold the two together before submitting them
- Space A of this sheet is intended to identify the basic application
  Space B is a continuation of Space 2 on the basic application
  Space B is not applicable to Short Forms.
  Space C (on the reverse side of this sheet) is for the continuation of Spaces 1, 4, or 6 on the basic application or for the continuation of Space 1 on any of the three Short Forms PA, TX, or VA

DO NOT WRITE ABOVE THIS LINE. FOR COPYRIGHT OFFICE USE ONLY

**A**
Identification of Application

IDENTIFICATION OF CONTINUATION SHEET This sheet is a continuation of the application for copyright registration on the basic form submitted for the following work

- TITLE (Give the title as given under the heading "Title of this Work in Space 1 of the basic form )

  "SIMPLEMENTE LA MEJOR," RECORDED BY JENNI RIVERA    80883 10344 (CD/DVD) & 80883 10343 (CD)

- NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S)  (Give the name and address of at least one copyright claimant as given in Space 4 of the basic form or Space 2 of any of the Short Forms PA, TX, or VA )

  Ayana Musical, Inc , 430 East Market Street, Long Beach  California 90805

**B**
Continuation of Space 2

**d**

| NAME OF AUTHOR ▼ | | DATES OF BIRTH AND DEATH Year Born▼  Year Died▼ |
|---|---|---|
| Was this contribution to the work a "work made for hire ? ☐ Yes ☐ No | AUTHOR S NATIONALITY OR DOMICILE Name of Country OR { Citizen of ▶ _____ { Domiciled in ▶ _____ | WAS THIS AUTHOR S CONTRIBUTION TO THE WORK Anonymous?  ☐ Yes ☐ No   If the answer to either of these questions is Pseudonymous? ☐ Yes ☐ No   "Yes  see detailed instructions. |

NATURE OF AUTHORSHIP Briefly describe nature of the material created by the author in which copyright is claimed ▼

**e**

| NAME OF AUTHOR ▼ | | DATES OF BIRTH AND DEATH Year Born▼  Year Died▼ |
|---|---|---|
| Was this contribution to the work a  work made for hire"? ☐ Yes ☐ No | AUTHOR S NATIONALITY OR DOMICILE Name of Country OR { Citizen of ▶ _____ { Domiciled in ▶ _____ | WAS THIS AUTHOR S CONTRIBUTION TO THE WORK Anonymous?  ☐ Yes ☐ No   If the answer to either of these questions is Pseudonymous? ☐ Yes ☐ No   "Yes  see detailed instructions. |

NATURE OF AUTHORSHIP Briefly describe nature of the material created by the author in which copyright is claimed ▼

**f**

| NAME OF AUTHOR ▼ | | DATES OF BIRTH AND DEATH Year Born▼  Year Died▼ |
|---|---|---|
| Was this contribution to the work a  work made for hire"? ☐ Yes ☐ No | AUTHOR S NATIONALITY OR DOMICILE Name of Country OR { Citizen of ▶ _____ { Domiciled in ▶ _____ | WAS THIS AUTHOR S CONTRIBUTION TO THE WORK Anonymous?  ☐ Yes ☐ No   If the answer to either of these questions is Pseudonymous? ☐ Yes ☐ No   "Yes  see detailed instructions. |

NATURE OF AUTHORSHIP Briefly describe nature of the material created by the author in which copyright is claimed ▼

Use the reverse side of this sheet if you need more space for continuation of Spaces 1  4  or 6 of the basic form or for the continuation of Space 1 on any of the Short Forms PA  TX  or VA

CONTINUATION OF (Check which)  ☑ Space 1  ☐ Space 4  ☐ Space 6

**C**

Continuation
of other
Spaces

1  Querida Socia
2  Las Malandrinas
3  Se Las Voy A Dar A Otro
4  Cuando Abras Los Ojos
5  Chicana Jalisciense
6  Que Me Entierren Con La Banda (a duo con Lupillo Rivera)
7  Se Marcho
8  Mi Vida Loca
9  Tristeza Pasajera (Ilusion Pasajera)
10  Angel Baby
11  Reina de Reinas
12  La Chacalosa
13  Las Mismas Costumbres
14  Amiga Si Lo Ves
15  Simplemente La Mejor
16  Las Mismas Costumbres (Norteña)
17  Amiga Si Lo Ves (Norteña)
18  Amiga Si Lo Ves (Pop)

