Brady Williamson, Esq. (*admitted pro hac vice*)
Salzano Ettinger Lampert & Wilson, LLP
104 West 40th Steet, 14th Floor
New York, NY 10018
Telephone: (212) 375-6746
Facsimile: (646) 365-3119
bwilliamson@selwlaw.com

Christopher Q. Pham, SBN: 206697 (*local counsel*)
  E-mail: cpham@criterioncounsel.com
Marcus F. Chaney, SBN: 245227
  E-mail: mchaney@criterioncounsel.com
Criterion Counsel, Law Corporation
6355 Topanga Canyon Blvd., Suite 326
Woodland Hills, CA 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

*Attorneys for Plaintiff/Counter Defendants* Jenni Rivera Enterprises, LLC; and The Estate Of Dolores J. Rivera; and all Counter Defendants

John M. Begakis, Esq. (SBN 278681)
john@altviewlawgroup.com
ALTVIEW LAW GROUP, LLP
12100 Wilshire Blvd., Suite 800
Los Angeles, California 90025
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Defendants/Counter-Claimants* CINTAS ACUARIO, INC.; and AYANA MUSICAL, INC.,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNI RIVERA ENTERPRISES, LLC, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>CINTAS ACUARIO, INC., et al.<br><br>   Defendants. | Case No.: 2:23-cv-07847 SB (JCx)<br><br>**DECLARATION OF CHRISTOPHER Q PHAM IN SUPPORT OF FIRST REQUEST TO MODIFY CASE MANAGEMENT ORDER FOR GOOD CAUSE** |

I, Christopher Q. Pham, declare as follows:

1. I am an attorney at law licensed to practice in the State of California and before the United States District Court for the Central District of California. I am a shareholder of Criterion Counsel, Law Corporation, counsel of record for Plaintiffs/Counter-Defendants Jenni Rivera Enterprises, LLC ("JRE"); and The Estate Of Dolores J. Rivera ("Plaintiff"). The following is within my personal knowledge and if called upon as a witness, I could and would competently testify thereto.

2. This is the <u>first</u> request by the Parties to modify any scheduling dates in the Case Management Order set by the Court on December 15, 2023 [Dkt. 29].

3. On February 23, 2024, Defendants filed their Answer to Plaintiff's First Amended Complaint and Counterclaims (Dkt. 43). In addition to JRE and The Estate Of Dolores J. Rivera, the Counterclaims added Janney Marin Rivera; Jacquelin Campos; Jenika Lopez; Trinidad Marin; and Juan Lopez as Counter-Defendants in this matter. The Summons for the Counterclaims was issued by the Clerk of Court on March 13, 2024 (Dkt. 52). My law firm was only recently retained on March 26, 2024, to represent all Counter-Defendants in this matter.

4. On March 29, 2024, to expedite service of the Summons and Counterclaims in good faith, I signed the Waiver of Service of Summons for each of the new Counter Defendants, which were filed with the Court on April 9, 2024. (Dkt. 55-58).

5. On April 8, 2024, I served Counter-Claimants with a meet and confer letter under *Local Rules* 7-3, arguing for the dismissal of their Second Cause of Action for Conversion and inviting counsel to the requisite meeting prior to the filing of any motions to dismiss under *Federal Rules of Civil Procedure* 12(b)(6). All counsel for the Parties engaged in good faith in a lengthy virtual meeting on April 10, 2024, to discuss grounds for the anticipated motion to dismiss, which include (1) the conversion claim is based on an admitted royalties accounting error

committed solely by Counter Claimants, warranting its dismissal for lack of the *prima facie* element of intent; (2) Counter Claimants failed to plea with specificity the amount of the alleged conversion; (3) the conversion claim is time-barred based on Counter Claimant's admission that they discovered the accounting error in 2013; (4) Counter Claimant Cintas Acuario, Inc., has no standing to assert the conversion claim because the alleged mistaken money was paid only by Counter Claimant Ayana Musical, Inc.; and (5) without any allegations of intent, reckless, or malicious conduct by Counter-Defendants, the claim for punitive damages should be stricken.

6. Counter Claimants have expressed their intentions of filing a First Amended Counterclaims to correct the alleged pleading deficiencies relating to the conversion claim. Depending on this amended pleading, further meet and confer efforts might be necessary and a motion to dismiss the conversion counterclaim might be filed.

7. Plaintiffs intend to serve their own written discovery consisting of Special Interrogatories, Request for Production of Documents, and Requests for Admissions. The written discovery from both sides will heavily focus on accounting and royalties issues in preparation for mutual extensive expert work.

8. As written discovery winds down, the Parties will be looking to schedule depositions and more time is needed in order to complete fact discovery. There are eight total parties in this civil lawsuit. All these parties will likely be deposed, along with approximately eight third-party witnesses identified in the Parties' Rule 26 Initial Disclosures.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed this 19th day of April, 2024, at Woodland Hills, California.

/s/ Christopher Q. Pham.
*Attorney for Plaintiffs/Counter-Defendants*
Jenni Rivera Enterprises, LLC; and
The Estate Of Dolores J. Rivera

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is, 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, California 91367. On, April 19, 2024, I served the within document(s):

**JOINT STIPULATION AND FIRST REQUEST TO MODIFY CASE MANAGEMENT ORDER FOR GOOD CAUSE**
**DECLARATION OF CHRISTOPHER Q PHAM IN SUPPORT OF FIRST REQUEST TO MODIFY CASE MANAGEMENT ORDER FOR GOOD CAUSE**
**DECLARATION OF JOHN M. BEGAKIS IN SUPPORT OF FIRST REQUEST TO MODIFY CASE MANAGEMENT ORDER FOR GOOD CAUSE**
**[PROPOSED] ORDER CONTINUING DEADLINES IN THE CASE MANAGEMENT ORDER**

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.
☐ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Woodland Hills, California addressed as set forth below.
☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UNITED PARCEL SERVICE.
☒ ELECTRONIC DELIVERY – by causing such document(s) to be transmitted by electronic mail transmission to the appropriate electronic mail address(es) set forth below.
☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

John M. Begakis, Esq.
ALTVIEW LAW GROUP, LLP
12100 Wilshire blvd., Suite 800
Los Angeles, California 90025
john@altviewlawgroup.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, unless otherwise set forth herein. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on April 19, 2024, at Woodland Hills, California.

*Catherine Brannan*
Catherine Brannan

- 1 -