Brady Williamson, Esq. (*admitted pro hac vice*)
Salzano Ettinger Lampert & Wilson, LLP
104 West 40th Steet, 14th Floor
New York, NY 10018
Telephone: (212) 375-6746
Facsimile: (646) 365-3119
bwilliamson@selwlaw.com

Christopher Q. Pham, SBN: 206697 (*local counsel*)
E-mail: cpham@criterioncounsel.com
Criterion Counsel, Law Corporation
6355 Topanga Canyon Blvd., Suite 326
Woodland Hills, CA 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

*Attorneys for Plaintiffs/Counter-defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNI RIVERA ENTERPRISES, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CINTAS ACUARIO, INC., et al.<br><br>Defendants.<br><br>CINTAS ACUARIO, INC., et al.<br><br>Counterclaimants,<br><br>v.<br><br>JENNI RIVERA ENTERPRISES, LLC, et al.<br><br>Counterdefendants. | Case No.: 2:23-cv-07847 SB (JCx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS UNDER RULE 12(b)(6) AND TO STRIKE PUNITIVE/EXEMPLARY DAMAGES UNDER RULE 12(f)**<br><br>**Hearing Date**: June 14, 2024<br>**Time**:              8:30 A.M.<br>**Courtroom**:      6C<br><br>**Judge**: Hon. Stanley Blumenfeld Jr. |

# TABLE OF CONTENTS

Page

I. **INTRODUCTION**……………………………….………….......….…1

II. **SUMMARY OF ALLEGATIONS IN THE FIRST AMENDED COUNTERCLAIMS RELEVANT TO THIS MOTION**………....…2

III. **LEGAL STANDARDS TO BE APPLIED**……………………………3

    A. **Rule 12(b)(6) Motion to Dismiss**……………………….….……3

    B. **Rule 12(f) Motion to Strike**…………………………………..…3

IV. **ANALYSIS** …………………………………………………….……3

    A. **The Conversion Claim is Preempted by the *Copyright Act*** …....…3

    B. **Counterclaimants' Failed to Plead any Wrongful Act by Counter-Defendants to Establish Conversion**…………...……….5

    C. **3-Year Statute of Limitations for Conversion Accrued in 2013**……………………………………………………………..6

    D. **This Court Should Strike Punitive and Exemplary Damages Not Recoverable as a Matter of Law and Insufficiently Pled** ……..…7

V. **CONCLUSION AND CERTIFICATIONS**……………………….…..8

# TABLE OF AUTHORITIES

**CASES:**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................................... 3

*Conerly v. Westinghouse Elec. Corp.*,
623 F.2d 117 (9th Cir. 1980) ...................................................................................... 6

*Dallas & Lashmi, Inc. v. 7-Eleven, Inc.*,
112 F.Supp.3d 1048 (C.D. Cal. 2015) ..................................................................... 4-5

*Duke v. Superior Court*,
18 Cal.App.5th 490 (2017) ....................................................................................... 5-6

*Jules Jordan Video, Inc. v. 144942 Canada Inc.*,
617 F.3d 1146 (9th Cir. 2010) .................................................................................... 4

*Kodadek v. MTV Networks, Inc.*,
152 F.3d 1209 (9th Cir. 1998) .................................................................................... 4

*Lee v. Hanley*,
61 Cal.4th 1225 (2015) ............................................................................................... 5

*NTD Architects v. Baker*,
No. 12-CV-0020-AJB-JMA, 2012 WL 2498868 (S.D. Cal. June 27, 2012) ........... 5

*Strasberg v. Odyssey Group, Inc.*,
51 Cal.App.4th 906 (1996) ......................................................................................... 6

*Susilo v. Wells Fargo Bank, N.A.*,
796 F.Supp.2d 1177 (C.D. Cal. 2011) ....................................................................... 7

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
592 F.3d 954 (9th Cir. 2010) ...................................................................................... 6

*Whittlestone, Inc. v. Handi-Craft Co.*,
618 F.3d 970 (9th Cir. 2010) ...................................................................................... 3

**STATUTES:**

17 U.S.C. § 106 ............................................................................................................ 1

17 U.S.C. § 301 ............................................................................................................ 4

17 U.S.C. § 301(a) .................................................................................................... 3-4

17 U.S.C. § 504 ........................................................................................................ 7, 8

