Brady Williamson, Esq. (*admitted pro hac vice*)
Salzano Ettinger Lampert & Wilson, LLP
104 West 40th Steet, 14th Floor
New York, NY 10018
Telephone: (212) 375-6746
Facsimile: (646) 365-3119
bwilliamson@selwlaw.com

Christopher Q. Pham, SBN: 206697 (*local counsel*)
   E-mail: cpham@criterioncounsel.com
Marcus F. Chaney, SBN: 245227
   E-mail: mchaney@criterioncounsel.com
Criterion Counsel, Law Corporation
6355 Topanga Canyon Blvd., Suite 326
Woodland Hills, CA 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

*Attorneys for Plaintiffs/Counter-defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JENNI RIVERA ENTERPRISES, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CINTAS ACUARIO, INC., et al. <br><br> Defendants. <br><hr> CINTAS ACUARIO, INC., et al. <br><br> Counterclaimants, <br><br> v. <br><br> JENNI RIVERA ENTERPRISES, LLC, et al. <br><br> Counterdefendants. | Case No.: 2:23-cv-07847 SB (JCx) <br><br> **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS UNDER RULE 12(b)(6) AND TO STRIKE PUNITIVE/EXEMPLARY DAMAGES UNDER RULE 12(f)** <br><br> **Hearing Date**: June 14, 2024 <br> **Time**: 8:30 A.M. <br> **Courtroom**: 6C <br><br> **Judge**: Hon. Stanley Blumenfeld Jr. |

- 1 -
REPLY MEMORANDUM

Counter-Defendants Jenni Rivera Enterprises, LLC, Janney Marin Rivera, Jacquelin Campos, Jenika Lopez, Trinidad Marin, and Juan Lopez ("Counter-Defendants"), through their counsel of record, hereby submit this Reply Memorandum in support of their Motion to Dismiss the First Amended Counterclaims filed by Counterclaimants Cintas Acuario, Inc. and Ayana Musical, Inc. ("Counterclaimants") under Rule 12(b)(6), to Strike the Punitive and Exemplary Damages sought therein under Rule 12(f) of the *Federal Rules of Civil Procedure*, and in response to the Opposition filed by Counterclaimants on June 7, 2024 [Dkt. 68].

## I. INTRODUCTORY STATEMENT

Counterclaimants raise two main arguments in opposition to Counter-Defendants motion. First, they argue that preemption is improper because their conversion claim does not fall within the "subject matter" of copyright. Second, they argue that Counter-Defendants refusal to account for other advances and royalties later received from Fonovisa pursuant to the Fonovisa License Agreement establishes a "wrongful act" needed to state a conversion claim, and also overcomes the otherwise clear statute of limitations issue raised by their 2013 discovery of overpayments made to Counter-Defendants.

As explored in more detail below, both of these arguments are unavailing and should not sway this Court's decision to grant this motion and dismiss the conversion claim, with prejudice. Because the punitive and exemplary damages sought by Counterclaimants within the First Amended Counterclaims are inextricably linked to the conversion claim (which is subject to dismissal, with prejudice), they too should be stricken by the Court.

/ / /

/ / /

/ / /

## II. REPLY ARGUMENT

### A. The Conversion Claim Pled Comes within the Subject Matter of Copyright

As alleged, the funds forming the basis of Counterclaimants' conversion claim against Counter-Defendants stem from copyright royalties paid out on account of exploitation of copyrighted Jenni Rivera sound recordings protected under the Copyright Act. Against this backdrop, Counterclaimants argue against preemption by taking aim solely at the "subject matter" element of the preemption analysis. Specifically, Counterclaimants argue that their conversion claim against Counter-Defendants does not involve the same subject matter as their copyright infringement claim because it involves Counter-Defendants' alleged unlawful withholding of overpaid monies owed to Counterclaimants, and is therefore not preempted.

Enforcing a recording agreement (or a copyright license) "raises issues that lie at the intersection of copyright and contract law." *MDY Indus., LLC v. Blizzard Entertainment, Inc*., 629 F.3d 928, 939 (9th Cir. 2010)(quoting *Sun Microsystems, Inc. v. Microsoft Corp*., 188 F.3d 1115, 1122 (9th Cir. 1999). Here, Counterclaimants are not seeking any breach by Counter-Defendants of the recording agreements at issue, but instead seek the return of copyright royalty over-payments they paid out to Counter-Defendants in connection with the Fonovisa License Agreement. Given the subject matter of the Fonovisa License Agreement (a copyright license), and the nature of the over-payment funds at issue (copyright royalties), Counter-Defendants contend that the conversion claim does fall within the subject matter of copyright and should be preempted.