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
Gisselle Mencia

Number/Street/Apt ▼
5820 Canoga Avenue  Suite 300

City/State/ZIP ▼
Woodland Hills, CA 91367

Complete all necessary spaces
Sign your application

**D**

1  Application form
2  Nonrefundable fee in check or
   money order payable to Register
   of Copyrights
3  Deposit Material

Library of Congress, Copyright Office
101 Independence Avenue S E
Washington  D C  20559-6000

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kay A. Tingle*

Acting United States Register of Copyrights and Director

**Registration Number**

## SR 811-041

**Effective Date of Registration:**
October 13, 2017

## Title

**Title of Work:** PARRANDERA REBELDE Y ATREVIDA

## Completion/Publication

**Year of Completion:** 2005
**Date of 1st Publication:** September 20, 2005
**Nation of 1st Publication:** United States

## Author

- **Author:** CINTAS ACUARIO INC.
  **Author Created:** sound recording
  **Work made for hire:** Yes
  **Citizen of:** United States
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** CINTAS ACUARIO INC.
430. E MARKET ST, LONG BEACH, CA, 90805, United States

## Limitation of copyright claim

**Material excluded from this claim:** sound recording

**New material included in claim:** sound recording

## Rights and Permissions

**Organization Name:** Cintas Acuario, Inc.
**Name:** Fabiola Avalos
**Email:** fabiola@cintasacuario.com
**Telephone:** (562)428-3682
**Address:** 430 E. Market Street
Long Beach, CA 90805 United States





Library of Congress
101 Independence Avenue SE
Washington, DC 20559-6000



## U.S. Copyright Office Receipt

Deposit Copy Shipping Slip for Deposit Copies Sent to Accompany an
Electronically Submitted Application

**Case / SR#:**                           1-949315287

**Case Date:**                            06/24/2013

**Title:**                    Jenni Rivera Reyna De Reynas Picture #1

**Vol/Num/Issue**

**Month/Year**

**Applicant's Internal Tracking**

**Materials Submitted:**

    Quantity                          Format

**Instructions for Sending Deposit Copies**

I.  Attach this shipping slip securely to the deposit copy or copies for this work.
II. Mail the deposit copy or copies within 30 days of the case date listed above.

**Please Mail To:**

Library of Congress
Copyright Office - VA
101 Independence Avenue, SE
Washington, DC 20559 - 6211



Photo # 2
Case # 1-9993153287





Library of Congress
101 Independence Avenue SE
Washington, DC 20559-6000



## U.S. Copyright Office Receipt

Deposit Copy Shipping Slip for Deposit Copies Sent to Accompany an
Electronically Submitted Application

**Case / SR#:** 1-950044228

**Case Date:** 06/24/2013

**Title:** Jenni Rivera Parrandera Puro Picture #1

**Vol/Num/Issue**

**Month/Year**

**Applicant's Internal Tracking**

**Materials Submitted:**

Quantity                         Format

**Instructions for Sending Deposit Copies**

I.   Attach this shipping slip securely to the deposit copy or copies for this work.
II.  Mail the deposit copy or copies within 30 days of the case date listed above.

**Please Mail To:**

Library of Congress
Copyright Office - VA
101 Independence Avenue, SE
Washington, DC 20559 - 6211



Photo #1 Blanco
ASE # 1-950043588
: 2005.
5/20/2011

Photo # 2
Chicana
c!2005

CASE #1-950043610

Publication! 9/20/11





Library of Congress
101 Independence Avenue SE
Washington, DC 20559-6000



# U.S. Copyright Office Receipt

### Deposit Copy Shipping Slip for Deposit Copies Sent to Accompany an Electronically Submitted Application

**Case / SR#:**                              1-950043456

**Case Date:**                              06/24/2013

**Title:**                              Jenni Rivera La Chacalosa Picture #1

**Vol/Num/Issue**

**Month/Year**

**Applicant's Internal Tracking**

**Materials Submitted:**

    Quantity                              Format

**Instructions for Sending Deposit Copies**

I.   Attach this shipping slip securely to the deposit copy or copies for this work.
II.  Mail the deposit copy or copies within 30 days of the case date listed above.