1 | 17 U.S.C. § 504(a) ....................................................................................................... 7
2 | *Code Civil Procedure* § 338(c) .................................................................................... 6
3 | *Code of Civil Procedure* § 3294 ............................................................................. 7, 8
4 |
5 | **RULES:**
6 | Fed. R. Civ. P. 12(b)(6) .......................................................................................... 1, 3
7 | Fed. R. Civ. P. 12(f) ............................................................................................... 1, 3
8 | L.R. 11-6 ........................................................................................................................ 9
9 | L.R. 11-6.2 .................................................................................................................... 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Amended Counterclaims filed by Cintas Acuario, Inc. and Ayana Musical, Inc. ("Counterclaimants") stem from their allegation that Jenni Rivera Enterprises, LLC ("JRE") and the remaining named Counter-Defendants released one or more albums containing copyrighted records and/or images they owned pursuant to the terms of various recording agreements entered into with Jenni Rivera ("Jenni") prior to late-2009 when she began producing her own music and before her tragic passing in 2012.

In connection with copyright royalty payments owed to JRE, as Jenni's successor-in-interest, Counterclaimant Ayana alleges that Counter-Defendants are liable for conversion in connection with Counterclaimant's own accounting error that it discovered in 2013. The conversion claim is preempted by Counterclaimants copyright infringement counterclaim and the *Copyright Act* because it is based on the same rights enumerated in 17 U.S.C. § 106. Moreover, Counterclaimants have failed to state a claim for conversion because they have not alleged any intentional or wrongful act by JRE or Counter-Defendants in connection with the erroneous royalty payments made by Ayana, and, based upon its own express allegations, the statute of limitation on the conversation claim ran in 2016.

Lastly, Counterclaims seek punitive and exemplary damages against Counter-Defendants that are not available as a matter of law for copyright infringement, and which have not been sufficiently pled in connection with the conversion claim that should be dismissed on the grounds set forth above. For these reasons, Counter-Defendants respectfully seek an order from this court dismissing the First Amended Counterclaims under Rule 12(b)(6) and striking the punitive and exemplary damages sought therein under Rule 12(f).

/ / /

## II. SUMMARY OF ALLEGATIONS IN THE FIRST AMENDED COUNTERCLAIMS RELEVANT TO THIS MOTION

On April 26, 2024, Counterclaimants filed their First Amended Counterclaims ("FAC") [ECF Dkt. 61] amending their original Counterclaims filed with their Answer to Plaintiffs' First Amended Complaint on February 23, 2024 [ECF Dkt. 43], and prior to any responsive pleading thereto. In the FAC they allege as follows:

"Due to their inadvertent oversight, however, *Counterclaimants continued to pay 50% of what Ayana was receiving* from Fonovisa to Jenni. Accordingly, Jenni was simultaneously receiving her entire 50% share of all monies resulting from the exploitation of master recordings recorded pursuant to the 2005 Recording Agreement directly from Fonovisa *as well as* half of Counterclaimant's 50% share (i.e., an additional 25% from Counterclaimants)." *See* FAC, Pg. 43, ¶34, Lines 9-15.

"In or about 2013, Counterclaimants discovered this oversight, and informed JRE. Counterclaimants received no objection to such notification, either from JRE or any of the other Counterdefendants, and Counterclaimants therefore began applying royalties received in connection with their exploitation of all master recordings owned pursuant to all of the Recording Agreements towards the overpayment balance." *See* FAC, Pg. 43, ¶35, Lines 16-21.

"Ayana is the sole and rightful owners of certain monies inadvertently paid to, and wrongfully withheld by, Counterdefendants, which monies Ayana is informed and believes and, on the basis of such information and belief, herein alleges total the specific and identifiable sum of $774,413.75." *See* FAC, Pg. 47, ¶54, Lines 20-23.

/ / /

/ / /

### III. LEGAL STANDARDS TO BE APPLIED

#### A. Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff (counterclaimant) must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the facts pleaded "allow[] the court to draw the reasonable inference that the defendant (counter-defendant) is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In resolving a Rule 12(b)(6) motion, a court must accept all well-plead factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Assuming the veracity of well-pleaded factual allegations, a court must "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. There is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*.

#### B. Rule 12(f) Motion to Strike

A motion to strike may be brought under Rule 12(f) to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-974 (9th Cir. 2010). The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Id.* at 973.

### IV. ANALYSIS

#### A. The Conversion Claim is Preempted by the *Copyright Act*

Federal copyright preemption is codified in the *Copyright Act*. "On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section

106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301(a).