/ / /

/ / /

/ / /

B. **Counter-Defendants' Alleged Refusal to Account for Advances and Royalties from Fonovisa Does Not Supply the Wrongful Act Element Needed to State a Claim for Conversion**

In opposition, Counterclaimants contend that they have met the elements of conversion by alleging a wrongful act stemming from Counter-Defendants refusal "to account to Counterclaimants for other advances and royalties later received from Fonovisa pursuant to the Fonovisa License Agreement, including after Counterclaimants requested an accounting in 2022." ECF Dkt. 61 at ¶ 36. The logical flaw in Counterclaimants argument is the fact that their conversion claim has nothing to do with Fonovisa's direct payments to Counter-Defendants.

As alleged in the First Amended Counterclaims:

"34. Notwithstanding the foregoing, in or about 2009, Jenni requested an adjustment to the Fonovisa License Agreement, pursuant to which the parties agreed that Fonovisa would begin paying 50% of advances and subsequent royalty payments due and owing under the Fonovisa License Agreement *directly* to Jenni, with the remaining 50% (i.e., Ayana's share) paid directly to Ayana. Due to their inadvertent oversight, however, *Counterclaimants continued to pay 50% of what Ayana was receiving* from Fonovia to Jenni. Accordingly, Jenni was simultaneously receiving her entire 50% share of all monies resulting from the exploitation of master recordings recorded pursuant to the 2005 Recording Agreement directly from Fonovisa as well as half of Counterclaimant's 50% share (i.e., an additional 25% from Counterclaimants)."

In an attempt to show a wrongful act on the part of Counter-Defendants to meet the elements of a conversion claim, Counterclaimants **conflate** the issue of

- 4 -
REPLY MEMORANDUM

1  their own error and overpayment of monies they received from Fonovisa to
2  Counter-Defendants with the separate issue of payments made by Fonovisa directly
3  to Counter-Defendants, the former of which establishes the basis of the conversion
4  claim, and, the latter of which is entirely irrelevant to the conversion claim.  Any
5  refusal by Counter-Defendants to account to Counterclaimants for direct payments
6  they received from Fonovisa under the Fonovisa License Agreement has no bearing
7  whatsoever on the alleged overpayments by Counterclaimants forming the basis of
8  the conversion claim. Moreover, any accounting of the funds that Counterclaimants
9  alleged to have overpaid to Counter-Defendants cannot form the basis of any
10 wrongful act by Counter-Defendants because Counterclaimants already know what
11 funds they overpaid – rending such an accounting by Counter-Defendants moot.

On these grounds, Counterclaimants have failed to state a claim for conversion because they have not alleged any wrongful act by Counter-Defendants.

### C. Counter-Defendants Alleged Refusal to Account for Advances and Royalties from Fonovisa Does Not Re-Start the Clock for Statute of Limitations Purposes

Counterclaimants allege that they discovered their own error regarding overpayment of half of Counterclaimant's 50% share (i.e., an additional 25% from Counterclaimants) under the Fonovisa License Agreement in 2013.  In an effort to avoid the conversion claim being time-barred on otherwise obvious statute of limitations grounds, Counterclaimants allege that Counter-Defendants refusal to account to Counterclaimants in or around 2022 regarding all such overpaid amounts still outstanding, constitutes a new, wrongful act of preventing them from recovering all amounts lawfully owed to them.   And, that these new, wrongful acts restart the clock for bringing a conversion claim.  Applying the same logic used in Section II.B., above, this argument makes little sense.

Counterclaimants themselves allege to have overpaid Counter-Defendants half of Counterclaimant's 50% share (i.e., an additional 25% from

- 5 -
REPLY MEMORANDUM

Counterclaimants) under the Fonovisa License Agreement. And, the alleged conversion by Counter-Defendants is their alleged refusal to pay back overpayment amounts made by Counterclaimants. As such, there is no need for any accounting in connection with the conversion claim. Any alleged refusal by Counter-Defendants to account for payments they received directly from Fonovisa is irrelevant to the conversion claim, cannot supply the wrongful act element needed to state a claim for conversion, and cannot be the basis to restart the clock on the statute of limitations for a conversion claim from 2013 to 2022.

### D. The Punitive and Exemplary Damages Sought Rise and Fall with the Conversion Claim

In light of the fact that this Court should dismiss the conversion claim, with prejudice, given the futility of any further amendment by Counterclaimants, so to should it strike the punitive and exemplary damages sought. Neither party has argued that punitive and exemplary damages, pursuant to Cal. Civ. Code § 3336, are available in connection with the remaining copyright infringement claim. As such, punitive and exemplary damages should be stricken.

### III. CONCLUSION

For the foregoing reasons, this Court should grant Counter-Defendants' motion, dismiss the conversion counterclaim, with prejudice, and strike the punitive and exemplary damages sought within the First Amended Counterclaims. Counter-Defendants will file an Answer to the remaining Copyright Infringement claim within 14 days of entry of an order dismissing the conversion claim, with prejudice.

DATED: June 12, 2024          Criterion Counsel, Law Corporation

By: __/s/ Christopher Q. Pham
Christopher Q. Pham, Esq. (*local counsel*)

*Attorneys for Plaintiffs/Counter-defendants*