**Please Mail To:**

Library of Congress
Copyright Office - VA
101 Independence Avenue, SE
Washington, DC 20559 - 6211





Library of Congress
101 Independence Avenue SE
Washington, DC 20559-6000



## U.S. Copyright Office Receipt

Deposit Copy Shipping Slip for Deposit Copies Sent to Accompany an
Electronically Submitted Application

**Case / SR#:**                                    1-950044112

**Case Date:**                                     06/24/2013

**Title:**                        Jenni Rivera Que Me Entierren Con La Banda
                                          Picture #1

**Vol/Num/Issue**

**Month/Year**

**Applicant's Internal Tracking**

**Materials Submitted:**

   Quantity                              Format

**Instructions for Sending Deposit Copies**

I .  Attach this shipping slip securely to the deposit copy or copies for this work.
II.  Mail the deposit copy or copies within 30 days of the case date listed above.

**Please Mail To:**

Library of Congress
Copyright Office - VA
101 Independence Avenue, SE
Washington, DC 20559 - 6211

# 1



*Dedicatoria*

A los artistas a quien rindo homenaje en este disco... porque ustedes existieron... pude moldear mi gusto musical... escuchando a las grandes en mi niñez y adolescencia fue como influyeron y dejaron una huella imborrable en lo que ahora es mi carrera. Ustedes fueron mi preferencia y por eso... con todo respeto, les dedico este disco.

A mi hermana Rosie... te dedico este disco porque eres mujer como yo... porque te respeto y porque tú y Kassandra serán siempre GRANDES para mí.

A mi señora madre... este disco tan importante para mí... se lo dedico a Usted en especial, porque de todas las veces que escuché la suya fue la que impregnó y la que ha significado más. Su apoyo a través de mi vida, su fe, su ejemplo como mujer, su fuerza ante todo... nos une más, por eso y muchas cosas le rindo mi más respetuoso homenaje a mi MADRE...

Recuerda que cuando miro te saludo los discos de los grandes del supermercet? Tengo ganas que le hice ganar y las ganancias que me meto... nos unieron... en este disco... Ojalá salga para finalmente regalárselo... lo adoró.

*Jenni*

*Jenni Rivera*

HOMENAJE A LAS GRANDES



Library of Congress
101 Independence Avenue SE
Washington, DC 20559-6000



## U.S. Copyright Office Receipt

Deposit Copy Shipping Slip for Deposit Copies Sent to Accompany an
Electronically Submitted Application

| | |
|---|---|
| **Case / SR#:** | 1-945547292 |
| **Case Date:** | 06/24/2013 |
| **Title:** | Jenni Rivera Homenaje A Las Grandes Picture #3 |
| **Vol/Num/Issue** | |
| **Month/Year** | |
| **Applicant's Internal Tracking** | |

**Materials Submitted:**

| Quantity | Format |
|---|---|
| | |
| | |
| | |
| | |

**Instructions for Sending Deposit Copies**

I. Attach this shipping slip securely to the deposit copy or copies for this work.
II. Mail the deposit copy or copies within 30 days of the case date listed above.

**Please Mail To:**

Library of Congress
Copyright Office - VA
101 Independence Avenue, SE
Washington, DC 20559 - 6211

Creacion 2005/ Release 5/16/2006   Homenaje A Las Grandes #3



CASE # 1-7465 472292

 Library of Congress
101 Independence Avenue SE
Washington, DC 20559-6000



## U.S. Copyright Office Receipt

Deposit Copy Shipping Slip for Deposit Copies Sent to Accompany an
Electronically Submitted Application

| | |
|---|---|
| **Case / SR#:** | 1-948924465 |
| **Case Date:** | 06/24/2013 |
| **Title:** | Jenni Rivera Mi Vida Loca Picture #2 |
| **Vol/Num/Issue** | |
| **Month/Year** | |
| **Applicant's Internal Tracking** | |

**Materials Submitted:**

Quantity                           Format

## Instructions for Sending Deposit Copies

I . Attach this shipping slip securely to the deposit copy or copies for this work.
II. Mail the deposit copy or copies within 30 days of the case date listed above.

**Please Mail To:**

Library of Congress
Copyright Office - VA
101 Independence Avenue, SE
Washington, DC 20559 - 6211



Library of Congress
101 Independence Avenue SE
Washington, DC 20559-6000



## U.S. Copyright Office Receipt

### Deposit Copy Shipping Slip for Deposit Copies Sent to Accompany an Electronically Submitted Application

**Case / SR#:**                                   1-948925207

**Case Date:**                                    06/24/2013

**Title:**                                        Jenni Rivera Mi Vida Loca Picture #3

**Vol/Num/Issue**

**Month/Year**

**Applicant's Internal Tracking**

**Materials Submitted:**

    Quantity                              Format

**Instructions for Sending Deposit Copies**

I.  Attach this shipping slip securely to the deposit copy or copies for this work.
II.  Mail the deposit copy or copies within 30 days of the case date listed above.