"A state law cause of action is preempted by the Copyright Act if two elements are present. First, the rights that a claimant asserts under state law must be 'rights that are equivalent' to those protected by the Copyright Act. *Jules Jordan Video, Inc. v. 144942 Canada Inc*., 617 F.3d 1146, 1154-55 (9th Cir. 2010)('Whether a claim is preempted under Section 301 does not turn on what rights the alleged infringer possesses, but on whether the rights asserted by the plaintiff are equivalent to any of the exclusive rights within the general scop (sic) of the copyright.')  Second, the work involved must fall within the 'subject matter' of the Copyright Act, as set forth in 17 U.S.C. §§ 102 and 103.' *Kodadek v. MTV Networks, Inc*., 152 F.3d 1209, 1212 (9th Cir. 1998); *see also* 17 U.S.C. § 301."

Counterclaimant Ayana's claim for conversion alleges that Cintas Acuario owns various copyrights to albums recorded by Jenni Rivera under four separate recording agreements, and that both Cintas and Ayana have paid all royalties due to both Jenni and Counter-Defendant Jenni Rivera Enterprises, LLC stemming from their commercial exploitation of such recordings. Notwithstanding the fact that any overpayment of copyright royalties received by Counter-Defendants was through no fault of their own, Counterclaimants' allegations concede that Ayana's conversion claim against Counter-Defendants is based on the same rights enumerated in Section 106 of the *Copyright Act*. See, e.g., *Dallas & Lashmi, Inc. v. 7-Eleven, Inc*., 112 F.Supp.3d 1048, 1060 (C.D. Cal. 2015)(stating that, in a claim for conversion, the elements include a claimants' ownership of the property

at issue, and a defendant's disposal thereof, interfering with the claimant's ownership).

As such, the conversation counterclaim is preempted by copyright law and subject to dismissal. *NTD Architects v. Baker*, No. 12-CV-0020-AJB-JMA, 2012 WL 2498868 (S.D. Cal. June 27, 2012)(state law claim for conversion preempted by the Copyright Act).

### B. Counterclaimants' Failed to Plead any Wrongful Act by Counter-Defendants to Establish Conversion

As alleged, in 2013 Counterclaimants discovered their own mistake leading to copyright royalty overpayments to Jenni Rivera, and JRE as her successor-in-interest, pursuant to the 2005 Recording Agreement and subsequent Fonovisa License Agreement. *See* FAC, Pg. 43, ¶34, Lines 9-15. There is no allegation that Counter-Defendants did anything intentional or wrongful to cause these overpayments to be made by Counterclaimants. Moreover, even after Counterclaimants discovered their own accounting error, they allege that Counter-Defendants raised no objection to the error after notice was provided by Counterclaimants. *See* FAC, Pg. 43, ¶35, Lines 16-21. In addition, they allege that Counterclaimants began applying royalty payments received in connection with all of their exploitation of Jenni master recordings towards the overpayment balance with an alleged overpayment balance of $774,413.75 remaining due. *See* FAC, Pg. 47, ¶54, Lines 20-23. These allegations are entirely lacking in relation to any intentional or wrongful act by JRE or any of the other named Counter-Defendants in connection with Counterclaimants own accounting error.

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Lee v. Hanley,* 61 Cal.4th 1225, 1240 (2015). "To prove a cause of action for conversion, the plaintiff must

- 5 -
MEMORANDUM OF POINTS AND AUTHORITIES

show the defendant acted intentionally to wrongfully dispose of the property of another." *Duke v. Superior Court,* 18 Cal.App.5th 490, 508 (2017)

Here, the allegations are clear that Counterclaimants made an error that they discovered in 2013, that Counter-Defendants were not responsible for the error and raised no objection to the error, and that Counterclaimants have been allegedly offsetting the overpayment balance by adjusting royalty payments without any objection. Counter-Defendants did not act intentionally or wrongfully, which are required elements to plead a conversion claim.

### C. 3-Year Statute of Limitations for Conversion Accrued in 2013

Dismissal under 12(b)(6) on statute of limitations grounds is also appropriate "when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). Dismissal should only be granted "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Conerly v. Westinghouse Elec. Corp*., 623 F.2d 117, 119 (9th Cir. 1980)(internal quotation omitted).