**Please Mail To:**

Library of Congress
Copyright Office - VA
101 Independence Avenue, SE
Washington, DC 20559 - 6211



Library of Congress
101 Independence Avenue SE
Washington, DC 20559-6000



## U.S. Copyright Office Receipt

Deposit Copy Shipping Slip for Deposit Copies Sent to Accompany an
Electronically Submitted Application

**Case / SR#:**                                    1-949314622

**Case Date:**                                      06/24/2013

**Title:**                             Jenni Rivera Mi Vida Loca Picture #4

**Vol/Num/Issue**

**Month/Year**

**Applicant's Internal Tracking**

**Materials Submitted:**

     Quantity                              Format

## Instructions for Sending Deposit Copies

I.   Attach this shipping slip securely to the deposit copy or copies for this work.
II.  Mail the deposit copy or copies within 30 days of the case date listed above.

**Please Mail To:**

Library of Congress
Copyright Office - VA
101 Independence Avenue, SE
Washington, DC 20559 - 6211


Library of Congress
101 Independence Avenue SE
Washington, DC 20559-6000



## U.S. Copyright Office Receipt

Deposit Copy Shipping Slip for Deposit Copies Sent to Accompany an
Electronically Submitted Application

**Case / SR#:**                1-949314645

**Case Date:**                 06/24/2013

**Title:**                     Jenni Rivera Mi Vida Loca Picture #5

**Vol/Num/Issue**

**Month/Year**

**Applicant's Internal Tracking**

**Materials Submitted:**

    Quantity                        Format

**Instructions for Sending Deposit Copies**

I.  Attach this shipping slip securely to the deposit copy or copies for this work.
II.  Mail the deposit copy or copies within 30 days of the case date listed above.

**Please Mail To:**

Library of Congress
Copyright Office - VA
101 Independence Avenue, SE
Washington, DC 20559 - 6211



Library of Congress
101 Independence Avenue SE
Washington, DC 20559-6000



## U.S. Copyright Office Receipt

Deposit Copy Shipping Slip for Deposit Copies Sent to Accompany an
Electronically Submitted Application

| | |
|---|---|
| **Case / SR#:** | 1-944622541 |
| **Case Date:** | 06/24/2013 |
| **Title:** | Jenni Rivera Mi Vida Loca Picture #6 |
| **Vol/Num/Issue** | |
| **Month/Year** | |
| **Applicant's Internal Tracking** | |

**Materials Submitted:**

| Quantity | Format |
|---|---|
| | |
| | |
| | |
| | |

## Instructions for Sending Deposit Copies

I.  Attach this shipping slip securely to the deposit copy or copies for this work.
II. Mail the deposit copy or copies within 30 days of the case date listed above.

**Please Mail To:**

Library of Congress
Copyright Office - VA
101 Independence Avenue, SE
Washington, DC 20559 - 6211



Library of Congress
101 Independence Avenue SE
Washington, DC 20559-6000



## U.S. Copyright Office Receipt

Deposit Copy Shipping Slip for Deposit Copies Sent to Accompany an
Electronically Submitted Application

| | |
|---|---|
| **Case / SR#:** | 1-948961419 |
| **Case Date:** | 06/24/2013 |
| **Title:** | Jenni Rivera Mi Vida Loca Picture #7 |
| **Vol/Num/Issue** | |
| **Month/Year** | |
| **Applicant's Internal Tracking** | |

**Materials Submitted:**

| Quantity | Format |
|---|---|
| | |
| | |
| | |
| | |

## Instructions for Sending Deposit Copies

I.  Attach this shipping slip securely to the deposit copy or copies for this work.
II. Mail the deposit copy or copies within 30 days of the case date listed above.

**Please Mail To:**

Library of Congress
Copyright Office - VA
101 Independence Avenue, SE
Washington, DC 20559 - 6211



Creación: 8/15/2005
Release: Date 4/3/2007

M. vida loca  #1 photo





Mi vida loca photo #5

CASE #1 - 944622541