The statute of limitations in California for bringing a conversion claim is three years from the date the personal property was wrongfully taken. *Code Civil Procedure* § 338(c); *Strasberg v. Odyssey Group, Inc*., 51 Cal.App.4th 906, 915 (1996). As alleged, "[i]n or about 2013, Counterclaimants discovered" their own oversight whereby Jenni Rivera was being overpaid 25% of Ayana Musical's 50% share of monies received by Fonovisa resulting from the exploitation of master recordings pursuant to 2005 Recording Agreement and subsequently assumed by the Fonovisa License Agreement. *See* FAC, Pg. 43, ¶35, Lines 16-21. Based upon this express allegation, a conversion claim needed to have been brought by Counterclaimant Ayana in 2016.

/ / /

### D. This Court Should Strike Punitive and Exemplary Damages Not Recoverable as a Matter of Law and Insufficiently Pled

In their Prayer for Relief, Counterclaimants seek, amongst other remedies, "[p]unitive and exemplary damages" against Counter-Defendants. *See* FAC, Pg. 48, Line 23. In support, Counterclaimants allege nothing more than a threadbare recital of the elements of punitive damages under *California Code of Civil Procedure* § 3294 with "Counterclaimants are also informed and believe and, on the basis of such information and belief, herein allege that Counterdefendants acted knowingly and willfully, with oppression, fraud and/or malice, and/or with reckless disregard for the likelihood of the extreme harm that would befall Ayana as a result of their acts of conversion alleged herein." *See* FAC, Pg. 48, ¶58, Lines 10-14.

Punitive and exemplary damages are not recoverable on a claim for copyright infringement. A court may use Rule 12(f) to strike a prayer for relief that is not available as a matter of law. *Susilo v. Wells Fargo Bank, N.A.*, 796 F.Supp.2d 1177, 1196 (CD Cal. 2011). The remedies available for copyright infringement are codified by statute under 17 U.S.C. § 504. Specifically, "[e]xcept as otherwise provided by this title, an infringer of copyright is liable for either- (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)". 17 U.S.C. § 504(a).

As it relates to the Counterclaimants' claim against Counter-Defendants for conversion, although punitive damages are not unavailable as a matter of law – as with copyright infringement – they must be proven with clear and convincing evidence of oppression, fraud, malice or willful and wanton negligence. The FAC fails to allege sufficient facts to establish any oppression, fraud, malice or willful and wanton negligence on the part of Counter-Defendants for punitive and

exemplary damages to withstand a motion to strike. Instead, the FAC alleged that accounting error was made solely by Counterclaimants, Counter-Defendants had no role in the royalty overpayment, the over-payment is currently being repaid by Counter-Defendants, and Counter-Defendants allegedly did not object to the repayment. These allegations paint a picture that Counter-Defendants acted innocently, in good faith, and with full cooperation, which are the opposite of the required *prima facie* elements for the recovery of punitive damages.

## V.   CONCLUSION AND CERTIFICATIONS

For the foregoing reasons, the Court should grant Counter-Defendants' Motion to Dismiss the First Amended Counterclaims on the grounds that the Conversion claim is preempted by copyright law, has not been sufficiently pled, and/or is barred by the applicable 3-year statute of limitations. In addition, the Court should strike the punitive/exemplary damages sought in the First Amended Counterclaims because such damages are not available under 17 U.S.C. § 504 for copyright infringement, and the conversion claim allegations are insufficient to establish clear and convincing evidence of oppression, fraud, malice, or willful and wanton negligence by counter-defendants to obtain an award of punitive/exemplary damages under *California Civil Code* § 3294.

DATED: May 17, 2024              Criterion Counsel, Law Corporation

By: __/s/ Christopher Q. Pham
Christopher Q. Pham, Esq. (*local counsel*)

*Attorneys for Plaintiffs/Counter-Defendants*

Meet and Confer Certification: Pursuant to the paragraph 6.a.ii of the Court's Standing Order, I certify that the parties met by videoconference, thoroughly discussed each and every issue raised in this motion and attempted in good faith to resolve the motion in whole or in part.

<u>L.R. 11-6.2 Certification</u>:  In addition, pursuant to L.R. 11-6.2, the undersigned, counsel of record for Plaintiffs/Counter-Defendants, certifies that this brief contains 2,380 words, which compiles with the word limit in L.R. 11-6.

DATED:  May 17, 2024            Criterion Counsel, Law Corporation

By: __/s/ Christopher Q. Pham
Christopher Q. Pham, Esq. (*local counsel*)

*Attorneys for Plaintiffs/Counter-Defendants*

- 9 -
MEMORANDUM OF POINTS AND AUTHORITIES